1
2
3
4
5

SAMUEL R. MAIZEL (SBN 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (SBN 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone:    213 623 9300
Facsimile:    213 623 9924

6
7

Proposed Attorneys for Chapter 11 Debtor and
Debtor In Possession

8

UNITED STATES BANKRUPTCY COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| In re | Case No. 22-02384-11 |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, | Chapter 11 Case |
| Debtor and Debtor In Possession. | **DEBTOR'S APPLICATION TO EMPLOY HOOPER, LUNDY & BOOKMAN P.C. AS DEBTOR'S HEALTHCARE REGULATORY COUNSEL** |
| | **DECLARATION OF JORDAN KEARNEY** |
| | Judge: Honorable Laura S. Taylor |

*DENTONS US LLP*
*601 SOUTH FIGUEROA STREET, SUITE 2500*
*LOS ANGELES, CALIFORNIA 90017-5704*
*(213) 623-9300*

19
20

**APPLICATION**

21         Borrego Community Health Foundation (the "Debtor"), the debtor and debtor

22    in possession in the above-captioned chapter 11 bankruptcy case (the "Case"), hereby

23    submits this application ("Application"), pursuant to § 327(a) of title 11 of the United

24    States Code (the "Bankruptcy Code"),[1] for entry of an order, substantially in the form

25    attached hereto as **Exhibit D**, to employ the law firm of Hooper, Lundy & Bookman,

26    P.C. ("HLB") as its healthcare regulatory counsel, effective as of the Petition Date

27
28

---

[1] All references to "§" or "sections" herein are to sections of the Bankruptcy Code, 11 U.S.C. § 101 et seq., as amended.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1 (defined below), with compensation determined pursuant to §§ 330 and 331 of the
2 Bankruptcy Code.  In support of the Application, the Debtor concurrently herewith
3 submits the Declaration of Jordan Kearney (the "HLB Declaration") and incorporates
4 by reference the previously filed *Declaration of Isaac Lee, Chief Restructuring*
5 *Officer, in Support of Debtor's Emergency First Day Motions* [Docket No. 7] (the
6 "Lee Declaration").  In further support of the Application, the Debtor respectfully
7 submits as follows:

**I.**

**JURISDICTION**

10 The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
11 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of this
12 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**

**STATEMENT OF FACTS**

**A.    GENERAL BACKGROUND**

16 1.    On September 12, 2022 ("Petition Date"), the Debtor filed a voluntary
17 petition for relief under chapter 11 of the Bankruptcy Code.

18 2.    The Debtor is a nonprofit federally qualified health center ("FQHC") that
19 provides health care services to low income and rural patients (collectively,
20 "Patients") in San Diego and Riverside Counties through a system of eighteen clinics,
21 two pharmacies, and six mobile units.  In 2021, the Debtor provided approximately
22 386,000 patient care visits to over 94,000 patients.  The Debtor's services include
23 comprehensive primary care, urgent care, behavioral health, dental services, specialty
24 care, transgender health, women's health, prenatal care, veteran's health, chiropractic
25 services, tele-health, and pharmacy.

26 3.    FQHCs are federally designated entities that receive higher state
27 payments to provide health care services to poor and rural families and families with
28 incomes below 200% of the poverty level.  As an FQHC, the Debtor strives to deliver

1  high quality, comprehensive, compassionate primary health care to people in the

2  surrounding area, regardless of ability to pay.

3      4.    Additional background regarding the Debtor, including an overview of

4  the Debtor's business and additional events leading up to this Case, is set forth in the

5  Lee Declaration.

6      5.    Since the commencement of the Case, the Debtor has been operating its

7  business as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy

8  Code.

9      6.    On September 26, 2022, the Office of the United States Trustee

10  appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket

11  No. 49].

**B.**    **RELEVANT BACKGROUND TO THE APPLICATION**

13      7.    Prior to the commencement of the Case, HLB advised the Debtor in

14  connection with healthcare regulatory and other related matters, including in

15  connection with its dispute, and settlement agreement, with the California Department

16  of Health Care Services.  Pursuant to § 327(a) of the Bankruptcy Code, the Debtor

17  now desires to have HLB continue representing in in its Case as its healthcare

18  regulatory counsel.

19      8.    The Debtor requires the continued services of healthcare regulatory

20  counsel in order to remain in operation while in chapter 11.  A true and correct copy

21  of the engagement agreement by and between the Debtor and HLB is attached to the

22  HLB Declaration as **Exhibit A** (the "Engagement Agreement").

23      *i.*    ***Proposed Retention of HLB***

24      9.    As set forth above, it is and has been necessary and essential that the

25  Debtor employ HLB to provide legal services in this Case, including, but not limited

26  to, ensuring that the Debtor remains in compliance with applicable healthcare laws

27  and regulations, as well as any administrative rules set by applicable governmental

28  agencies, and representing it in connection with its dispute with the California

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Department of Healthcare Services ("DHCS"), as more fully described in the Lee Declaration. *See also Borrego Community Health Foundation v. California Department of Health Care Services (In re Borrego Community Health Foundation)*, Adv. Pro. No. 22-90056 (Bankr. S.D. Cal.).

10.    The Debtor proposes to retain multiple professionals in this Case. Each retention is necessary to the success of this chapter 11 process and there will be no duplication of services.

### ii.    *Proposed Compensation of HLB*

11.    The Debtor desires to employ HLB on an hourly basis. HLB will submit for the approval of the Court periodic fee applications and requests for authorization for payment of fees and costs in accordance with fee application procedures as may be approved in the Case based upon the normal hourly rates of the attorneys and paraprofessionals who provide services in this matter. HLB agrees not to accept compensation for services rendered in this Case except upon order of the Court in accordance with fee application procedures as may be adopted in this Case after noticed hearing. The current hourly rates for attorneys and paraprofessionals of HLB expected to work on this matter are reflected in the HLB Declaration.

### iii.    *HLB's Qualifications*

12.    The Debtor has selected HLB and its lawyers because of their extensive experience in the healthcare regulatory arena. HLB routinely represents healthcare facilities in connection with their dealings with regulatory agencies, in litigation, and in other related matters. The Debtor submits that the ability to draw on such experience makes HLB especially qualified to serve as its healthcare regulatory counsel. A copy of HLB's "Firm Resume" is attached to the HLB Declaration as **Exhibit C**.

### iv.    *HLB's Rule 2016 Disclosure Statement and Retainer*

13.    Prior to the Petition Date, HLB advised the Debtor in connection with healthcare regulatory and other related matters, including in connection with its

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7266514.3
US_ACTIVE\122308136\V-4

4

dispute, and settlement agreement, with the California Department of Health Care Services.  A Disclosure of Compensation of Attorney for Debtor ("Disclosure Statement") has been separately submitted, and is attached to the HLB Declaration as **Exhibit B**.  In the year prior to the Petition Date, the Debtor paid HLB a total of $1,925,637.10 in fees and costs for various pre-petition healthcare regulatory legal services, including tasks associated with pending and threatened litigation.  In addition, HLB is holding a retainer for services to be provided from and after the Petition Date of $255,078.39.  This retainer remains on deposit in HLB's client trust account.

### v.    *Disclosure of HLB's Relationships with Debtor*

14.    To the best of HLB's knowledge, none of the partners, associates or paraprofessionals of HLB have any connection with the Debtor, other than as disclosed in the HLB Declaration.  To the best of its knowledge, HLB does not presently represent any interest adverse to the Debtor in regard to the matters with which it is to be employed in this Case.

15.    At this time, only the disclosures in the HLB Declaration have been identified as potential disclosures regarding the Debtor.  The Debtor shall obtain outside counsel to represent the Debtor if legal representation is required and as applicable.

### vi.    *HLB's Connections with Potential Claimants*

16.    Pursuant to Bankruptcy Rule 2014(a), HLB must disclose in this Application the connections between it and the Debtor and any potential conflicts of interest.  Those connections are disclosed in the HLB Declaration and will be supplemented as needed.

17.    From time to time, attorneys at HLB have represented parties in unrelated matters, who also have claims against the Debtor.

18.    In any case where an HLB attorney currently is representing a party in an unrelated matter, who also asserts a claim against the Debtor, if legal representation

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

is required, that matter shall be referred to an outside attorney who shall represent the Debtor.

19.    In any case where an HLB attorney previously has represented a party who is asserting a claim against the Debtor, a waiver from both the Debtor and the claimant shall be sought.  If obtained, HLB attorneys will represent the Debtor.  If waivers are not obtained, outside counsel shall be obtained who shall represent the Debtor.

20.    In no case will an HLB attorney represent anyone against the Debtor.

### *vii.    Representations and Disclosures Pursuant to Bankruptcy Rule 2014*

21.    HLB has not received any lien or other interest in property of the Debtor or of any third party to secure payment of HLB's fees or expenses in this Case.

22.    HLB has no prepetition claim against the Debtor.

23.    HLB has neither shared nor agreed to share any of the compensation it receives from this Case with any person other than to share this compensation among its partners, associates and employees.

24.    HLB is not a creditor, an equity security holder or an insider of the Debtor.

25.    Neither HLB nor any member of HLB has ever been a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

26.    To the best of HLB's knowledge, except as set forth in the HLB Declaration, HLB does not hold or represent any interest materially adverse to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

27.    Neither HLB nor any of its shareholders, associates, or employees has any interest in or connection with the Debtor, any creditors of the Debtor, the Office of the United States Trustee, any person employed by the Office of the United States

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Trustee, or any other party in interest, including their respective attorneys and accountants.

28.    In addition, no shareholder or employee of HLB holds or represents any interest adverse to the Debtor's estate, and HLB in "disinterested" within the meaning of § 327(a) of the Bankruptcy Code.  Notwithstanding the foregoing, HLB may represent certain parties-in-interest in matters wholly unrelated to the Debtor or the Case.

### viii.    Representations an Disclosures Pursuant to UST Guidelines

29.    HLB will comply with the guidelines for "large" chapter 11 cases, as set forth in *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*.

### III.

### DISCUSSION

Section 327(a) of the Bankruptcy Code authorizes a debtor-in-possession, with Court approval, to employ one or more professionals, including legal professionals, to aid it in carrying out its duties under the Bankruptcy Code.  *See* 11 U.S.C. § 327(a).  As set forth above, the Debtor requires the continued services of healthcare regulatory counsel in order to remain in operation while in chapter 11.  Without competent healthcare regulatory counsel, the Debtor would be at risk of violating important governmental regulatory standards, thereby exposing the Debtor to significant risk, including potential shut-down.  Such a scenario would endanger the very business the Debtor seeks to rehabilitate.  The Debtor requires the services of HLB particularly with respect to its dispute with DHCS.  As such, it is imperative that the Debtor be authorized to retain healthcare regulatory counsel.  The Debtor seeks to employ and retain HLB as its healthcare regulatory counsel pursuant to § 327(a) of the Bankruptcy Code, on the terms set forth herein, in the HLB Declaration, and in the Engagement Agreement, and to compensate HLB in accordance with § 330(a) of the Bankruptcy

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Code, as set forth herein, in the HLB Declaration, and in the Engagement Agreement. As set forth herein and in the HLB Declaration, HLB is well-positioned to serve as the Debtor's healthcare regulatory counsel in this Case, and the Debtor respectfully requests that the relief requested herein be approved.

## IV.

## COMPLIANCE WITH THE LOCAL RULES

Pursuant to Rule 2014-1(a) of the Local Bankruptcy Rules and Administrative Procedures for the United States Bankruptcy Court for the Southern District of California (the "Local Rules"), this Application is filed within 30 days from the Petition Date and is supported by a sworn statement of disinterestedness, contained in the HLB Declaration. Pursuant to Local Rule 2014-1(c), the Debtor has submitted this Application to the Office of the United States Trustee as provided in Local Rule 9034-1. The Debtor has also provided notice of this Application to the parties appearing on the Proof of Service relating to this Application. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required. Pursuant to Local Rule 2014-1(d), a copy of the Engagement Agreement, which provides for the retainer discussed above, is attached hereto as **Exhibit A**.

## V.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing HLB's appointment as healthcare regulatory counsel to the Debtor, effective as of the Petition Date, pursuant to § 327(a) of the Bankruptcy Code, with compensation determined pursuant to §§ 330 and 331 of the Bankruptcy Code, upon the terms and condition set forth in the Engagement Agreement, and (ii) granting such other and further relief warranted under the circumstances.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Dated: October 12, 2022                         BORREGO COMMUNITY HEALTH
2                                                     FOUNDATION

3                                                     By: _____
4                                                          Isaac Lee
5                                                          Chief Restructuring Officer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7266514.3
US_ACTIVE\122308136\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF JORDAN KEARNEY</u>

I, Jordan Kearney, submit this Declaration in support of the *Debtor's Application to Employ Hooper, Lundy & Bookman P.C. as Debtor's Chapter 11 Bankruptcy Counsel* (the "<u>Application</u>"), and hereby state and declare as follows:

1.      I am an individual over the age of majority and am competent to testify as to the facts set forth in this declaration.  If called upon to testify, I could and would testify to the facts set forth herein.  I am authorized by the Debtor to submit this declaration.

2.      I am an attorney at law, and am admitted to practice in the State of California.  I am a partner with the law firm of Hooper, Lundy & Bookman P.C. ("<u>HLB</u>").  I am authorized to make this declaration on behalf of HLB.

3.      Prior to the commencement of the Case, HLB advised the Debtor in connection with healthcare regulatory and litigation matters and other related matters, including in connection with its dispute, and settlement agreement, with the California Department of Health Care Services.  Pursuant to § 327 of the Bankruptcy Code, the Debtor now desires to have HLB continue representing in in its Case as its healthcare regulatory and litigation counsel.  The Debtor requires the continued services of healthcare regulatory and litigation counsel in order to remain in operation while in chapter 11.  The Debtor requires the continued services particularly with respect to its dispute with the California Department of Healthcare Services ("<u>DHCS</u>") and in litigation against former trustees, officers, and contract dentists, as more fully described in the Lee Declaration.  *See also Borrego Community Health Foundation v. California Department of Health Care Services (In re Borrego Community Health Foundation)*, Adv. Pro. No. 22-90056 (Bankr. S.D. Cal.).  A true and correct copy of the engagement agreement by and between the Debtor and HLB is attached as **Exhibit A** (the "<u>Engagement Agreement</u>").

4.      The Debtor selected HLB and its lawyers because of their extensive experience in the healthcare regulatory arena.  HLB routinely represents healthcare

facilities in connection with their dealings with regulatory agencies and other related matters.  The ability to draw on such experience makes HLB especially qualified to serve as its healthcare regulatory counsel.  A copy of HLB's "Firm Resume" is attached as **<u>Exhibit C</u>**.  The current hourly rates charged to the Debtor for attorneys and paraprofessionals of HLB expected to work on this matter are:

      a.  Partners: $700 - $1,135

      b.  Associates: $380 - $865

      c.  Paralegals: $350 - $475

5.     HLB will work with the other professionals retained by the Debtor in this Case to ensure there is no duplication of services.

6.     As discussed above, prior to the commencement of this Case, the Debtor engaged HLB to advise it in connection with its healthcare regulatory issues and other related matters with various governmental agencies, all as more fully described in the Lee Declaration.  A Disclosure of Compensation of Attorney for Debtor ("<u>Disclosure Statement</u>") has been separately submitted, and is attached as **<u>Exhibit B</u>**.  Prior to the commencement of this Case, the Debtor paid HLB a total of $1,925,637.10 in fees and costs for various pre-petition legal services, including tasks associated with pending and threatened litigation, and well as tasks related to the filing of this Case, including the Debtor's first day motions and related activities.  In addition, HLB is holding a retainer for services to be porovided from and after the Petition Date of $255,078.39.  This retainer remains on deposit in HLB's client trust account.

7.     Neither HLB nor any of its shareholders, associates, or employees has any interest in or connection with the Debtor, any creditors of the Debtor, the Office of the United States Trustee, any person employed by the Office of the United States Trustee, or any other party in interest, including their respective attorneys and accountants.  In addition, no shareholder or employee of HLB holds or represents any interest adverse to the Debtor's estate, and HLB in "disinterested" within the meaning of § 327(a) of the Bankruptcy Code.  Notwithstanding the foregoing, HLB may

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

represent certain parties-in-interest in matters wholly unrelated to the Debtor or the Case.

8.      To the best of HLB's knowledge, none of the partners, associates, or paraprofessionals of HLB have any connection with the Debtor, other than as disclosed herein.  To the best of its knowledge, HLB does not presently represent any interest adverse to the Debtor in regard to the matters with which it is to be employed in this Case.

9.      At this time, only the disclosures herein have been identified as potential disclosures regarding the Debtor.  The Debtor shall obtain outside counsel to represent the Debtor if legal representation is required and as applicable.

10.     Pursuant to Bankruptcy Rule 2014(a), HLB must disclose the connections between it and the Debtor and any potential conflicts of interest.  Those connections are disclosed herein, and will be supplemented as needed.

11.     From time to time, attorneys at HLB have represented parties in unrelated matters who also have claims against the Debtor.

12.     In any case where an HLB attorney currently is representing a party in an unrelated matter, who also asserts a claim against the Debtor, if legal representation is required, that matter shall be referred to an outside attorney who shall represent the Debtor.

13.     In any case where an HLB attorney previously has represented a party who is asserting a claim against the Debtor, a waiver from both the Debtor and the claimant shall be sought.  If obtained, HLB attorneys will represent the Debtor.  If waivers are not obtained, outside counsel shall be obtained who shall represent the Debtor.

14.     In no case will an HLB attorney represent anyone against the Debtor.

15.     HLB has not received any lien or other interest in property of the Debtor or of any third party to secure payment of HLB's fees or expenses in this Case.

16.     HLB has no prepetition claims against the Debtor.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

17.     HLB has neither shared nor agreed to share any of the compensation it receives from this Case with any person other than to share this compensation among its partners, associates and employees.

18.     HLB is not a creditor, an equity security holder or an insider of the Debtor.

19.     Neither HLB nor any member of HLB has ever been a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

20.     To the best of HLB's knowledge, except as set forth herein, HLB does not hold or represent any interest materially adverse to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

21.     Neither HLB nor any of its shareholders, associates, or employees has any interest in or connection with the Debtor, any creditors of the Debtor, the Office of the United States Trustee, any person employed by the Office of the United States Trustee, or any other party in interest, including their respective attorneys and accountants.

22.     In addition, no shareholder or employee of HLB holds or represents any interest adverse to the Debtor's estate, and HLB in "disinterested" within the meaning of § 327(a) of the Bankruptcy Code.  Notwithstanding the foregoing, HLB may represent certain parties-in-interest in matters wholly unrelated to the Debtor or the Case.

23.     HLB will comply with the guidelines for "large" chapter 11 cases, as set forth in *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    I declare under penalty of perjury that, to the best of my knowledge and after

2  reasonable inquiry, the foregoing is true and correct.

3

4  Dated: October 12, 2022                    HOOPER, LUNDY & BOOKMAN P.C.

5

6                                             By: _____

7                                                 Jordan Kearney
                                                   Partner
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT A

**(Engagement Agreement)**

HOOPER, LUNDY & BOOKMAN, P.C.

WRITER'S DIRECT DIAL NUMBER:
310-551-8103

WRITER'S E-MAIL ADDRESS:
TCAMMARANO@HEALTH-LAW.COM

HEALTH CARE LAWYERS & ADVISORS
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TELEPHONE (310) 551-8111
FACSIMILE (310) 551-8181
WEB SITE: WWW.HEALTH-LAW.COM

OFFICES ALSO LOCATED IN
SAN DIEGO
SAN FRANCISCO
WASHINGTON, D.C.
BOSTON

July 18, 2018

Mikia Wallis, J.D.
Executive President
and Chief Legal Officer
Borrego Health
P.O. Box 2369
Borrego Springs, CA 92004

Re:   Legal Engagement

Dear Ms. Wallis:

We are pleased that you would like Hooper, Lundy & Bookman, P.C. to provide Borrego Health ("Borrego") with the legal services that we recently discussed relating to a transition in the Borrego executive leadership team. This letter is to confirm our recent discussions and agreement as to the terms upon which we agree to provide those and future legal services to Borrego.

Primary responsibility for Borrego's representation will be retained by me; however, all of the resources of the firm will be available to Borrego. Because Borrego is a nonprofit organization with a community focused mission, my usual rate for new clients of $930 per hour will be discounted to $850 for this project. I will involve other attorneys in Borrego's work where it is appropriate and cost-effective. Borrego will be kept informed of our progress, and we will utilize our best efforts to respond as promptly as possible to Borrego's inquiries. Likewise, we need to be kept informed of developments that Borrego becomes aware of, and to ensure that it is available when we need its assistance.

It is our practice to require retainers from our clients before commencing work, and our minimum initial retainer amount is $7,500. We will begin work upon receipt of this initial retainer. This retainer will be applied by us to billings for legal services on the initial and/or any subsequent work we undertake for Borrego. When it has been exhausted we may require Borrego to provide us with a further retainer. Any such monies not utilized at the termination of our work for Borrego would, of course, be promptly returned to Borrego.

Our fees are based upon the number of attorney hours devoted to a client's matters, and the then-existing hourly rates for the personnel involved. At present, our hourly rates range from $770 to $995 for principals in the firm, from $700 to $770 for senior counsel, from $400 to $770

5653017.1

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS & ADVISORS

Mikai Wallis, J.D.
Executive President
and Chief Legal Officer
Borrego Health
July 18, 2018
Page 2

for associates, from $350 to $410 for paralegals, and $190 to $200 for litigation support. Our hourly rates may be adjusted periodically. In addition to our fees, we also charge for expenses incurred by us on your behalf. These expenses include, but are not limited to, long distance telephone calls, document processing, photocopying, facsimile, delivery costs and travel expenses.

We will provide Borrego with a detailed statement on a monthly basis, covering our current fees and expenses. It will describe services rendered, and will also show the amount of Borrego's retainer remaining in our trust account or the amount owing to us. Please feel free to contact me, at any time, if Borrego has any question concerning your statement.

We require that our clients satisfy their accounts within 10 days of receiving our statements.

Borrego may terminate our firm's services at any time, upon notice to us. Borrego's termination of our services does not affect your responsibility for payment of legal services rendered and expenses incurred before termination and in connection with an orderly transition of the matter. Similarly, we reserve the right to terminate our services upon notice to Borrego if we determine that to continue would not be in the best interests of either of us, or if fees are not paid on a timely basis.

## Agreement to Arbitrate and Mediate

In the event of any disputes between the parties to this Retainer Agreement over professional services rendered, the parties agree to resolve all such disputes through binding arbitration in Los Angeles County before a retired judge of the Los Angeles County Superior Court pursuant to the provisions of California Code of Civil Procedure § 1280, et seq., and the Federal Arbitration Act. Such retired judge shall be selected by mutual agreement of the parties within 15 days of a demand for arbitration by any party. If the parties are unable to select an arbitrator through mutual agreement, an arbitrator shall be designated by the Los Angeles County Superior Court upon petition to that court by any party. The parties agree that speed and cost effectiveness of such arbitration are important to all parties to this agreement, and agree that any such arbitration shall be concluded within 120 days of the date of selection of the arbitrator. The parties also agree that prior to the arbitration, they shall engage in mediation pursuant to a mutually acceptable mediator, to be selected within 15 days of the date of the request for arbitration. If the parties are unable to agree upon a mediator within 15 days of the date of a demand for arbitration by any party, the mediator may be designated by the Los Angeles County Superior Court upon petition by any party. The mediation shall be completed within 60 days of

HOOPER, LUNDY & BOOKMAN, P.C.

HEAL I IA CARE LAWYERS & ADVISORS

Mikai Wallis, J.D.
Executive President
and Chief Legal Officer
Borrego Health
July 18, 2018
Page 3

the designation of a mediator.  The parties shall share the costs of the arbitrator and the mediator, and each party shall beat its own attorneys' fees for both the mediation and the arbitration,

Notwithstanding the foregoing, in the event of an action by this firm to collect fees, Business and Professions Code § 6201 permits Borrego to request non-binding arbitration through the local Bar Association, and if either party is unsatisfied with the outcome of the non-binding arbitration, they have the right to request a *trial de novo* in the Court.  With respect to any action or proceeding by this firm to collect fees, Borrego may elect within 30 days of notice of a demand for arbitration by this firm whether to proceed in accordance with the provisions for binding arbitration or whether to proceed in accordance with the procedures set forth in Business and Professions Code § 6201. If Borrego does not, the resolution of any such dispute will proceed in accordance with the mediation and arbitration language set forth in the preceding paragraph.

Once, again, we appreciate your confidence in us and look forward to a mutually beneficial and productive working relationship with Borrego. Please sign the enclosed copy of this letter and return it to us signifying Borrego's understanding of, and agreement to, these terms.

Very truly yours,

Ten i Wagner Cammarano

TWC/sdh

Borrego Health hereby agrees to retain HOOPER, LUNDY & BOOKMAN,   .C. in accordance with the terms set forth above.

Dated:  7/31/18                        By:

Mikia Wallis:1D., Executive President
and Chief Legal Officer
For:            Borrego Health

# <u>EXHIBIT B</u>

## (Disclosure Statement)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

<u>    Southern    </u>   District Of   <u>    California    </u>

**In re**

Borrego Community Health Foundation

Case No.  <u>  22-02384-11  </u>

**Debtor and Debtor in Possession**

Chapter  <u>11</u>

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept:         Payment of firm's hourly rate subject to fee application per 327/330.

Prior to the filing of this statement I have received ................................................ $   <u>  1,925,637.10  </u>

Balance Due..................................................................................................... $   <u>   0.00   </u>

2.   The source of the compensation paid to me was:

☒ Debtor            ☐ Other (specify)

3.   The source of compensation to be paid to me is:

☒ Debtor            ☐ Other (specify)

4.   ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2030 (Form 2030) (12/15)

a.    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

b.    [Other provisions as needed]

Representation of the debtor in healthcare regulatory and other related matters and in pending or threatened litigation.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

   ___October 12, 2022___
*Date*                                        *Signature of Attorney*

   Hooper, Lundy & Bookman, P.C.
_____
                  *Name of law firm*



American LegalNet, Inc.
www.FormsWorkFlow.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>EXHIBIT C</u>

**(Firm Resume)**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300



## FIRM AT A GLANCE

Meeting the Legal and Government Relations Needs of the Health Care Industry

### Health Law

Hooper, Lundy & Bookman is the largest law firm in the country dedicated solely to the representation of health care providers and suppliers. With offices in Boston, Denver, Los Angeles, San Diego, San Francisco, and Washington, D.C., we have a national presence representing clients in all 50 states before federal and state agencies, county authorities, and local health districts. We have won more than $1 billion for health care providers from government and private payors and have more years of Medicare and Medicaid experience than any other firm in the country. As a mid-sized firm, we offer a powerful combination of expertise and flexibility that has proven effective serving national health systems as well as individual and regional providers and provider groups. Our interdisciplinary team of regulatory, reimbursement, corporate, litigation, and transactional attorneys work together to provide individual attention to our clients and a holistic, seamless approach to solving your toughest legal issues.

### Practice Areas

#### Regulatory Counsel

Our practice is nationally known for its successful representation of providers in actions involving Medicare and Medicaid and has represented health care systems in some of the largest investigations in this country's history. Our regulatory attorneys focus on third-party payment matters, primarily on Medicare and Medicaid, licensing, certification, and accreditation issues. We also advise clients regarding the impacts of the Affordable Care Act; civil and criminal fraud and abuse matters; mergers and acquisitions; financings; HIPAA; peer reviews; medical staffing and quality of care; and patient consent issues. Our attorneys are regularly involved in representing clients in administrative proceedings before state and federal courts, as well as the U.S. Supreme Court.

## 65 Attorneys and Government Relations Professionals Nationwide

**Specializing in Health Law**

## 6 Office Locations

**Representing clients in all 50 states**



---

**HOOPER, LUNDY & BOOKMAN, P.C.**

BOSTON, DENVER, LOS ANGELES, SAN DIEGO, SAN FRANCISCO & WASHINGTON DC
www.health-law.com

7219361.1

**Corporate Services**

Our corporate practice focuses on transactions and advice involving health care entities, including: affiliations, mergers and acquisitions; financing transactions; joint ventures; hospital-physician contracts and relationships, including physician payment reform-MACRA; managed care contracts and issues; construction projects; real estate transactions; and non-profit taxation issues. We have represented either the buyer or seller in more than 50 percent of the hospital mergers and acquisitions in California in the past nine years. Our corporate attorneys are also nationally recognized for their expertise regarding a variety of business, operational and regulatory compliance issues, including fraud and abuse, Stark and anti-kickback issues, and often act as outside general counsel for our clients, providing ongoing representation and assistance with a wide variety of day-to-day contracting, regulatory and other legal matters.

**Litigation and Investigations**

Our litigators have extensive experience in contract disputes, torts, civil rights, employment disputes, breach of contract, wrongful termination, sexual harassment, discrimination, wage and hour disputes, medical staff disputes, real estate actions, trade secret actions, unfair competition suits, disputes with health plans, ERISA, fraud claims, whistle-blower (qui tam) actions, administrative measures and hearings, and defense of criminal investigations and prosecutions. Our litigators are known for employing creative strategies that often halt or reduce the scope of litigation while always working closely with the client to determine the appropriate course of action to meet their needs. Our firm has handled numerous class actions on behalf of health care providers. Our litigation practice also includes representation of numerous non-profit agencies providing community-based mental health treatment, as well as residential and foster care.

**FIRM ACCOLADES**

We have been recognized as a top law firm by Chambers and Partners, and our lawyers have been named in Best Lawyers®, Super Lawyers®, and as Legal Rising Stars.

**Government Relations**

Our government relations team has far-reaching experience working with Congress and the Executive Branch. The team not only provides knowledge and access in Washington but also develops and executes detailed public policy and regulatory strategies.

## Reputation for Service Excellence

As a mid-sized firm, we are able to provide our clients with the individual attention needed to address any matter efficiently. At the same time, we have the expertise to handle the largest and most complex health care matters.

- Industry Leaders
- Trusted Advisors
- Cost-Effective Expertise

## Types of Services

- Accountable Care/Hospital-Physician Integration
- Administrative Law
- Alternative Dispute Resolution
- Antitrust and Unfair Business Practices
- Behavioral Health & Community-Based Care
- Business Transactions
- Compliance
- Digital Health and Health Care Technology
- False Claims Act
- Financing
- Fraud & Abuse, Stark, Anti-Kickback Counseling
- Government Relations & Public Policy
- Health Care Financial Restructuring
- Health Information Privacy & Security
- IPAs
- Life Sciences
- Litigation, Mediation, Arbitration
- Managed, Post-Acute, and Long-Term Care
- Medical Foundations
- Medical Staff Operations & Disputes
- Medicare and Medicaid Reimbursement
- Mergers & Acquisitions
- Pharmaceuticals
- Provider & Supplier Operations
- Public Agency Law
- Real Estate
- Reproductive Health
- Value-Based Arrangements
- White Collar Criminal Defense





# JOSEPH R. LAMAGNA

Partner

| Boston | San Diego |
| --- | --- |
| 470 Atlantic Avenue | 101 W. Broadway |
| Suite 1201 | Suite 1200 |
| Boston, MA 02210 | San Diego, CA 92101 |
| T: 617.532.2703 | T: 619.744.7305 |
| jlamagna@health-law.com | |

**PRACTICES**

Accountable Care/Hospital-Physician Integration

Compliance

Litigation, Mediation, Arbitration

Managed Care

Medicare, Medicaid, Other Governmental Reimbursement & Payment

Post-Acute and Long-Term Care Services & Supports

Public Agency Law

Reproductive Health

**EDUCATION**

Cornell University, B.S., 2003

University of San Diego School of Law, J.D., 2006, *cum laude*

**BAR ADMISSIONS**

2006, California

Joe LaMagna is a partner at Hooper, Lundy, & Bookman, P.C. and has spent his entire legal career advising health care providers in a wide range of regulatory compliance issues and litigation proceedings. He is also co-chair of the firm's Fraud & Abuse Practice Group. His experience has been wide-ranging but always on behalf of providers, suppliers, and practitioners. He is a litigator with a regulatory compliance foundation who has been through trial, arbitrations, mediations, and several administrative hearings and appeals. Over the years, his experience has become focused on three major areas:

1. Litigation and defense of audits and government investigations,
2. Representing hospitals and other providers in payment disputes with managed care entities and other payors, and
3. Guiding post-acute care providers, such as skilled nursing facilities, home health, and hospice providers, in regulatory litigation and compliance matters.

Mr. LaMagna received his B.S. degree in Industrial and Labor Relations from Cornell University in 2003. He received his J.D. degree, *cum laude*, from the University of San Diego School of Law in 2006, and was a member of the San Diego International Law Journal. Mr. LaMagna joined Hooper Lundy & Bookman in 2007.

## Representative Matters

Joe's clients have benefited from his expertise in variety of areas ranging from complex civil litigation and administrative matters, to compliance counseling, investigation guidance, and other legal issues arising from the operations of health care providers. Representative matters for Joe include:



## Joseph R. LaMagna

### Compliance

- Provided fraud and abuse training and education to multiple diagnostic laboratory companies, home health providers, and skilled nursing facilities
- Reviewed proposed business arrangements between providers and marketers for risks and exposure under state and federal law

### Administrative Law and Hearings

- Appeared in hearings involving the California Board of Pharmacy, the California Department of Health Care Services, the California Department of Public Health, and before both the Office of Administrative Hearings and Appeals ("OAHA"), the Office of Administrative Hearings ("OAH"), and the Departmental Appeals Board ("DAB")
- Successfully Defended Pharmacy in a hearing seeking revocation of its license
- Successfully represented skilled nursing facility through hearing in its efforts to receive reimbursement for costs associated with an related entity
- Currently representing a hospice provider in the longest administrative hearing in history before the OAHA (more than 34 days of hearing thus far)
- Represented several skilled nursing facilities before the DAB to challenge survey deficiencies

### Litigation

- Managed Care Disputes:

- Co-chaired a 24-day arbitration involving over 340 claims, securing a favorable decision on all but 7 claims, recovering more than $6.5 million for a hospital network against a national insurer and third party administrator
- Recovered millions of dollars through negotiations and demand letters, including underpaid trauma claims

- Represented hospitals in disputes with state hospitals securing recovery of millions of dollars of underpayments
- Successfully defeated motions to dismiss on ERISA preemption grounds, making it possible for favorable resolution and payment of millions of dollars through mediation and settlement negotiations

- Successfully challenged state underground regulations in state court

- Second-chaired and successfully defended skilled nursing provider in a five-day trail initiated by a former patient for alleged unlawful discharge and seeking readmission
- Successfully opposed motion to certify a class in litigation brought by an uninsured patient alleging that hospitals illegally charged uninsured patients chargemaster rates
- Handled dozens of lawsuits to challenge A and AA state citations against skilled nursing facilities



| Joseph R. LaMagna |
|---|

- Negotiated class action settlement alleging violation of patient rights
- Filed writ to challenge exclusion of non-provider practitioners
- Successfully challenged illegal recovery of Quality Assurance Fees by the State of California
- Many successful mediations and settlement negotiations

**Responding to Audits and Investigations**

- Represented several pharmacies in responding to audits initiated by pharmacy benefits managers ("PBMs")
- Appeared at PBM hearings regarding termination from network
- Represented dozens of SNFs in rate audits by DHCS
- Handled dozens of subpoenas, including third party subpoenas, HHS OIG subpoenas, DOJ CIDs, and Department of Defense Tricare subpoenas, involving SNFs, hospitals, and pharmacies
- Met with various OIG and DOJ attorney regarding investigation findings and settlement demands
- Represented clients while government executed search warrants, including skilled nursing and ambulance providers
- Successfully asserted federal Quality Assurance Privilege in state court to stop review of seized electronic data seized pursuant to a search warrant
- Facilitated dozens of self-disclosures and repayment negotiations, including disclosures the OIG, DHCS, TriCare, and Medicare
- Led internal investigations for alleged resident abuse, patient deaths, false claims, and kickback arrangements
- Defended grand jury subpoenas and proffer negotiations with U.S. Attorney's Office
- Successfully secured motion to stay civil lawsuit while underlying criminal investigation of SNF continued
- Successfully secured motion to stay audit appeal proceedings while criminal investigation of pharmacy continued
- Currently defending pharmacy and its owner in state court for an alleged criminal kickback scheme

**E-Discovery**

- Extensive experience with e-discovery protocols, cost-shifting, and e-discovery review platforms, which leads to cost-effective and efficient responses to subpoena and discovery demands
- Supervised team of more than ten attorney-reviewers in ensuring assertion of privileged documents and challenging breadth of inquiries



## Joseph R. LaMagna

## Professional Affiliations

- American Health Lawyers Association
- California Society for Healthcare Attorneys
- American Bar Association (Health Law Section)
- San Diego County Bar Association (Law and Medicine Section)
- BIOCOM (Reimbursement Committee)

## Community/Civic Activities

- Volunteered with San Diego Legal Aid Society and represented individuals in hearings to appeal denials of applications for public health benefits such as Medi-Cal and County Medical Services. (Recipient of California State Bar's Wiley W. Manuel Award for *pro bono* service 2009-2010.)

## Honors & Awards

- *Super Lawyers*® Southern California Rising Star, 2015-2016 and 2021

## Presentations & Speaking Engagements

HLB 2019 Managed Care Update Seminar
October 22, 2019 – The LA Grand Hotel Downtown, Los Angeles, CA; October 23, 2019 - Hotel Shattuck Plaza, Berkeley, CA

The First Half is In the Books — What's In Store for the Rest of 2019
Webinar, July 9, 2019

CAHF's Annual RAP Session and Trade Show
San Diego, CA, April 18, 2019

The First Quarter is In the Books — What's In Store for the Rest of 2019
Webinar, April 9, 2019

Hooper, Lundy & Bookman, P.C. and FTI Consulting, Inc. Present: 2017 Health Care Fraud & Abuse Update Seminar
Los Angeles, CA, October 5, 2017

Hooper, Lundy & Bookman's 2017 California Managed Care Update - Los Angeles
The Potential Impact of Health Reform, Changing Provider Contracts and Regulation on Managed Care Providers
Berkeley: August 22, 2017 Los Angeles: August 24, 2017



Joseph R. LaMagna

Hooper, Lundy & Bookman 2017 California Managed Care Update - Berkeley
The Potential Impact of Health Reform, Changing Provider Contracts and Regulation on Managed Care Providers
DoubleTree by Hilton Hotel, Berkeley Marina, August 22, 2017

MasterCare Services Annual Seminar
Universal City, CA, March 16, 2017

CHA Annual Hospital Compliance Seminar
Long Beach Feb. 3; Sacramento Feb. 10, February 2015

CHA Annual Compliance Seminar, Sacramento, Long Beach
February 13, 2014

- *Employment Law Constraints on Social Networking Prohibitions*; Hospital Council of Northern & Central California Educational Program (2011)

- *Admissions: Key Issues and Practices*; California Association of Health Facilities (CAHF) Spring Legislative Conference (2011).

- *Understanding and Complying with the Complex Regulatory Environment to Minimize Exposure to Liability While Sustaining Strong Relationships with Thought Leaders*; ExL Pharma's 5th MSL Best Practices (2009).

## News

Clinical Labs: Vital Part of the COVID-19 Response and Now the Focus of Government Scrutiny
June 29, 2022

Hooper, Lundy & Bookman Celebrates 35 Years!
June 17, 2022

HLB Attorneys Author False Claims in Healthcare
September 1, 2021

Hooper, Lundy & Bookman Congratulates 2021 San Diego Super Lawyers
March 31, 2021

DHCS 340B Drug Pricing Self-Audit Requests
August 24, 2020

Hooper, Lundy & Bookman Ranked in the 2020 Edition of US News/Best Lawyers in America Best Law Firms
November 2, 2019

Hooper, Lundy & Bookman Named To American Bar Association's Health Law Top 10 List
October 1, 2019



### Joseph R. LaMagna

MOB Leases With Unusual Terms Withstand Appraiser Whistleblower Claims
August 19, 2019

Top Patent Litigator Drew Woodmansee Joins Hooper, Lundy & Bookman as Head of IP Practice
August 5, 2019

Hooper, Lundy & Bookman Launches Webinar Series with Focused Discussions on Post-Acute Care Partnerships
May 8, 2019
*PRNewswire*

Hooper Lundy & Bookman Recognized Among the Top Health Law Firms in the United States by *Chambers USA*
April 25, 2019

A New Rush of Class Action Suits Attacking Hospital Emergency Room Level Charges
March 1, 2019

Hooper, Lundy & Bookman Promotes Five Partners and One Senior Counsel
January 11, 2019

Hooper, Lundy & Bookman Opens Boston Office
January 18, 2017

HLB Announces Promotions
December 17, 2015

What Health Care Providers Need to Know Today About Newly-Proposed Medicaid Managed Care Regulation
June 5, 2015

HLB Promotes Three Attorneys to Senior Counsel, Names New Co-Chair of the firm's Regulatory Department
January 9, 2015

Spinedex Decision Addresses Payor-Provider Dispute Issues
November 17, 2014

## Health Law Perspectives

Health Law Perspectives, June 2019
June 20, 2019

Health Law Perspectives, February 2019
March 27, 2019



## Publications

*Screening for Excluded Providers*; Chapter 13 of the California Hospital Association (CHA) Hospital Compliance Manual (Rev. 2011).

*Special Report: HR1 – The American Recovery and Reinvestment Act;* Health Law Perspectives (contributing author) (2009)

*Recent Developments Affecting Hospice Reimbursement and Conditions of Participation*; Health Law Perspectives (contributing author) (2009)





# DEVIN M. SENELICK

Partner

Los Angeles
1875 Century Park East
Suite 1600
Los Angeles, CA 90067
T: 310.551.8145
dsenelick@health-law.com

**PRACTICES**

Alternative Dispute
Resolution

Behavioral Health &
Community-Based Care

Litigation, Mediation,
Arbitration

Managed Care

**EDUCATION**

University of California, Los
Angeles, B.A., 1998, *magna
cum laude*

- Phi Beta Kappa

University of California,
Berkeley, School of Law, J.D.,
2002

**BAR ADMISSIONS**

2002, California

2003, Nevada

Devin M. Senelick is Co-Chair of the firm's Litigation Department. He concentrates his practice on complex business litigation, arbitration, and dispute resolution, with a focus on the healthcare industry on behalf of providers and expertise in the managed care field. He applies a practical yet creative approach to his cases in order to get the best possible result for his clients in the particular matter at hand.

Mr. Senelick has a broad range of litigation experience, from pursing payors on behalf of major hospitals in multi-million dollar arbitrations, to litigating business contract and tort disputes on behalf of various health care entities, to defending tort litigation. He represents hospitals and hospital systems, provider groups, individual physicians, billing companies, ancillary providers, and other health care entities. Mr. Senelick has helped provider clients collect more than $100 million in unpaid and underpaid patient claims.

Mr. Senelick received his bachelor's degree in Political Science and History from University of California, Los Angeles in 1998, graduating *magna cum laude* and Phi Beta Kappa. He received his J.D. from University of California, Berkeley School of Law in 2002. Mr. Senelick was admitted to the California Bar in 2002 and the Nevada Bar in 2003.

In his spare time, Mr. Senelick enjoys spending time with his wife and two daughters, and their Golden Retriever. He actively competes in endurance sports events, and has completed two Ironman triathlons (140.6 miles), four half-Ironman triathlons (70.3 miles) and 20 marathons, in addition to dozens of other races.



**Devin M. Senelick**

## Representative Matters

Won arbitration award for hospital client in a matter with dozens of individual unpaid or underpaid patient claims involving medical necessity, authorization, coordination of benefits, changes to insurer's policies, etc. Prevailed on 90 percent of individual claims, and in addition to damages, was awarded interest, including interest on ERISA claims.

Represented client hospital in a series of arbitrations involving a major healthcare payor which resulted in combined collections (via settlement or arbitrator's order) of more than $18 million, including interest.

Negotiated "walk-away" settlement for client accused of fraudulently billing for dozens of bariatric surgeries and procedures.

Successfully represented client hospital in a dispute with its billing company and collections agent. The case was resolved which resulted in payment to the hospital of all outstanding sums from the defendants.

Negotiated resolution resulting in release of tens of millions of dollars' worth of payment and removal from Special Investigations Unit review without the need to file a lawsuit.

Defeated TRO seeking to block sale of nursing homes and defended related DFEH action resulting in a dismissal.

*Martinez, et al. v. Aspira Foster & Family Services, et al.*, USDC Eastern District of California, Case Number: 1:06-cv-1827 (represented foster family agency in litigation following death of child in foster care; settled for nuisance value).

*Jaberi v. Gonzalez, et al.*, Los Angeles Superior Court Case No. PC040451 (represented a foster family agency and foster parents (pro bono) after a child placed into foster died of SIDS shortly after the placement. After multiple discovery victories, plaintiff agreed to dismiss the case in exchange for a waiver of costs).

Represented client hospital in a contract dispute arising from unpaid laboratory charges. The matter was settled, resulting in a payment of all outstanding sums to hospital, including interest.

## Professional Affiliations

- American Health Lawyers Association (2010-Present)
- Beverly Hills Bar Association, *Health Law Committee, Co-Chair* (2013-Present)
- California Society of Healthcare Attorneys (2009-Present)
- Healthcare Financial Management Association (2011-Present)
- Los Angeles County Bar Association, Member, Health Law Section (2002-Present)



Devin M. Senelick

## Honors & Awards

- Recognized by *Best Lawyers,* 2022-2023
- Southern California *Super Lawye*r, 2017-2022
- Southern California *Rising Star*, 2009-2016

## Presentations & Speaking Engagements

HLB 2019 Managed Care Update Seminar
October 22, 2019 – The LA Grand Hotel Downtown, Los Angeles, CA; October 23, 2019 - Hotel Shattuck Plaza, Berkeley, CA

CSHA Annual Meeting and Spring Seminar, Squaw Creek
April 11, 2014

- *Don't Sign That Yet! - Avoiding Typical Traps and Potential Litigation in Health Care Contracting,* CSHA Annual Meeting and Spring Seminar, April 11-13, 2014
- Co-Chair of American Conference Institute's Advanced Forum on Healthcare Provider Disputes, March 6-7, 2014
- *Proven Cutting-Edge Strategies for Prevailing in Disputes with Managed Care Organizations*, American Conference Institute's Advanced Forum on Healthcare Provider Disputes, March 6-7, 2014
- In-House Think Tank on Provider Litigation Suits (Moderator), American Conference Institute's Advanced Forum on Healthcare Provider Disputes and Litigation, July 30 - August 1, 2012
- *Avoiding, Appealing and Arbitrating Claims Denials*, American Conference Institute's Advanced Forum on Healthcare Provider Disputes and Litigation, July 30 - August 1, 2012

## News

Twenty-Four HLB attorneys have been named "Best Lawyers in America 2023" and "Ones to Watch"
September 12, 2022

Hooper, Lundy & Bookman Celebrates 35 Years!
June 17, 2022

Hooper, Lundy & Bookman Congratulates 2022 Southern California Super Lawyers
January 20, 2022



| | Devin M. Senelick |
|---|---|

Nineteen HLB Attorneys Recognized in "Best Lawyers in America 2022" and "Ones to Watch," Plus One Attorney Named "Lawyer of the Year
August 19, 2021

Hooper, Lundy & Bookman Congratulates 2021 Southern California Super Lawyers
January 21, 2021

Hooper, Lundy & Bookman Congratulates 2020 Southern California Super Lawyers
January 15, 2020

Hooper, Lundy & Bookman Ranked in the 2020 Edition of US News/Best Lawyers in America Best Law Firms
November 2, 2019

Hooper, Lundy & Bookman Named To American Bar Association's Health Law Top 10 List
October 1, 2019

Top Patent Litigator Drew Woodmansee Joins Hooper, Lundy & Bookman as Head of IP Practice
August 5, 2019

Hooper, Lundy & Bookman Launches Webinar Series with Focused Discussions on Post-Acute Care Partnerships
May 8, 2019
*PRNewswire*

Hooper Lundy & Bookman Recognized Among the Top Health Law Firms in the United States by *Chambers USA*
April 25, 2019

Hooper, Lundy & Bookman Congratulates 2019 Southern California Super Lawyers
February 13, 2019

Southern California Super Lawyers Named
February 1, 2018

HLB Announces 2017 Southern California Super Lawyers
January 20, 2017

SuperLawyers Recognizes  HLB Attorneys as Southern California Rising Stars for Health Law
June 6, 2016

## Health Law Perspectives

Health Law Perspectives, June 2019
June 20, 2019



Devin M. Senelick

## Publications

*Responding to Subpoenas for Mental Health Records in California; Implications of the Applicability of the LPS Act versus the CMIA*, Health Law Perspectives Newsletter, Volume 17, No. 2 (February 2015)



**HLB**
Hooper, Lundy & Bookman, PC
HEALTH CARE LAWYERS & ADVISORS



# JORDAN KEARNEY
Partner

San Francisco
101 Montgomery Street
11th Floor
San Francisco, CA 94104
T: 415.875.8497
jkearney@health-law.com

**PRACTICES**

Administrative Law

Behavioral Health & Community-Based Care

Compliance

False Claims Act

Litigation, Mediation, Arbitration

Medicare, Medicaid, Other Governmental Reimbursement & Payment

Post-Acute and Long-Term Care Services & Supports

Recovery Audit Contractor (RAC) Appeals

Reproductive Health

**EDUCATION**

Duke University, B.A., 2010, *magna cum laude*

Emory University School of Law, J.D., 2013, *with high honors, Order of the Coif*

**BAR ADMISSIONS**

2015, California

2013, Georgia

Jordan Kearney is a partner in the San Francisco office and a member of the firm's Fraud and Abuse Practice Group. Jordan provides regulatory and litigation counseling for a range of providers, including hospitals, long-term care providers, home health and hospice companies, and pharmaceutical and medical device companies. Her practice focuses on the defense of healthcare providers in government investigations and audits, including federal and state False Claims Act actions, actions under the California Insurance Fraud Prevention Act, and audits by Unified Program Integrity Contractors (UPICs). Jordan also regularly counsels providers on internal investigations of potential overpayments and any subsequent obligations to report and return under the 60-Day Rule.

Jordan graduated from Duke University with Bachelor of Arts degrees in Psychology and Spanish and a Certificate in Health Policy, and Emory University with a Juris Doctorate and a Certificate in Transactional Law. During law school, Jordan interned with in house counsel at a global biopharmaceutical company and with the Department of Health and Human Services.

## Professional Affiliations

- American Health Lawyers Association, *Incoming Vice Chair of Strategic Planning and Special Projects, ice Chair, Educational Programming, Post-Acute and Long Term Services Practice Group*
- American Bar Association, *Health Law Section*
- California Society for Healthcare Attorneys



Jordan Kearney

## Presentations & Speaking Engagements

ABA 28th Annual National Institute on Health Care Fraud
San Francisco, CA, May 2-4, 2018

## News

Hooper, Lundy & Bookman Celebrates 35 Years!
June 17, 2022

HLB Attorneys Author False Claims in Healthcare
September 1, 2021

AHLA Announces New 2022 Leadership Positions
June 4, 2021

Hooper, Lundy & Bookman Elevates Eight Partners
January 5, 2021

Administration Turns Focus to Long-Term Care Industry
May 1, 2020

COVID-19 Resources
Updated, April 15, 2020

Hooper, Lundy & Bookman Elevates Three Partners and Four Senior Counsel
January 7, 2020

Hooper, Lundy & Bookman Ranked in the 2020 Edition of US News/Best Lawyers in America Best Law Firms
November 2, 2019

*AseraCare* Court Confirms that Difference of Reasonable Clinical Opinion Cannot Alone Establish Objective Falsity in False Claims Cases
September 19, 2019

MOB Leases With Unusual Terms Withstand Appraiser Whistleblower Claims
August 19, 2019

Top Patent Litigator Drew Woodmansee Joins Hooper, Lundy & Bookman as Head of IP Practice
August 5, 2019

Hooper, Lundy & Bookman Launches Webinar Series with Focused Discussions on Post-Acute Care Partnerships
May 8, 2019
*PRNewswire*



Jordan Kearney

Hooper Lundy & Bookman Recognized Among the Top Health Law Firms in the United States by *Chambers USA*
April 25, 2019

## Health Law Perspectives

Health Law Perspectives, June 2019
June 20, 2019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## <u>EXHIBIT D</u>

**(Proposed Order)**

**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

Samuel R. Maizel (SBN 189301)
Tania M. Moyron (SBN 235736)
DENTONS US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: 213 623 9300

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
BORREGO COMMUNITY HEALTH FOUNDATION,
    Debtor and Debtor In Possession.

                                                    Debtor.

BANKRUPTCY NO. 22-02384-11

Date of Hearing:
Time of Hearing:
Name of Judge:   Honorable Laura S. Taylor

## ORDER ON
### DEBTOR'S APPLICATION TO EMPLOY HOOPER, LUNDY & BOOKMAN P.C. AS DEBTOR'S HEALTHCARE REGULATORY COUNSEL

The court orders as set forth on the continuation pages attached and numbered __2__ through __2__ with

exhibits, if any, for a total of __2__ pages. Motion/Application Docket Entry No. _____.

// 

// 

// 

// 

// 

// 

// 

DATED: _____

_____
Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18] **(Page 2)**

ORDER ON DEBTOR'S APPLICATION TO EMPLOY HOOPER, LUNDY & BOOKMAN P.C. AS DEBTOR'S HEALTHCARE REGULATORY COUNSEL

DEBTOR: BORREGO COMMUNITY HEALTH FOUNDATION,
Debtor and Debtor In Possession.

CASE NO: 22-02384-11

---

The Court having considered the Debtor's Application to Employ Hooper, Lundy & Bookman P.C. as Debtor's Healthcare Regulatory Counsel ("Application") filed by Borrego Community Health Foundation ("Debtor"), the Debtor and debtor in possession herein, the files and records in this Case, and the arguments presented at the hearing before the Court (if any); the Court having found that good and sufficient cause exists for granting the Application; it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Application was adequate and proper under the circumstances of the Case and that no further or other notice need be given,

IT IS HEREBY ORDERED that:

1. The Application is granted as set forth herein.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2. The Debtor is authorized to employ Hooper, Lundy & Bookman P.C. as its healthcare regulatory counsel at the expense of the Debtor's estate on the terms set forth in the Application, effective as of the Petition Date.

3. No fees or costs will be paid to Hooper, Lundy & Bookman P.C. without prior authorization from the Court.

4. The terms and conditions of this Order shall be immediately effective upon entry of this Order.

5. The Debtor is authorized and directed to take all actions necessary to implement the relief granted in this Order.

6. Notice of the Application as provided therein shall be deemed good and sufficient notice and the requirements of Bankruptcy Rule 2002 are waived and/or satisfied by such notice.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.