Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
          tkapur@pszjlaw.com
          sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022**<br><br>**[Declaration of Jeffrey N. Pomerantz in Support Thereof Filed Concurrently Herewith]** |

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), proposed counsel to the Official Unsecured Creditors' Committee (the "Committee") appointed in the case of Borrego Community Health Foundation, the above-captioned debtor and debtor in possession (the "Debtor"), hereby submits this application to be employed as bankruptcy counsel to the Committee, effective as of September 30, 2022 (the "Application"). This Application is brought pursuant to sections 327 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"),[1] Rule 2014 of the Federal Rules

---

[1] All references to "sections" herein are to sections of the Bankruptcy Code, 11 U.S.C. §§101, *et seq*, as amended, unless otherwise noted.

DOCS_LA:345618.2 10283/002

of Bankruptcy Procedure (the "Bankruptcy Rules"),[2] and Local Bankruptcy Rule 2014-1(a) for an order authorizing the employment of PSZJ. In support of this Application, the Committee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought with this Application is based upon sections 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

### Statement of Facts

3. On September 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. On September 26, 2022, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) McKesson Corporation; (ii) Greenway Health, LLC; (iii) We Klean Inc.; (iv) Mustafa Bilal, DDS, Inc.; (v) Vista Village Family Dentistry; (vi) Vitamin D Public Relations, LLC; and (vii) Pourshirazi & Youssefi Dental Corporation. *See Appointment of Official Committee of Unsecured Creditors* [Docket No. 49]. On September 30, 2022, the Committee voted to retain PSZJ as its bankruptcy counsel.

### Relief Requested

5. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain PSZJ as its bankruptcy counsel in this case effective as of September 30, 2022.

---

[2] All references to "Bankruptcy Rules" herein are to the provisions of the Federal Rules of Bankruptcy Procedure.

DOCS_LA:345618.2 10283/002                                   2

**Qualifications of PSZJ**

6. The Firm has over 75 attorneys with a practice concentrated on corporate reorganization, bankruptcy, litigation and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and throughout the country, including San Diego Hospice & Palliative Care Corporation, No Fear Retail Stores, Inc., ISA Corporation, Fili Enterprises, Inc., The Roman Catholic Bishop of San Diego, and SeraCare Life Sciences, Inc., among others. More information about PSZJ generally and its expertise as counsel to committees specifically is available on its website at www.pszjlaw.com. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

**Services to be Rendered**

7. Subject to further order of this Court, PSZJ is expected to render, among other services, the following services to the Committee:

- Assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

- Assisting, advising and representing the Committee with respect to the Debtor's retention of professionals and advisors with respect to the Debtor's business and this Case;

- Assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

- Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

- Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case or to the formulation of a plan;

- Assisting, advising and representing the Committee in connection with any sale of the Debtor's assets;

- Assisting, advising and representing the Committee in its analysis of and any objection to any disclosure statement;

DOCS_LA:345618.2 10283/002           3

- Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

- Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

- Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

- Providing such other services to the Committee as may be necessary in this Case.

**No Adverse Interest and Disclosure of Connections**

8. To the best of the Committee's knowledge, neither the Firm, nor any of its attorneys represent or hold any interest adverse to that of the Committee, the Debtor, its creditors, the Debtor's estate, or any party in interest herein in the matters on which the Firm is to be retained.

9. To the best of the Committee's knowledge, and based upon the accompanying Declaration of Jeffrey N. Pomerantz (the "Pomerantz Declaration"), neither PSZJ nor any of its attorneys has any connection with the U.S. Trustee or any of the Trial Attorneys in the San Diego office of the U.S. Trustee or any of the judges for the United States Bankruptcy Court for the Southern District of California.

10. To the best of the Committee's knowledge, and except as set forth in the Pomerantz Declaration and below, neither PSZJ nor any of its attorneys has a prior or current connection with the Committee, the Debtor, its creditors or any party in interest herein in the matters on which the Firm is to be retained.

11. As set forth in the Pomerantz Declaration, PSZJ regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors and investment bankers, some of which now or may in the future represent the Debtor, its creditors, the Committee, and other parties in interest in this Case. Further, PSZJ may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtor and this Case. PSZJ does not and will not represent any such entity in this Case. PSZJ does not have a relationship with any such entities, attorneys, accountants, financial advisors or investment bankers that would be adverse to the Committee or the Debtor's estate.

DOCS_LA:345618.2 10283/002       4

12.     As set forth in the Pomerantz Declaration, PSZJ has represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtor and this Case, whose members may be creditors and/or committee members in this Case. As set forth in the Pomerantz Declaration, the Firm is not representing any of those entities in this case and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor.

13.     Further, PSZJ has represented, represents, and in the future will likely represent debtors, creditors' committees, trustees or other parties against creditors of the Debtor, including members of the Committee, in cases or proceedings that are unrelated to this Case.

14.     As set forth in the Pomerantz Declaration, PSZJ and certain of its partners, of counsel, and associates represented, represent, and in the future will likely represent certain of the creditors of the Debtor in connection with matters unrelated to the Debtor and this Case. Based upon the conflicts review performed, at this time, the Firm is not aware of any such current representations except as set forth in the Pomerantz Declaration. If the Firm identifies any further representations, the Firm shall make disclosures as may be appropriate at that time. The Firm, however, is not representing and will not represent any of those entities in this Case.

15.     Although section 1103(b) does not incorporate the "disinterestedness" standard of section 327(a) of the Bankruptcy Code, PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

- are not creditors, equity security holders or insiders of the Debtor;

- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

- do not hold nor represent an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

16.     Therefore, to the best of the Committee's knowledge, PSZJ and the Firm's attorneys are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and the Debtor's estate.

**Professional Compensation**

17. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. PSZJ has agreed with the Committee to seek professional compensation at a blended hourly rate of $900.[3] PSZJ will seek compensation for work performed by paraprofessionals and clerks at their regular hourly rate, which ranges from $395 to $495 per hour.[4]

18. This rate is set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. No compensation will be paid to the Firm except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing. The Firm has not received a retainer in this case.

19. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

**Compliance with the Local Rules**

---

[3] The standard hourly rates of the PSZJ professionals designated to represent the Committee are: Jeffrey N. Pomerantz ($1,445.00 per hour); Debra I. Grassgreen ($1,425.00 per hour); Teddy M. Kapur ($975.00 per hour); and Steven W. Golden ($775.00 per hour).

[4] The standard hourly rate of Beth D. Dassa is $495 per hour.

DOCS_LA:345618.2 10283/002        6

20. Pursuant to Local Rule 2014-1(b), this Application has been filed within 30 days of the commencement of the Firm's employment by the Committee and is supported by a sworn statement of disinterestedness, contained in the Pomerantz Declaration. Pursuant to Local Rule 2014-1(c), the Committee has submitted this Application to the Office of the United States Trustee as provided in Local Rule 9034-1. The Committee has also provided notice of this Application to the parties appearing on the Proof of Service relating to this Application. The Firm and the Committee are not party to any retainer agreement or other agreement relevant to the proposed employment.

WHEREFORE, the Committee respectfully requests entry of an Order authorizing the Committee to employ and retain PSZJ as its counsel, as of September 30, 2022, and granting such other and further relief as is just and proper.

Dated: October 24, 2022

THE OFFICIAL UNSECURED CREDITORS' COMMITTEE OF BORREGO COMMUNITY HEALTH FOUNDATION

*[signature]*

Pourshirazi & Yousefi Dental Corporation
By: Dr. Henry Pourshirazi

Solely in its capacity as Co-Chair of the Official Unsecured Creditors' Committee of Borrego Community Health Foundation, and not in any other capacity

# EXHIBIT A

Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (*Pro Hac Vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
            tkapur@pszjlaw.com
            sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022** |

The Court has considered the *Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of September 30, 2022* (the "Application")[1] [Docket No. ___] the Declaration of Jeffrey N. Pomerantz in support thereof (the "Pomerantz Declaration") [Docket No. __], and the United States Trustee's Statement of Position [Docket No. __], and based upon the record before the Court, it appears that PSZJ does not hold or represent an interest adverse to the estate, that PSZJ is a disinterested person, and that its employment is in the best interest of the estate.  Accordingly, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:345622.1 10283/002

1  **ORDERED** that the Committee is authorized to employ the law firm of Pachulski Stang Ziehl & Jones LLP, as its bankruptcy counsel herein, effective as of September 30, 2022, on the terms and conditions set forth more fully in the Application and the Pomerantz Declaration.

######

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 24, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Daren Brinkman**    dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inforuptcy.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **David Ortiz**    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____   I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 24, 2022 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_LA:345808.2 10283/002