Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:    jpomerantz@pszjlaw.com
            tkapur@pszjlaw.com
            sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No.: Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022**<br><br>[Relates to Docket No. 113] |

I, Jeffrey N. Pomerantz, declare and state as follows:

1.      I am a partner in the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, and have been duly admitted to practice law in the state of California and the United States District Court for the Southern District of California, among other jurisdictions.   I am authorized to submit this Declaration (the "Declaration") in support of the *Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of September 30, 2022* (the "Application") [Docket No. 113], filed concurrently herewith.[1]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

PACHULSKI STANG ZIEHL & JONES LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES, CALIFORNIA

2.     The Firm has over 75 attorneys with a practice concentrated on reorganization, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and throughout the country, including San Diego Hospice & Palliative Care Corporation, No Fear Retail Stores, Inc., ISA Corporation, Fili Enterprises, Inc., The Roman Catholic Bishop of San Diego, and SeraCare Life Sciences, Inc., among others.  More information about PSZJ generally and its expertise as counsel to committees specifically is available on its website at www.pszjlaw.com.

3.     Subject to further order of this Court, PSZJ is expected and is willing and able to render, among other services, the following services to the Committee:

- Assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

- Assisting, advising and representing the Committee with respect to the Debtor's retention of professionals and advisors with respect to the Debtor's business and this Case;

- Assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

- Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

- Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case or to the formulation of a plan;

- Assisting, advising and representing the Committee in connection with any sale of the Debtor's assets;

- Assisting, advising and representing the Committee in its analysis of and any objection to any disclosure statement;

- Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

- Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:345621.2 10283/002

- Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

- Providing such other services to the Committee as may be necessary in this Case.

4.      Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) of the Bankruptcy Code.  However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the debtors, the estates, the professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections herein.

5.      The Firm has made the following investigation of disinterestedness prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters.  The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of parties-in-interest provided by counsel to the Debtors, including the list of creditors appearing thereon.

6.      Neither I, the Firm, nor any attorney thereof, insofar as I have been able to ascertain based upon the conflicts investigation described above, represent or hold any interest adverse to that of the Committee, the Debtor, its creditors, the Debtor's estate, or any party-in-interest herein in the matters on which the Firm is to be retained.

7.      Neither I, the Firm, nor any attorney thereof, insofar as I have been able to ascertain based upon the conflicts investigation described above, have any connection to the United States Trustee or any of the Trial Attorneys in the office of the United States Trustee, or any of the judges for the United States Bankruptcy Court for the Southern District of California.

8.      Except as set forth below, neither I, the Firm, nor any attorney thereof, insofar as I have been able to ascertain based upon the conflicts investigation described above, has a prior or current

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

connection with the Committee, the Debtor, its creditors or any party-in-interest herein in the matters on which the Firm is to be retained.  The Firm discloses the following:

a.  The Firm represents Tenet Business Services Corp. ("Tenet") in matters unrelated to the Debtor and the Case.  The Firm does not and will not represent Tenet in this Case.

9.      PSZJ regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors, investment bankers, and other professionals, some of which now or may in the future represent the Debtor, its creditors, the Committee, and other parties in interest in this Case.  Further, PSZJ may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtor and this Case.  The Firm does not and will not represent any such entity in this Case.  The Firm does not have a relationship with any such entities that would be adverse to the Committee or the Debtor's estate.

10.     PSZJ has represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtor and this Case, whose members may be creditors and/or committee members in this Case.  The Firm is not representing any of those entities in this Case and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor.

11.     Further, PSZJ has represented, represents, and in the future will likely represent debtors, creditors' committees, trustees or other parties against creditors of the Debtor, including members of the Committee, in cases or proceedings that are unrelated to this Case.

12.     PSZJ and certain of its partners, of counsel and associates represented, represent, and in the future will likely represent certain of the creditors of the Debtor in connection with matters unrelated to the Debtor and this Case.  Based upon the conflicts review performed, at this time, the Firm is not aware of any such current representations.

13.     PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

- are not creditors, equity security holders or insiders of the Debtor;

DOCS_LA:345621.2 10283/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

- do not hold nor represent an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ.  PSZJ has agreed with the Committee to seek professional compensation at a blended hourly rate of $900.[2] PSZJ will seek compensation for work performed by paraprofessionals and clerks at their regular hourly rate, which ranges from $395 to $495 per hour.[3]

15.    This rate is set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  No compensation will be paid to the Firm except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing.

16.    It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court.  PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

---

[2] The standard hourly rates of the PSZJ professionals designated to represent the Committee are: Jeffrey N. Pomerantz ($1,445.00 per hour); Debra I. Grassgreen ($1,425.00 per hour); Teddy M. Kapur ($975.00 per hour); and Steven W. Golden ($775.00 per hour).

[3] The standard hourly rate of Beth D. Dassa is $495 per hour.

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17.     The Firm has received no retainer from the Debtor or the Committee, nor has the Firm received any payment or promise of payment, during the one-year period prior to the Petition Date. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this Case.  No promises have been received by the Firm nor by any partners, of counsel or associates thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Case, except among the partners, of counsel, and associates of the Firm.  Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

18.     Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this case.  PSZJ intends to work closely with all professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

19.     PSZJ is willing to serve as counsel to the Committee on the basis set forth above.

20.     The Committee is co-chaired by McKesson Corporation ("McKesson") and Pourshirazi & Youssefi Dental Corporation.  It is my understanding that the Committee interviewed multiple law firms to serve as its counsel, including Buchalter LLP, who serves as counsel to McKesson in this Case, and determined to retain the Firm among the candidates interviewed. McKesson declined to sign the Application, notwithstanding the Committee's determination to retain the Firm.

21.     To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of October, 2022, at Los Angeles, California.

/s/ Jeffrey N. Pomerantz
Jeffrey N. Pomerantz

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:345621.2 10283/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 24, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Daren Brinkman**    dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inoruptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com,
rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inoruptcy.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **David Ortiz**    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com; tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 24, 2022 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |