Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
          tkapur@pszjlaw.com
          sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF OCTOBER 7, 2022**<br><br>**[Declaration of Cynthia Nelson in Support Thereof Filed Concurrently Herewith]** |

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby moves the Court for entry of an order under section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") approving this application (the "Application") and authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI"), as financial advisor for the Committee. In support of this Application, the Committee relies on the Declaration of Cynthia Nelson (the "Nelson Declaration"), filed contemporaneously herewith, and respectfully states as follows:

DOCS_LA:345788.2 10283/002

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought with this Application is based upon sections 327, 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

**Statement of Facts**

3. On September 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. On September 26, 2022, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) McKesson Corporation; (ii) Greenway Health, LLC; (iii) We Klean Inc.; (iv) Mustafa Bilal, DDS, Inc.; (v) Vista Village Family Dentistry; (vi) Vitamin D Public Relations, LLC; and (vii) Pourshirazi & Youssefi Dental Corporation. *See Appointment of Official Committee of Unsecured Creditors* [Docket No. 49]. On October 7, 2022, the Committee selected FTI as its financial advisor.

**FTI's Qualifications**

5. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, and identification of reorganization alternatives.

6. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations

2

DOCS_LA:345788.2 10283/002

and enjoys an excellent reputation for the results it has obtained for debtor and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of its estate and to reorganize successfully. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## **Services to be Rendered**

7.     FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible to advise the Committee during this chapter 11 case, including, but not limited to, the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtor's proposed employee compensation and benefits programs;

- Assistance with the review of the Debtor's potential disposition or liquidation of both core and non-core assets;

- Assistance with the review of the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtor's identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

3

DOCS_LA:345788.2 10283/002

- Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in monitoring, developing, and implementing communications strategies with various stakeholders including regulatory agencies, state government officials and commissions, and relevant third parties.

- Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## No Adverse Interest and Disclosure of Connections

8. FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Nelson Declaration, FTI: (a) has no connection with the Debtor, its creditors, its equity security holders, or other parties in interest or its respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtor or its estate; (b) does not hold any interest adverse to the Debtor's estate; and (c) believes that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). FTI has not provided, and will not provide, any professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this chapter 11 case. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

9. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## Professional Compensation

10. FTI is not owed any amounts with respect to pre-petition fees and expenses.

4

DOCS_LA:345788.2 10283/002

11. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee.

12. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, FTI seeks to be compensated on an hourly-fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention or preparation of fee applications in these cases, subject to Court approval. FTI understands that interim and final fee awards are subject to approval by this Court.

13. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

| United States | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $1,045 - $1,495 |
| Directors / Senior Directors / Managing Directors | $785 - $1,055 |
| Consultants/Senior Consultants | $435 - $750 |
| Administrative / Paraprofessionals | $175 - $325 |

FTI has agreed to provide its services to the Committee at a blended rate of $750/hour. FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for its attorneys' fees during the term of the Debtor's chapter 11 case, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 327.

14. FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

## Indemnification

15. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI

5

believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

    a.    subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court;

    b.    the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI.

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

### **Relief Requested**

16. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** authorizing the Committee to employ and retain FTI as its financial advisors in this case effective as of October 7, 2022.

### **Basis for Relief Requested**

17. The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more

6

DOCS_LA:345788.2 10283/002

attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee are reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

18. Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. FTI's fee structure is fair and reasonable considering the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

20. Finally, to the best of the Committee's knowledge, information, and belief, FTI does not have any interest materially adverse to the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Further, the Committee understands that FTI believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI has no connection with the Debtor, their creditors, or any other party-in-interest, except as disclosed in the Nelson Declaration.

**No Duplication of Services**

21. The services that FTI will provide to the Committee will be appropriately directed by the Committee and its counsel to avoid duplication of efforts among the other professionals retained in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Committee and other professionals employed by the Committee

7

DOCS_LA:345788.2 10283/002

to avoid duplication of services. The Committee believes that the services to be provided by FTI will complement and will not be duplicative of any services of the Committee's other professionals.

### No Prior Request

22. No prior Application for the relief requested herein has been made to this or any other Court.

### Notice

23. Notice of this Application has been given to (i) the Debtor, (ii) the U.S. Trustee, and (iii) parties appearing on Proof of Service relating to this Application. Considering the nature of the relief requested, the Committee submits that no further notice is required.

DOCS_LA:345788.2 10283/002

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, and grant such further relief as is just and proper.

Dated: October ____, 2022
Los Angeles, CA

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BORREGO COMMUNITY HEALTH FOUNDATION

10/26/2022

By: Pamela M. Craik of McKesson, solely in her capacity as the co-chair of the Official Committee of Unsecured Creditors[1]

By: Henry Pourshirazi of Pourshirazi and Youssefi Dental Corporation, solely in his capacity as the co-chair of the Official Committee of Unsecured Creditors[2]

---

[1] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

9

DOCS_LA:345788.2 10283/002

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, and grant such further relief as is just and proper.

Dated: October 27, 2022
Los Angeles, CA

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BORREGO COMMUNITY
HEALTH FOUNDATION

By: Pamela M. Craik of McKesson, solely in her capacity as the co-chair of the Official Committee of Unsecured Creditors[1]

By: Henry Pourshirazi of Pourshirazi and Youssefi Dental Corporation, solely in his capacity as the co-chair of the Official Committee of Unsecured Creditors[2]

---

[1] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

9

DOCS_LA:345788.2 10283/002

# EXHIBIT A

**Proposed Order**

DOCS_LA:345788.2 10283/002

Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (*Pro Hac Vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    jpomerantz@pszjlaw.com
           tkapur@pszjlaw.com
           sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF OCTOBER 7, 2022** |

The Court has considered the *Application for an Order Authorizing and Approving the Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors, Effective as of October 7, 2022* (the "Application")1 [Docket No. ___] the Declaration of Cynthia Nelson in support thereof (the "Nelson Declaration") [Docket No. ___], and the United States Trustee's Statement of Position [Docket No. ___], and based upon the record before the Court, it appears that FTI does not hold or represent an interest adverse to the estate, that FTI is a disinterested person, and that its employment is in the best interest of the estate. Accordingly, it is hereby

---

1 Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:345788.2 10283/002

1    **ORDERED** that the Committee is authorized to employ FTI Consulting, Inc., as its financial
2    advisor herein, effective as of October 7, 2022, on the terms and conditions set forth more fully in
3    the Application and the Nelson Declaration.

#####

DOCS_LA:345788.2 10283/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF OCTOBER 7, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **October 27, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Daren Brinkman**    dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inforuptcy.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **David Ortiz**    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____   I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2022 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |