Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (*Pro Hac Vice* Pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
                tkapur@pszjlaw.com
                sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>***AMENDMENT TO* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**<br><br>**[Relates to Docket No. 122]**<br><br>**[NO HEARING REQUIRED]** |

On October 27, 2022, the Official Unsecured Creditors' Committee (the "Committee") of Borrego Community Health Foundation, debtor and debtor in possession in the above-captioned case, by and through its undersigned proposed counsel, filed a motion for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, clarifying the requirement of the Committee to provide information to creditors and establishing information sharing procedures (the "Motion") [Docket No. 122].

DOCS_LA:345504.2 10283/002

The Motion inadvertently omitted the proposed order (the "Proposed Order") relating to the Motion. The Committee, therefore, hereby files this amendment to the Motion to include the Proposed Order attached hereto as Exhibit "A".

**DATED:** October 28, 2022

                                            PACHULSKI STANG ZIEHL & JONES, LLP

                                            */s/ Jeffrey N. Pomerantz*
                                            Jeffrey N. Pomerantz

                                            [Proposed] Counsel to the Official Committee of Unsecured Creditors

2

DOCS_LA:345504.2 10283/002

Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (*Pro Hac Vice* Pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
               tkapur@pszjlaw.com
               sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**<br><br>**[NO HEARING REQUIRED]** |

The Official Unsecured Creditors' Committee (the "Committee") of Borrego Community Health Foundation ("BCHF"), debtor and debtor in possession in the above-captioned case (the "Debtor"), by and through its undersigned proposed counsel, hereby moves (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide information to creditors and establishing information sharing procedures. In support of the Motion, the Committee respectfully states as follows:

3

DOCS_LA:345504.2 10283/002

### Jurisdiction

Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018.

### Background

On September 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

On September 26, 2022, the United States Trustee for the Southern District of California appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) McKesson Corporation; (ii) Greenway Health, LLC; (iii) We Klean Inc.; (iv) Mustafa Bilal, DDS, Inc.; (v) Vista Village Family Dentistry; (vi) Vitamin D Public Relations, LLC; and (vii) Pourshirazi & Youssefi Dental Corporation. *See Appointment of Official Committee of Unsecured Creditors* [Docket No. 49]. On September 30, 2022, the Committee voted to retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as its bankruptcy counsel.

### Relief Requested

By this Motion, the Committee seeks entry of an order clarifying section 1102(b)(3)(A) of the Bankruptcy Code, which requires the Committee to provide access to information to any creditor that holds a claim of the kind represented by the Committee. Specifically, the Committee seeks to (a) clarify that the Committee is not required to provide access to Confidential Information (as defined below) and/or Privileged Information (as defined below) and (b) establish procedures that will help assure that confidential, privileged, proprietary, and/or material non-public information will not be

4

DOCS_LA:345504.2 10283/002

disseminated to the detriment of the Debtor's estate and will aid the Committee in performing its statutory functions.

**Basis For Relief**

Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the Committee expects the Debtor and other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and related

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtor's financial condition or performance, the Debtor's business operations, including, without limitation, any and all information relating to the Debtor's suppliers and customers, the valuation of the Debtor and/or its assets, or the sale of the Debtor's assets provided to the Committee by the Debtor, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtor (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtor, as well as derivations, summaries, and analyses of the same.

5

DOCS_LA:345504.2 10283/002

information which may be confidential under section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and applicable state or federal law.

In this case, absent appropriate protections, the Debtor and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively. As such, given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement that the Committee to provide access to information to exclude Confidential Information.

Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine). Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information (collectively, the "Privileged Information").[2] Clearly, any obligation to disseminate Privileged Information could hamstring Committee counsel's ability to effectively communicate with and advise the Committee. Thus, the Committee seeks an order of the Court clarifying that the Committee is not obligated under section 1102 to provide access to any Privileged Information. However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather that the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc*., 458 U.S. 564 (1982) (internal quotation omitted).

---

[2] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney- work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtor or some other party.

6

The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§243.100 to 243.103 (2005).

The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them."). As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Rules, such as section 107(b) or Rule 9018.

Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." The language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice

7

requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

The relief sought by the Committee is not only for the benefit of the Debtor and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its Bylaws. A creditors' committee should not be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtor and potentially other parties.

Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of such privilege would be eviscerated, and both the Debtor and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

Accordingly, bankruptcy courts in the Ninth Circuit, and throughout the United States, which have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g., In re Composite Tech. Corp.*, Case No. 8:11-bk-15058-SC, Docket No. 175 (Bankr. C.D. Cal. June 30, 2011); *In re Contessa Premium*

8

DOCS_LA:345504.2 10283/002

*Foods, Inc.*, Case No. 2:11-bk-13454-PC, Docket No. 223 (Bankr. C.D. Cal. May 4, 2011); *In re Nutracea*, Case No. 2:09-bk-28817-CGC, Docket No. 207 (Bankr. D. Ariz. Feb. 1, 2010); *see also In re Rockall Energy Holdings, LLC*, Case No. 22-90000-mxm11, Docket No. 465 (Bankr. N.D. Tex. May 17, 2022); *In re Alamo Drafthouse Cinemas Holdings, LLC*, Case No. 21-10474 (MFW), Docket No. 431 (Bankr. D. Del. May 3, 2021); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), Docket No. 467 (Bankr. S.D.N.Y. Apr. 25, 2019).

In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "<u>Creditor Information Protocol</u>") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

- <u>Privileged and Confidential Information.</u> The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

- <u>Information Obtained Through Discovery.</u> Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

- <u>Creditor Information Requests.</u> If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to

9

preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review.

- <u>Release of Confidential Information of Third Parties.</u> If the Information Request implicates Confidential Information of the Debtor (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtor's creditors: (a) if the Confidential Information is information of the Debtor, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtor, stating that such information will be disclosed in the manner described in the Demand unless the Debtor objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtor's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand.

The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtor, the Committee and affected creditors.

The Committee, through its proposed counsel, will also establish and maintain a website, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of this chapter 11 case and a further order of the Court.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/BorregoHealth to make non-confidential and non-privileged information available to unsecured creditors. The Committee website will contain links to the Court's CM/ECF website, posts of relevant pleadings, and provide creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that this case is active.

10

DOCS_LA:345504.2 10283/002

The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtor but will likely cause serious harm to the Debtor's estate. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estate, the Committee respectfully requests that the relief herein be granted.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit "A"**, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

**DATED:** October 28, 2022

PACHULSKI STANG ZIEHL & JONES, LLP

*/s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz

[Proposed] Counsel to the Official Committee of Unsecured Creditors

11

DOCS_LA:345504.2 10283/002

# EXHIBIT A

Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (*Pro Hac Vice* Pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jpomerantz@pszjlaw.com
               tkapur@pszjlaw.com
               sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor in Possession | Case No.: 22-02384-LT11<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**<br><br>**[NO HEARING REQUIRED]** |

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Establishing Information Sharing Procedures and (II) Granting Related Relief* [Docket No. 122], and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is **GRANTED**.

DOCS_LA:345504.2 10283/002

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtor to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

- Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

- Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

- Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to

2

DOCS_LA:345504.2 10283/002

maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review.

- <u>Release of Confidential Information of Third Parties.</u> If the Information Request implicates Confidential Information of the Debtor (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtor's creditors: (a) if the Confidential Information is information of the Debtor, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtor, stating that such information will be disclosed in the manner described in the Demand unless the Debtor objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtor's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand.

5. The Committee may establish and maintain a website as described in the Motion. The Committee may use the Debtor's logo on the website.

3

DOCS_LA:345504.2 10283/002

6. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee to provide access or not to provide access, to any information of the Debtor to any party except as explicitly provided herein.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

4

DOCS_LA:345504.2 10283/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **AMENDMENT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur**   christine@baurbklaw.com, admin@baurbklaw.com
- **Daren Brinkman**   dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- **Anthony Dutra**   adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **Jeffrey Garfinkle**   jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**   dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**   bernardmhansen@sbcglobal.net
- **Teddy Kapur**   tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**   dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inforuptcy.com
- **Tania M. Moyron**   tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **David Ortiz**   david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- **Jeffrey N. Pomerantz**   jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**   mreynolds@swlaw.com, kcollins@swlaw.com
- **Olivia Scott**   olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Andrew B. Still**   astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**   kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- **United States Trustee**   ustp.region15@usdoj.gov
- **Kenneth K. Wang**   kenneth.wang@doj.ca.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2022 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |