Jeffrey N. Pomerantz (State Bar No. 143717)
Teddy M. Kapur (State Bar No. 242486)
Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:    jpomerantz@pszjlaw.com
           tkapur@pszjlaw.com
           sgolden@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 22-02384-LT11 |
| BORREGO COMMUNITY HEALTH FOUNDATION, | Chapter 11 |
| Debtor and Debtor in Possession. | **REPLY TO MCKESSON CORP'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022** |
| | [**Relates to Docket Nos. 113, 114 and 137**] |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the case of Borrego Community Health Foundation, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this reply to *McKesson Corp's Limited Objection and Reservation of Rights with Respect to Employment Application of Pachulski Stang Ziehl & Jones LLP* [Docket No. 137] (the "Objection"), and in support of the *Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of September 30, 2022* [Docket No. 113] (the "Application") and, in support thereof, respectfully states as follows:

DOCS_LA:345980.2 10283/002

After interviewing four different law firms,[1] the Committee voted to retain Pachulski Stang Ziehl Jones LLP ("PSZJ"), a Los Angeles-based law firm, as its counsel. As set forth in the Application, PSZJ has one of the largest creditor committee practices in the United States and has substantial experience representing all constituencies in healthcare-related restructurings. Prior to selecting PSZJ as its counsel, the Committee negotiated a reduced rate structure with PSZJ, representing a substantial reduction in PSZJ's normal hourly rates, which PSZJ agreed to in accepting the engagement. PSZJ has been rendering services to the Committee since its engagement on September 30, 2022. The sole objection[2] to the Application—and PSZJ's employment as the Committee's counsel—was filed by McKesson Corporation ("McKesson"), on the basis that the Committee's "counsel should be located in or near the district in which the debtor operates and should charge rates comparable to those charged by the local bankruptcy bar."[3] In its Objection, McKesson argues that the Court should only permit PSZJ to charge a blended rate of $800 per hour (based on the rate charged by the Debtor's restructuring law firm), rather than the $900 per hour blended rate contained in the Application.[4]

First, PSZJ is, in fact, "located in or near" the Southern District of California, having been founded in and headquartered in Los Angeles, California.[5] And, while PSZJ certainly has a national presence, its attorneys regularly practice in the Southern,[6] Central,[7] and Northern[8] Districts of California, including serving as counsel to debtors and committees. But, even if PSZJ was not a Southern California-based law firm, the physical location of a chosen professional should not hamstring the Committee from selecting, as McKesson characterizes PSZJ, "a highly regarded and

---

[1] Among the other firms interviewed by the Committee was Buchalter, counsel to McKesson.
[2] Notably, the United States Trustee does not oppose the Application. *See* Docket No. 140.
[3] *Objection* at p. 2.
[4] PSZJ's normal hourly rates for partners ranges from $945 to $1,775 per hour and for non-partner attorneys ranges from $675 to $1,425 per hour.
[5] Dentons, Debtor's counsel, is also located in Los Angeles.
[6] *In re San Diego Hospice & Palliative Care Corp.*, Case No. 13-01179; *In re No Fear Retail Stores, Inc.*, Case No. 11-02896; *In re ISE Corp.*, Case No. 10-14198; *In re South Bay Expressway, L.P.*, Case No. 10-04516; *In re Fili Ents., Inc.*, Case No. 10-00324.
[7] *See, e.g., In re Hytera Comms. Amer. (West), Inc.*, Case No. 20-11507; *In re Bridgemark Corp.*, Case No. 20-10143; *In re Verity Health Sys. of Cal., Inc.*, Case No. 18-20151; *In re Zetta Jet USA, Inc.*, Case No. 17-21386.
[8] *See, e.g., In re Watsonville Hospital Corp.*, Case No. 21-51477; *In re Professional Fin. Invs. Inc.*, Case No. 20-30604; *In re Imperial Toy, LLC*, Case No. 19-52335; *In re Home Loan Ctr., Inc.*, Case No. 19-51455; *In re Tri-Valley Learning Corp.*, Case No. 16-43112.

DOCS_LA:345980.2 10283/002                              2

eminently qualified law firm with extensive experience in chapter 11 cases."[9] It is, rather, ***because*** of PSZJ's qualifications and experience that the Committee selected PSZJ as its counsel. The Committee, which is the statutory fiduciary for general unsecured creditors, determined that PSZJ's expertise justified its retention as counsel to the Committee in this challenging chapter 11 case and its decision is entitled to deference. As longstanding caselaw makes clear, the Court should not disturb the Committee's choice of counsel.[10]

Second, PSZJ accepted its engagement as counsel to the Committee based on a negotiated hourly rate at a considerable reduction from its regular hourly rate. But, even had the Committee retained PSZJ at its regular hourly rate, "[t]o limit fees to the rates charged by [San Diego] bankruptcy lawyers, merely because these cases happened to be filed in [San Diego], would be a position too capricious and parochial to withstand analysis."[11] Just as in *In re Cascade Acceptance Corp.*, where the court rejected an argument that "the fees of Committee counsel should be limited to those ordinarily charged by a small local law firm like Debtor's counsel and not a large San Francisco law firm" and noted that the "court is only an hour's drive from San Francisco, and San Francisco law firms appear here on a regular basis,"[12] the Court should decline to arbitrarily limit the Committee's choice of experienced counsel to either the rates charged by the Debtor's counsel[13] or the rates that would be charged by San Diego-based law firms. Accordingly, the Committee respectfully requests the Court overrule the Objection and authorize the Committee's proposed retention of PSZJ at the negotiated reduced rate structure as set forth in the Application.

---

[9] *Objection* at p. 2.

[10] *See, e.g., In re Enron Corp.*, 2002 Bankr. LEXIS 1720, at *15-16 (Bankr. S.D.N.Y. May 23, 2002) ("One's choice of counsel is entitled to great deference . . . Unless contrary to a specific statutory provision, the Committee's right to choose its counsel should not be upset."); *In re Buran*, 363 B.R. 358, 360 (Bankr. W.D.N.Y. 2007) ("[I]t is the committee which selects and authorizes the employment of an attorney. The court merely approves that appointment. For this reason, the presiding judge will generally approve the committee's decision, so long as the chosen counsel is otherwise qualified for service.").

[11] *In re Baldwin United Corp.*, 36 B.R. 401, 402 (Bankr. S.D. Ohio 1984); *see also In re Gurley Hous. Assocs., L.P.*, 2021 Bankr LEXIS 49, *7-8 (Bankr. N.D.N.Y. Jan. 12, 2021) (collecting cases); *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006) ("The Court is not bound by local community prices in determining whether a professional's compensation should be allowed under the Code.").

[12] *In re Cascade Acceptance Corp.*, 2011 Bankr. LEXIS 752, at *3 (Bankr. N.D. Cal. Mar. 2, 2011).

[13] While it is true that the Debtor's proposed bankruptcy counsel agreed to a reduced compensation arrangement with the Debtor that is marginally lower than that agreed between the Committee and PSZJ, the hourly rates of the Debtor's eminently qualified healthcare counsel, Hooper Lundy, may exceed PSZJ's agreed reduced rate. *See* Docket No. 89, at p. 11 (stating that the current hourly rates of partners range from $700 to $1,135 per hour).

For the avoidance of doubt, neither the Committee nor PSZJ seeks to limit the Court's ability to review PSZJ's fee applications under section 330 of the Bankruptcy Code. As with all other professionals retained by the Debtor, the Committee, and the Patient Care Ombudsperson, the Court will evaluate PSZJ's fees and expenses taking into account numerous factors,[14] including whether PSZJ "exercise[d] proper billing judgment" in its representation of the Committee.[15]

**DATED:** November 8, 2022

PACHULSKI STANG ZIEHL & JONES, LLP

/s/ Jeffrey N. Pomerantz
Jeffrey N. Pomerantz

[Proposed] Counsel to the Official Committee of Unsecured Creditors

---

[14] *See* 11 U.S.C. § 330(a)(3); *see also Ferrette & Slatter v. United States Tr.* (*In re Garcia*), 335 B.R. 717, 724 (9th Cir. B.A.P. 2005).

[15] *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co.* (*In re Mednet*), 251 B.R. 103, 109 (9th Cir. B.A.P. 2000).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify* **REPLY TO MCKESSON CORP'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 30, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 8, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur**     christine@baurbklaw.com, admin@baurbklaw.com
- **Daren Brinkman**     dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- **Shawn Christianson**     schristianson@buchalter.com, cmcintire@buchalter.com
- **Anthony Dutra**     adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **Jeffrey Garfinkle**     jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**     dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**     mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**     bernardmhansen@sbcglobal.net
- **Teddy Kapur**     tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**     dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inforuptcy.com
- **Tania M. Moyron**     tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **David Ortiz**     david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- **Jeffrey N. Pomerantz**     jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**     mreynolds@swlaw.com, kcollins@swlaw.com
- **Olivia Scott**     olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Andrew B. Still**     astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**     kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- **United States Trustee**     ustp.region15@usdoj.gov
- **Kenneth K. Wang**     kenneth.wang@doj.ca.gov

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)</u>:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2022 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_LA:345808.4 10283/002