SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623-9300
Facsimile: 213 623-9924

Attorneys for the Chapter 11 Debtor and
Debtor In Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor In Possession. | Case No. 22-02384-11<br><br>Chapter 11 Case<br><br>Judge: Honorable Laura S. Taylor<br><br>**DEBTOR'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON MOTION FOR ORDER APPROVING SALE AND BIDDING PROCEDURES**<br><br>[Docket No. 161] |

US_ACTIVE\122551406\V-4

## EX PARTE MOTION

Borrego Community Health Foundation ("BCHF" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Case"), seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, on an *ex parte* basis (the "Motion to Expedite"), pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c) - (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(d) of the Local Bankruptcy Rules (the "Local Rules") for the United States Bankruptcy Court for the Southern District of California (the "Court") shortening the time for a hearing on the *Debtor's Notice of Motion and Motion for the Entry of (I) An Order Approving Form of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures; (3) Approving Process for Discretionary Selection of Stalking Horse Bidder and Bid Protections; (4) Approving Form of Notice to Be Provided to Interested Parties; (5) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder; And (6) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) An Order Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* [Docket No. 161] (the "Sale and Bidding Procedures Motion"). In support of the Motion to Expedite, the Debtor hereby states as follows:

- 1 -

## I.

## **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## **STATEMENT OF FACTS**

### A.  GENERAL BACKGROUND

1. On September 12, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor is a nonprofit federally qualified health center ("FQHC") that provides health care services to low income and rural patients (collectively, "Patients") in San Diego and Riverside Counties through a system of eighteen clinics, two pharmacies, and six mobile units. In 2021, BCHF provided approximately 386,000 patient care visits to over 94,000 patients. BCHF's services include comprehensive primary care, urgent care, behavioral health, dental services, specialty care, transgender health, women's health, prenatal care, veteran's health, chiropractic services, tele-health, and pharmacy.

3. Additional background regarding the Debtor, including an overview of the Debtor's business and additional events leading up to this Case, is set forth in the

*Declaration of Isaac Lee, Chief Restructuring Officer, In Support of Debtor's Emergency First-Day Motions* [Docket No. 7] (the "First Day Declaration").

4. Since the commencement of the Case, the Debtor has been operating its business as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. On September 16, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed Jacob Nathan Rubin, MD, FACC as the Patient Care Ombudsman ("PCO"). [Docket No. 25].

6. On September 26, 2022, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") to represent the unsecured creditors in this Case. [Docket No. 49].

### B. RELEVANT BACKGROUND TO MOTION

7. Since the Petition Date, the Debtor has expended efforts on critical tasks in the Case, including (i) providing high quality patient care to thousands of patients, (ii) operating its business, and (iii) complying with the Court's orders and other chapter 11 requirements. The Debtor also has spent a significant amount of time addressing the urgent matters at issue in the adversary proceeding entitled *Borrego Community Health Foundation v. California Department of Health Care Services* (the "Adversary Proceeding") that the Debtor commenced on September 26, 2022, which bears Adversary Proceeding No. 22-90056, and resulted in this Court's order [Docket No. 66] granting in part the Debtor's motion [Docket No. 3].

- 3 -

US_ACTIVE\122551406\V-4

8. The Sale and Bidding Procedures Motion seeks entry of an order: (a) approving a process by which interested parties may bid (a "Bid") to purchase substantially all of the Debtor's assets (collectively, the "Purchased Assets"), including the assignment and assumption of Assumed Executory Contracts, together with the payment of Cure Costs (as such terms are defined in the Sale and Bidding Procedures Motion); (b) approving a process by which, at the Debtor's election, a stalking-horse bidder may be selected from among those parties making a Bid, and bidding protections may be granted to such stalking horse bidder without further order of the Court; (c) setting bid procedures to establish guidelines for parties interested in making initial Bids and overbids to such initial Bids; (d) if multiple Qualified Bids (as defined in the Sale and Bidding Procedures Motion) are received, scheduling an auction of the Purchased Assets; and (e) scheduling a sale hearing for the Court to approve the highest and best Qualified Bid. The proposed timeline follows:

| Date | Event |
| --- | --- |
| November 28, 2022 | Hearing on Motion |
| November 29, 2022 | Service of approved Bidding Procedures, Auction and Sale Notice |
| December 12, 2022 | Deadline to Submit Indications of Interest |
| December 22, 2022 | Bid Deadline for Qualified Bids |
| January 13, 2023 | Auction |
| TBD | Deadline to file any objections to Sale |

US_ACTIVE\122551406\V-4

| January 19, 2023 | Sale Hearing |
|---|---|

9. The Debtor is a federally qualified health center ("FQHC"). FQHCs are federally designated entities that receive federal grants and enhanced state payments to provide health care services to low-income and rural patients. The Health Resources & Services Administration ("HRSA"), however, must make a determination whether any purchaser of the Debtor's assets also qualifies as a FQHC. The Debtor understands that such a determination by HRSA could take up to six months. Accordingly, because a purchaser of the Debtor's assets might refuse to close before HRSA determines its FQHC status, the Debtor may not receive any proceeds from the contemplated sale for six months.

10. As discussed in the First Day Declaration, the Debtor is currently operating at a monthly cash deficiency. Thus, any delay in closing on this sale will result in less funds will be available for distribution to creditors. Accordingly, Debtor respectfully submits that the Court should expedite the hearing on the Debtor's Sale and Bidding Procedures Motion so that it is heard on November 28, 2022 or the earliest practicable date, and begin the sale process as soon as possible.

11. The Debtor further submits that none of its creditors will be prejudiced by shortening the time requested herein. The Committee has no objection to the Motion to Expedite.

- 5 -

## III.

## DISCUSSION

Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period otherwise required for a motion like the Motion for Interim Fee Procedures.

> [W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced. . . . A written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.

Fed. R. Bankr. P. 9006(c)(1), -(d); *see also* Local Rule 9006-1(d) ("Subject to the limitations of FRBP 9006, a motion for an order extending or shortening time under the Bankruptcy Rules or Local Bankruptcy Rules may be submitted ex parte pursuant to LBR 9013-3(e) with a proposed order.") and 9013-3(e) ("The following motions and applications may be filed without notice and must be accompanied by an order submitted to the Court in accordance with the Administrative Procedures: . . . Motion for order extending or shortening time, as governed by LBR 9006- 1(d) . . . .").

Here, there is "cause" to grant the motion because it is vital that the Debtor close the contemplated sale as soon as possible to minimize its monthly cash

- 6 -

US_ACTIVE\122551406\V-4

deficiency. As discussed, the closing of the sale is contingent on the HRSA's determination that the purchaser is a FQHC. This determination may take up to six months. Any delay in hearing the Sale and Bidding Procedures Motion will further delay the closing of the sale. Given that the Debtor is operating at a monthly cash deficiency, each day the Debtor is delayed in closing on this sale of its assets, less funds will be available for distribution to creditors. Accordingly, it is in the best interest of creditors and the estate to expedite the hearing on the Debtor's Sale and Bidding Procedures Motion so that it is hearing on November 28, 2022 or the earliest practicable date.

Importantly, no creditor or party in interest will be prejudiced by the extension of time requested herein. In fact, the Committee has no objection to the Motion to Expedite. Further, no previous request for the relief sought herein has been made by the Debtor to this or any other court

## IV.
## **CONCLUSION**

Based on the foregoing and such additional reasons as may be advanced at or prior to a hearing on the relief requested herein, the Debtor respectfully requests that this Court enter an order (i) shortening the time for hearing on the Debtor's Sale and Bidding Procedures Motion so that it is heard or November 28, 2022, or the earliest practicable date, and (ii) granting such other and further relief as the Court may deem just.

- 7 -

US_ACTIVE\122551406\V-4

Dated: November 10, 2022

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By  */s/ Tania M. Moyron*
     *Tania M. Moyron*

Attorneys for the Chapter 11 Debtor and Debtor In Possession

## **EXHIBIT A**

US_ACTIVE\122551406\V-4

**CSD 1001B** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Samuel R. Maizel (SBN 189301)

Tania M. Moyron (SBN 235736)

DENTONS US LLP

601 S. Figueroa Street, Suite 2500

Los Angeles, CA 90017-5704

Telephone: 213 623 9300

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

BORREGO COMMUNITY HEALTH FOUNDATION,

   Debtor and Debtor In Possession

Debtor.

BANKRUPTCY NO. 22-02384-11

# ORDER SHORTENING TIME FOR HEARING ON

**Debtor's Notice of Motion and Motion for Entry of Order Approving Bidding Procedures**

The court orders as set forth on the continuation pages attached and numbered __2__ through __2__ with exhibits, if any, for a total of __2__ pages. Motion/Application Docket Entry No. __161__ .

//

//

//

//

//

//

DATED: _____

                              Judge, United States Bankruptcy Court

**CSD 1001B**

CSD 1001B [07/01/18](Page 2)

ORDER SHORTENING TIME FOR HEARING ON

DEBTOR: BORREGO COMMUNITY HEALTH FOUNDATION,
Debtor and Debtor In Possession

CASE NO: 22-02384-11

Upon review of the ex parte application for order shortening time for notice of hearing on the Debtor's Notice Of Motion And Motion For Entry Of (I) An Order (1) Approving Form Of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures; (3) Approving Process for Discretionary Selection of Stalking Horse Bidder and Bid Protections; (4) Approving Form Of Notice To Be Provided To Interested Parties; (5) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest And Best Bidder; And (6) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Expired Leases; And (II) An Order Authorizing The Sale Of Property Free And Clear Of All Claims, Liens, And Encumbrances [Docket No. 161] (the "Motion"), filed concurrently herewith

and for good cause appearing therefore,

**It is ordered** that this Court will conduct a hearing on the Motion, and any opposition, thereto on _____ at _____ .m. in Department No. _____, Room _____ of the United States Bankruptcy Court, Southern District of California, 325 West F Street, San Diego, California 92101-6991.

**It is further ordered** that the Notice of Motion and Motion must be filed and served no later than _____. Service will be deemed complete when delivered

☐   personally, or

☐   by electronic method, or

☐   by first class or overnight mail, or

☐   as provided for in the application for order shortening time.

**It is further ordered** that all opposition, if any, to the Motion must be filed and served no later than _____.

**It is further ordered** that a reply, if any, to the opposition to the Motion must be filed and served no later than _____.

CSD 1001B