**CSD 1001C** [07/01/18]
Name, Address, Telephone No. & I.D. No.

SAMUEL R. MAIZEL (Bar No. 189301)
TANIA M. MOYRON (Bar No. 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623-9300

**Order Entered on**
December 19, 2022
by Clerk U.S. Bankruptcy Court
Southern District of California

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re  BORREGO COMMUNITY HEALTH FOUNDATION,

**LODGED**

BANKRUPTCY NO.  22-02384-11

Date of Hearing: December 7, 2022
Time of Hearing: 2:00 p.m.
Name of Judge: Laura S. Taylor

Debtor.

## COURT MODIFIED

**ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (2) APPROVING AUCTION SALE FORMAT AND BIDDING PROCEDURES; (3) APPROVING PROCESS FOR DISCRETIONARY SELECTION OF STALKING HORSE BIDDER AND BID PROTECTIONS; (4) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES; (5) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST AND BEST BIDDER; AND (6) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II) AN ORDER AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The court orders as set forth on the continuation pages attached and numbered __2__ through __5__ with

exhibits, if any, for a total of __34__ pages.  Notice of Lodgment Docket Entry No. __161__ .

//

//

//

//

//

//

//

DATED:          December 19, 2022

Judge, United States Bankruptcy Court

CSD 1001C [07/01/18]                                                                                                      Page **2** of 5

ORDER ON: ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (2) APPROVING AUCTION SALE FORMAT AND BIDDING PROCEDURES; (3) APPROVING PROCESS FOR DISCRETIONARY SELECTION OF STALKING HORSE BIDDER AND BID PROTECTIONS; (4) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES; (5) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST AND BEST BIDDER; AND (6) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II) AN ORDER AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DEBTOR:  BORREGO COMMUNITY HEALTH FOUNDATION                          CASE NO: 22-02384-11

This matter coming before the Court on the motion [Docket No. 161] (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of the Order, as applicable, pursuant to §§ 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"),  Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9013 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California ("LBR"): (a) approving a process by which interested parties may bid (a "Bid") to purchase substantially all of the Debtor's assets (collectively, the "Purchased Assets"), including the assignment and assumption of Assumed Executory Contracts, together with the payment of Cure Costs (as such terms are defined in the Motion); (b) approving a process by which, at the Debtor's election, a stalking-horse bidder may be selected from among those parties making a Bid, and bidding protections may be granted to such stalking horse bidder without further order of the Court; (c) setting bid procedures to establish guidelines for parties interesting in making initial Bids and overbids to such initial Bids; (d) if multiple Qualified Bids (as defined in the Motion) are received, scheduling an auction of the Purchased Assets; and (e) scheduling a sale hearing for the Court to approve the highest and best Qualified Bid.  The Court, having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances and properly given; and it appearing that no other or further notice need be provided; and having considered the objection [Docket No. 187] filed by the California Department of Health Care Services ("DHCS"), the limited objection [Docket No. 199] filed by AB Staffing Solutions, LLC ("AB Staffing"), the objection [Docket No. 201] filed by Inland Empire Health Plan ("IEHP"), the objection [Docket No. 206] filed by the U.S. Department of Health and Human Services ("HHS"), the Debtor's replies [Docket Nos. 260, 261] (collectively, the "Reply") thereto, and any other argument or evidence properly before the Court; and a hearing on the proposed Bidding Procedures as detailed in the Motion having been held (the "Hearing"); and after due deliberation the Court having determined that the relief requested in the Motion with respect to the proposed Bidding Procedures is in the best interests of the Debtor, its estate, and its creditors; and for the reasons set forth in the Court's tentative ruling [Docket No. 272], which the Court adopts as its final ruling and which is incorporated herein by reference (the "Ruling"); and good and sufficient cause having been shown:

AND IT IS FURTHER FOUND AND DETERMINED THAT:

A.      The statutory and legal predicates for the relief requested in the Motion and provided for herein are §§ 105(a), 363, and 365, Rules 2002, 6004, 6006, 9007, and 9014, and LBR 9013.

B.      In the Motion, the Reply, and at the Hearing, the Debtor demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

C.      The Debtor's proposed Procedures Notice, Cure Notice, the Auction, the Auction Procedures, and the hearing to approve the sale of the Purchased Assets (the "Sale Hearing") are appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

D.      The Bidding Procedures substantially in the form attached hereto as Exhibit "1" are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

E.      The Break-Up Fee is reasonably calculated to: (1) attract or retain a potentially successful bid; (2) establish a bid standard or minimum for other bidders to follow; and (3) attract additional bidders.  Accordingly, in light of the foregoing, the size and nature of the Sale, and the efforts that would be expended by a Stalking Horse Purchaser, the Break-Up Fee is reasonable and appropriate.

F.      The procedures for assumption and assignment of Assumed Executory Contracts (the "Assumption and Assignment Procedures") attached hereto as Exhibit "2" and the Cure Notice are reasonable and appropriate and consistent with the provisions of § 365 and Rule 6006.  The Assumption and Assignment Procedures and the Cure Notice have been narrowly tailored to provide an adequate opportunity for all non-debtor counterparties to the Assumed Executory Contracts to assert any Assumption Objection.

G.      Entry of this Order at this time is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

CSD 1001C

Signed by Judge Laura Stuart Taylor December 19, 2022

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The AB Staffing and IEHP objections to the relief requested in the Motion, insofar as it related to this Order, that have not been resolved herein, withdrawn, waived or settled are overruled.

3.      The DHCS and HHS objections to the relief requested in the Motion, are continued to the Sale Hearing.

4.      The Bidding Procedures attached hereto as Exhibit "I" are APPROVED.

5.      The Assumption and Assignment Procedures attached hereto as Exhibit "2" are APPROVED.

6.      The following dates and deadlines concerning the Sale are APPROVED:

- January 5, 2023 - Deadline to Submit Indications of Interest
- January 17, 2023 - Deadline to serve Cure Notice
- January 23, 2023, at 5:00 p.m. - Bid Deadline for Qualified Bids
- February 6, 2023, at 10:00 a.m. - Auction (if necessary)
- February 13, 2023, at 5:00 p.m. - Deadline to file any objections to Sale
- February 16, 2023 - Deadline to file any replies to objections to Sale
- February 22, 2023, at 1:00 p.m. - Sale Hearing

7.      The Debtor, in its discretion, after consultation with the Committee, is authorized to designate a Qualified Bidder as the "Stalking Horse Bidder" and award stalking horse protections, including a break-up fee and expense reimbursement in an amount not to exceed in the aggregate 2.5% of the proposed Purchase Price under such Qualified Bidder's Qualified APA (the "Break-Up Fee").  The Debtor shall have no obligation to designate any Qualified Bidder as the Stalking Horse Bidder.  The award of stalking horse protection may occur without further notice or order of the Court other than the filing of a notice on the Bankruptcy Court docket no later than twenty-four (24) hours prior to the commencement of the Auction.  If such designation is made, the Debtor shall notify all other Potential Bidders and, unless the Debtor receives a higher or better bid (as determined by the Debtor after consultation with the Committee) prior to the Auction, the Opening Bid at the Auction shall be the Bid of the Qualified Bidder that has been designated as the Stalking Horse Bidder.

8.      The Break-Up Fee is APPROVED.  Any Break-Up Fee, to the extent payable, shall only be paid from the cash proceeds received by the Debtor at the closing of a Sale or the transfer of the Purchased Assets to a party other than the Stalking Horse Bidder.

9.      The Bid Deadline shall be January 23, 2023 at 5:00 p.m. (prevailing Pacific Time).

10.     The Debtor, after consultation with the Committee, shall determine, in its reasonable discretion, whether a Bid has satisfied each of the Bid Requirements.  No later than one business day prior to the Auction, the Debtor shall file and serve on all Potential Bidders that submitted a Bid (regardless of whether such Bid was determined to be a Qualified Bid) a notice indicating which Potential Bidders have submitted Qualified Bids.

11.     Following execution of a mutually-agreeable nondisclosure agreement, the Debtor shall provide IEHP, Blue Shield of California and Blue Shield of California Promise Health Plan (collectively, the "Special Notice Parties") a list of all interested parties that have received due diligence from the Debtor for purposes of the Sale.  The Debtor shall also provide the Special Notice Parties a list of Potential Bidders which submitted Indications of Interest and a list of any Potential Bidders which submitted a Bid for the Purchased Assets promptly after receiving such Indications of Interest(s) and Bid(s), as applicable.  Lists provided to the Special Notice Parties shall be updated as appropriate (e.g., if a new potential bidding party appears after the Debtor provides a list, then the Debtor shall promptly update the applicable list with the identity of such party).

12.     If any Bids are designated as Qualified Bids, the Auction shall be held on February 6, 2023, at 10:00 a.m. (prevailing Pacific Time) at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least twenty-four (24) hours before the Auction.   Authorized representatives of the Special Notice Parties, as well as their legal and financial advisors, shall be among the parties permitted to attend the Auction.

13.     At the Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auction shall be conducted openly and transcribed (with Qualified Bidders, the Debtor, the Committee (including its members), and their respective legal and financial advisors, permitted to attend). Upon the conclusion of the Auction (if such Auction is conducted), the Debtor, in the exercise of its reasonable, good-faith business judgment and after consultation with the Committee, shall identify (i) the Winning Bid, which is the highest and best Qualified Bid submitted at the Auction; and (ii) the next highest and best Qualified Bid (the "Back-Up Bid" and the party submitting the Back-Up Bid, the "Back-Up Bidder"). In evaluating Qualified Bids, the Debtor may consider whether the Qualified Bidder demonstrates a commitment to operating Debtor's clinics as a FQHC providing continuity of culturally competent care to its patients. Each of the Winning Bidder and the Back-Up Bidder shall execute a definitive Qualified Bid conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable, but in no event later than prior to the Sale Hearing.

14.     The Sale Hearing shall be held on February 22, 2023, at 1:00 p.m. (prevailing Pacific Time) before this Court, the U.S. Bankruptcy Court for the Southern District of California, 325 West F Street, San Diego, California. Any objections to the Sale (other than an Assumption Objection (defined herein) which shall be governed by the procedures set forth below) (a "Sale Objection"), must: (i) be in writing; (ii) comply with the Rules and the LBRs; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with the Court, 325 West F Street, San Diego, California, together with proof of service, February 13, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "Sale Objection Deadline"); and (v) be served, so as to be actually received on or before the Sale Objection Deadline, upon (i) counsel to the Debtor: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com)); (ii) financial advisor to the Debtor: Ankura, 2021 McKinney Avenue, Suite 340, Dallas, TX 75201 (Attn: CJ Pease (charles.pease@ankura.com)); (iii) the Office of the United States Trustee (the "U.S. Trustee"): 880 Front Street, Room 3230, San Diego, CA 92101 (Attn: David Ortiz (david.a.ortiz@usdoj.gov)); (iv) counsel to the Committee: Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com)); and (v) financial advisor to the Committee: FTI, 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071 (Attn: Cynthia Nelson (cynthia.nelson@fticonsulting.com) and Marc Bilbao (marc.bilbao@fticonsulting.com)) (collectively, the "Notice Parties"). If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the objecting party may be barred from objecting to the Sale and may not be heard at the Sale Hearing, and this Court may enter an order approving the Sale without further notice to such party. Replies to any Sale Objections must be filed on or before February 16, 2023.

15.     The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtor shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, and after consultation with the Committee, to cancel the Sale at any time subject to, and in accordance with, the terms of this Order.

16.     The following forms of notice are approved: (a) the Procedures Notice, in the form substantially similar to that attached hereto as Exhibit "3" and (b) the Cure Notice, in the form substantially similar to that attached hereto as Exhibit "4."

17.     The Debtor shall file with the Court and serve a copy of this Order and the Procedures Notice by first class mail, postage prepaid, on the Notice Parties and all parties which have requested to receive notice under Rule 2002 within one (1) business day following entry of this Order.

18.     The Debtor shall file with the Court and serve the Cure Notice (along with a copy of this Order) upon each counterparty to the Assumed Executory Contracts by no later than January 17, 2023. The Cure Notice shall state (i) the date, time, and place of the Sale Hearing, and (ii) the date by which any objection to the assumption and assignment of Assumed Executory Contracts (including the Cure Amount) (an "Assumption Objection") must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

19.     To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

20.     The Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms

CSD 1001C [07/01/18]

and conditions of this Order shall be immediately effective and enforceable.

CSD 1001C

Signed by Judge Laura Stuart Taylor December 19, 2022

## **Exhibit 1**

Supplemental Bid Procedures

**BIDDING PROCEDURES**

Borrego Community Health Foundation (the "Debtor") proposes to conduct an auction for the Sale (as defined under Paragraph 1 below) of the Purchased Assets (as defined under Paragraph 2 below) and will proceed in accordance with the following bid procedures ("Bidding Procedures") which have been approved pursuant to an Order entered by the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court") on December [   ], 2022 ("Bidding Procedures Order") in the Chapter 11 case styled *Borrego Community Health Foundation*, Case No. 22-02384-11 (the "Bankruptcy Case").

The form of asset purchase agreement for the Sale is posted in the Debtor's on-line data room (the "Draft APA").  As provided for below, the Debtor is soliciting bids ("Bids") for the proposed acquisition of the Purchased Assets, in accordance with the procedures below, which require, among other requirements, that prospective bidders submit an executed asset purchase agreement, in the form of the Draft APA, along with a marked version evidencing any changes to the Draft APA.  The Debtor will consider all Bids which comply with the terms of these Bidding Procedures; provided, that, Bids will be evaluated based upon the cash consideration provided by such offer.

1.  **Sale Proposal**¶ These Bidding Procedures set forth the terms by which prospective bidders may qualify for and participate in the Auction (as defined under Paragraph 13 below), thereby competing to make the highest and best offer for the Purchased Assets.  The sale of the Purchased Assets (a "Sale") shall be free and clear of any and all claims, liens, and other encumbrances, pursuant to § 363 of title 11 of the United States Code (the "Bankruptcy Code"),[1] with all such liens, claims and encumbrances attaching to the proceeds of the Sale to the same extent and with the same priority as such liens, claims and encumbrances attached to the Purchased Assets prior to the Sale, subject to the objections of the California Department of Health Care Services and United States Department of Health and Human Services to be heard at the Sale Hearing.

2.  **Purchased Assets**¶ For purposes of a Sale, the "Purchased Assets" consist of any or all tangible and intangible real and personal property assets of the Debtor as defined and set forth in the Draft APA.

3.  **"As Is, Where Is" Sale**¶ Except as explicitly set forth in the Draft APA, any Sale of the Purchased Assets will be transferred on an "as is, where is" basis, with all faults, and without representations or warranties of any kind, nature or description by the Debtor, its agents or estates, whether written, verbal, express, implied, or by operation of law.

4.  **Committee**¶   "Committee" means, collectively, the Official Committee of Unsecured Creditors.

---

[1] Unless specified otherwise, all "§" or "Section" references are to the Bankruptcy Code.

1

5. **<u>Potential Bidders / Execution of NDA/ Financial Information</u>**¶ To participate in the Auction, any party (a "<u>Potential Bidder</u>") wishing to submit a Bid to purchase the Purchased Assets must execute, or have executed, a nondisclosure agreement ("<u>NDA</u>") in the form provided by Debtor's advisors and in form and substance satisfactory to the Debtor before such Potential Bidder may receive due diligence information from the Debtor, including access to the Debtor's on-line data room or other non-public information relating to the Purchased Assets. In addition, any Potential Bidder must submit financial information to the Debtor, who shall provide such financial information to the Committee's professionals upon request, to evidence such Potential Bidder's ability to consummate the Sale, which information must be satisfactory to the Debtor after consultation with the Committee.[2] Further, on or before **January 5, 2023**, any Potential Bidder must submit an Indication of Interest to purchase the Purchased Assets to the Debtor and the Committee, which includes (1) the proposed structure of the transaction, purchase price and any material terms; (2) a description of the acquiring entity and relevant experience; (3) proposed plans for the assets following consummation of the sale transaction; (4) evidence of financial capacity to complete the transaction; (5) authority and approval to complete the transaction; (6) a detailed description of the due diligence information and / or investigation you may require to submit a Bid; (7) a proposed timetable for consummating the transaction; and (8) contact information for the Potential Bidder; *provided, however,* that a Potential Bidder's failure to submit an Indication of Interest on or before January 5, 2023 shall not be a basis to disqualify such Potential Bidder from further participation in the Sale process.

6. **<u>Due Diligence</u>**¶ After receipt of an executed NDA, the Debtor shall, upon request by the Potential Bidder, provide each Potential Bidder reasonable due diligence information as soon as reasonably practicable after such request, including access to the Debtor's on-line data room. The Debtor shall not furnish, and shall have no obligation to furnish, any confidential and/or non-public information relating to the Purchased Assets or the Debtor (collectively, "<u>Confidential Information</u>"), or grant access to the Debtor's on-line data room, to (i) any person that does not qualify as a Potential Bidder, or (ii) to Potential Bidders who, at such time and in the Debtor's reasonable business judgment, after consultation with the Committee, have not established, or who have raised doubt, that such Potential Bidder intends in good faith to, or has the capacity to, consummate the Sale; *provided, however*, that the Debtor is required to provide access to the on-line data room, and the Confidential Information contained within, to the Committee.

7. **<u>Representations and Warranties</u>**¶. The Debtor makes no representation or warranty as to the Confidential Information provided through the due diligence process or otherwise, <u>except</u> to the extent set forth in the Draft APA (or as set forth in any Qualified APA (as defined under Paragraph 9 below) entered into

---

[2] As used herein, "in consultation with the Committee" means prior consultation and discussion with the Committee.

2

between the Debtor and the Winning Bidder (as defined under Paragraph 13 below). No party may conduct any additional due diligence after the Bid Deadline (as defined under Paragraph 8 below).

8.    **Bid Deadline**¶ Potential Bidders must submit their Bids so that such Bids are actually received by each of the following parties **no later than 5:00 p.m. (Pacific Time) on January 23, 2023** (the "<u>Bid Deadline</u>"): (i) counsel to the Debtor: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com)); (ii) financial advisor to the Debtor: Ankura, 2021 McKinney Avenue, Suite 340, Dallas, TX 75201 (Attn: CJ Pease (charles.pease@ankura.com)); (iii) the Office of the United States Trustee (the "U.S. Trustee"): 880 Front Street, Room 3230, San Diego, CA 92101 (Attn: David Ortiz (david.a.ortiz@usdoj.gov)); (iv) counsel to the Committee: Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com)); and (v) financial advisor to the Committee: FTI, 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071 (Attn: Cynthia Nelson (cynthia.nelson@fticonsulting.com) and Marc Bilbao (marc.bilbao@fticonsulting.com)) (collectively, the "<u>Bid Deadline Recipients</u>"). The Debtor shall provide Inland Empire Health Plan, Blue Shield of California and Blue Shield of California Promise Health Plan (collectively, the "<u>Special Notice Parties</u>") the identity of Potential Bidders promptly upon receipt of their Bid. Potential Bidders may either e-mail their Bids to the e-mail addresses listed above or may deliver hard-copies of their Bids to the physical addresses listed above so that they are actually received by the Bid Deadline. The Debtor shall have no obligation to consider any other delivery format, such as fax, as being acceptable. The Debtor may, after consultation with the Committee, extend the Bid Deadline until the commencement of the Auction for one or more Potential Bidders without prior notice to any party (with the exception of the Special Notice Parties, who shall be notified promptly), but shall have no obligation to do so under any circumstances. For the avoidance of doubt, the Debtor and/or the Committee may seek authority from the Court, including on an expedited basis, to extend the Bid Deadline for cause.

9.    **Qualified Bid**¶ In order to constitute a "<u>Qualified Bid</u>," a Bid must satisfy the following requirements (the "<u>Bid Requirements</u>"):

(a)    be submitted (i) in writing and (ii) be received by the Bid Deadline Recipients by the Bid Deadline as set forth in Paragraph 8 of these Bidding Procedures, subject to Paragraph 11 of these Bidding Procedures;

(b)    constitute a good faith, bona fide offer to purchase the Purchased Assets in accordance with the terms of the Qualified APA (as defined in this Paragraph 9) for a proposed purchase price ("<u>Purchase Price</u>") identified in such Qualified APA and defined as the "Purchase Price" therein;

3

(c)     identify the legal name of the Potential Bidder (including any direct or indirect equity holders, if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale);

(d)     be accompanied by a clean and a duly executed copy of an asset purchase agreement (the "Qualified APA"), the form of which shall be consistent with the Draft APA and which shall not be inconsistent with these Bidding Procedures;

(e)     be accompanied by a copy of the Qualified APA which is marked to reflect the amendments and modifications compared to the Draft APA;

(f)     be accompanied by a copy of the draft Sale Order (as defined under Paragraph 15 below) marked to reflect the amendments and modifications (if any) compared to the form of draft Sale Order posted in the Debtor's on-line data room;

(g)     be accompanied by a deposit by wire transfer in an amount equal to the greater of $200,000 or ten percent (10%) of the aggregate Purchase Price in certified funds or such other amount acceptable to the Debtor, in consultation with the Committee ("Deposit"), to be held in escrow and treated in accordance with the provisions of Paragraph 16 of these Bidding Procedures;

(h)     provide sufficient and adequate information to demonstrate to the satisfaction of the Debtor, in consultation with the Committee, that such Potential Bidder has the financial wherewithal and ability to consummate the Sale;

(i)     contain sufficient explanation to permit the Debtor and the Committee to determine whether such Potential Bidder demonstrates a commitment to operating Debtor's clinics as a Federally Qualified Health Center ("FQHC") providing continuity of culturally competent care to its patients;

(j)     include a written statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures and the Bidding Procedures Order and consents to the jurisdiction of the Bankruptcy Court (including waiving any right to a jury trial) in connection with any disputes related to these Bidding Procedures as well as (*each as defined below*) the Auction, the Sale Hearing, the Sale Order and/or the closing of the Sale;

(k)     include a written statement outlining the absence or presence, and details thereof, of any relationship, affiliation, or connection of any kind between the Potential Bidder, on the one hand, and the Debtor and/or any of its affiliates, current or former officers, directors, and/or investors;

4

(l)     not be conditioned on any due diligence, financing, or other contingencies other than upon entry of the Sale Order, and any other contingencies solely to the extent set forth in the Qualified APA;

(m)     remain irrevocable until forty-eight (48) hours after the conclusion of the Sale Hearing or such longer period of time as set forth below if the Potential Bidder is selected as the Winning Bidder or Back-Up Bidder (as defined below);

(n)     states whether the Potential Bidder is willing to serve as a stalking horse bidder and specify any requested bidding protections, including a break-up fee and/or expense reimbursement in an amount not to exceed in the aggregate 2.5% of the proposed Purchase Price of such Bid; and

(o)     states that the Potential Bidder is willing to serve as a Back-Up Bidder and that its Qualified Bid (or any Qualified Bid as modified at the Auction) shall constitute the Back-Up Bid if the Debtor determines that it qualifies as the Back-Up Bid in accordance with the provisions of Paragraph 14.

10.     **Discretionary Determination of Stalking Horse Bidder**¶  The Debtor, in its discretion, after consultation with the Committee, may agree that a Qualified Bidder which indicated a willingness to serve as a stalking horse bidder shall be afforded stalking horse status and protections (the "Stalking Horse Bidder"), including a break-up fee and expense reimbursement in an amount not to exceed in the aggregate 2.5% of the proposed Purchase Price under such Qualified Bidder's Qualified APA (the "Break-Up Fee").  Any Break-Up Fee, to the extent payable, shall only be paid from proceeds received by the Debtor at the closing of a Sale with a Qualified Bidder other than the Stalking Horse Bidder.  The award of stalking horse protection may occur without further notice (other than the filing of a notice on the Bankruptcy Court docket no later than twenty-four (24) hours prior to the commencement of the Auction) or order of the Bankruptcy Court; provided, however, that the Special Notice Parties shall be promptly notified of the identity of such Stalking Horse Bidder if and when designated.  If such designation of the Stalking Horse Bidder is made, the Debtor shall notify all other Potential Bidders and, unless the Debtor receives a higher or better bid (as determined by the Debtor after consultation with the Committee) prior to the Auction, the Opening Bid at the Auction shall be the Bid of the Qualified Bidder that has been designated as the Stalking Horse Bidder.

11.     **Determination of Qualified Bids**¶  A Bid that satisfies each of the Bid Requirements, as determined by the Debtor in its reasonable discretion, in consultation with the Committee, constitutes a "Qualified Bid", and such Potential Bidder constitutes a "Qualified Bidder."  The Debtor may determine, in consultation with the Committee, that a Bid is not a Qualified Bid if the Qualified APA differs in any material respect from the Draft APA.  Prior to the Auction, the Debtor shall determine, after consultation with the Committee, whether any submitted bids constitute Qualified Bids, and shall further promptly notify the

5

Special Notice Parties if any Bid is or is not a Qualified Bid. No later than one business day prior to the Auction, the Debtor shall file and serve on all Potential Bidders that submitted a Bid (regardless of whether such Bid was determined to be a Qualified Bid) a notice (the "<u>Auction Notice</u>") indicating which Potential Bidders have submitted Qualified Bids. If any Bids are designated as Qualified Bids, the Auction shall be conducted on February 6, 2023, as further described below. If the Debtor only receives one Qualified Bid, then the Auction Notice shall provide that the Debtor will not proceed with an Auction.

12.     **<u>Auction</u>**¶ The Debtor shall conduct an auction on **February 6, 2023**, at the offices of Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017, commencing at 10:00 a.m. Pacific Time (the "<u>Auction</u>"). The Auction will be conducted to determine the highest and best Qualified Bid (the "<u>Winning Bid</u>," with such bidder being the "<u>Winning Bidder</u>"). Subject to paragraph 18 below, the Auction will be conducted in accordance with the following procedures (the "<u>Auction Procedures</u>"):

(a)     only Qualified Bidders, in person or through duly-authorized representatives at the Auction may bid at the Auction, and every Qualified Bidder must have at least one (1) such duly-authorized representative with authority to bind the Qualified Bidder at the Auction;

(b)     only such authorized representatives of each of the Qualified Bidders, the Debtor, the Committee (including its members), and the Special Notice Parties, and their respective legal and financial advisors shall be permitted to attend the Auction;

(c)     prior to the commencement of the Auction, representatives of the Debtor, and/or the Committee may have discussions with each Qualified Bidder with respect to the terms and conditions of such Qualified Bids, and the Debtor will have selected, in consultation with the Committee, a Qualified Bid to become the opening bid at the Auction (the bid submitted by such Qualified Bidder shall be referred to as the "<u>Opening Bid</u>" and the Qualified Bidder shall be referred to as the "<u>Opening Bidder</u>");

(d)     bidding shall commence at the amount of the Opening Bid. The Opening Bid shall be announced by the Debtor at or before the commencement of the Auction. Other Qualified Bidders may then submit successive bids in increments of at least $500,000 (plus, with respect to the first successive bid, the amount of the Break-Up Fee, if any) higher than the Opening Bid, and all subsequent bids must be at least $500,000 higher than the previous bid. To the extent a Stalking Horse Bidder submits higher bids, such Stalking Horse Bidder shall have the right (but not the obligation) to increase its Opening Bid by using, as a credit, the amount of the Break-Up Fee when determining whether any Stalking Horse Bidder has topped the previous bid by the required amount;

6

(e) Qualified Bidders shall have the right to submit additional bids that include modifications to their Qualified APA at the Auction, consistent herewith, provided that any such modifications to the Qualified APA, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor than any prior bid by such party (as determined by the Debtor, following consultation with the Committee). The Debtor, in consultation with the Committee, reserves the right to separately negotiate the terms of any Qualified Bids at the Auction, provided the terms are fully disclosed at the time such Qualified Bid is formally submitted;

(f) the bidding will be transcribed by a certified court reporter employed by the Debtor to ensure an accurate recording of the bidding at the Auction;

(g) each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale and is not in violation of § 363(n); and

(h) absent irregularities in the conduct of the Auction, the Debtor will not consider any Potential Bids made after the Auction is closed.

13. **<u>Acceptance of the Winning Bid and Designation of the Back-Up Bid</u>**¶

(a) Upon the conclusion of the Auction (if such Auction is conducted), the Debtor, in the exercise of its reasonable, good-faith business judgment and after consultation with the Committee, shall identify (i) the Winning Bid, which is the highest and best Qualified Bid submitted at the Auction; and (ii) the next highest and best Qualified Bid (the "<u>Back-Up Bid</u>" and the party submitting the Back-Up Bid, the "<u>Back-Up Bidder</u>"). In evaluating Qualified Bids, the Debtor may consider whether the Qualified Bidder demonstrates a commitment to operating Debtor's clinics as a FQHC providing continuity of culturally competent care to its patients.

(b) Each of the Winning Bidder and the Back-Up Bidder shall be required to execute a definitive Qualified Bid conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable but, in no event, prior to the Sale Hearing. For the purposes of these Bidding Procedures, the definitive agreement executed by the (i) Winning Bidder shall be defined as the "<u>Winning Bid APA</u>" and (ii) Back-Up Bidder shall be defined as the "<u>Back-Up Bid APA.</u>" The Back-Up Bidder must keep the Back-Up Bid open and irrevocable until the earlier of (i) 5:00 p.m. (Pacific Time) on the date which is thirty (30) days after the entry of the Sale Order (the "<u>Outside Back-Up Date</u>"), or (ii) the date of closing of the Sale to the Winning Bidder.

(c) Within two business days after the conclusion of the Auction, the Winning Bidder and the Back-Up Bidder shall each deposit with the Debtor an additional amount in cash such that, when combined with their existing

7

Deposit, each such bidder's aggregate Deposit equals the greater of $200,000 or ten percent (10%) of the Purchase Price reflected in the final bid of the Winning Bidder and of the Back-Up Bidder, respectively (such additional amounts shall be included in the definition of the "Deposit").

(d)    If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid as the winner of the Auction (conditioned upon approval by the Bankruptcy Court) only when (i) such bid is declared the Winning Bid; (ii) definitive documentation has been executed in respect thereof; and (iii) any additional Deposit required as a result of a bid submitted at the Auction (as required by the Bidding Procedures) has been provided to the Debtor.  Such acceptance is also conditioned upon approval by the Court of the Winning Bid and (if applicable) the Back-Up Bid.

14.    **Sale Hearing**¶

(a)    The sale hearing is presently scheduled to take place **on February 22, 2023 at 1:00 p.m. (Pacific Time)**, or as soon thereafter as counsel may be heard, before the Honorable Laura S. Taylor, Dept. 3 – Courtroom 129, 325 West F Street, San Diego, California (the "Sale Hearing").

(b)    Within two business days after the conclusion of the Auction (and in advance of the Sale Hearing), the Debtor will file a notice of the Winning Bid and Back-Up Bid, along with copies of the Winning Bid APA, Back-Up Bid APA and the proposed Sale Order (the "Notice of Winning Bid and Back-Up Bid"), redacted as necessary to protect commercially sensitive and/or confidential information.

(c)    Any objection to the approval of the Winning Bid and Back-Up Bid shall be filed no later than **February 13, 2023, at 5:00 o'clock p.m. (Pacific Time)** (the "Sale Objection Deadline").

(d)    The Debtor will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was properly conducted, and the Winning Bidder and the Back-Up Bidder were properly selected, in accordance with these Bidding Procedures, (ii) the Auction was fair in substance and procedure, (iii) each of the Winning Bid and the Back-Up Bid was a Qualified Bid, (iv) closing of the Sale with the Winning Bid (or if applicable, the Back-Up Bid) will provide the highest and best value for the Purchased Assets and is in the best interests of the Debtor and (v) each of the Winning Bidder and the Back-Up Bidder are deemed to be purchasers of the Purchased Assets in good faith as set forth in § 363(m).

(e)    At the Sale Hearing, the Debtor shall request the Bankruptcy Court to enter an order approving the Winning Bid and, if applicable, the Back-Up Bid

8

(the "Sale Order").  Except to the extent revised by the Debtor in its discretion, after consultation with the Committee and the Winning Bidder, the proposed Sale Order presented to the Bankruptcy Court at the Sale Hearing shall be in the form submitted as part of the Winning Bid.

(f)    At the Sale Hearing, the Debtor shall also request, as part of the Sale Order, authorization from the Bankruptcy Court to accept the Back-Up Bid as the Winning Bid, and consummate such bid, if the Winning Bid is not consummated when and as required by its terms without further order of the Bankruptcy Court.  The Debtor and the Back-Up Bidder shall be bound to consummate the Back-Up Bid if the Winning Bid terminates, at which time the Back-Up Bidder shall be deemed the Winning Bidder.  The Debtor shall promptly give notice to the Back-Up Bidder if the Winning Bid is terminated and shall provide the Back-Up Bidder a reasonable period within which to close as set forth in the Back-Up Bid APA.

(g)    After approval of the Sale and entry of the Sale Order, the Debtor shall request the Health Resources & Services Administration ("HRSA") approve the Winning Bidder as a federally qualified health center and the transfer of certain federal grants and state payments to the Winning Bidder.  It may take up to six months for the HRSA to complete this approval process.

15.    **Treatment of Deposit¶**

(a)    The Deposit of each Potential Bidder shall be held pursuant to an escrow agreement acceptable to the Debtor, subject to the prior consent of the Debtor as to the escrow agent and form of escrow agreement, where such consent is not to be unreasonably withheld.

(b)    Upon closing of the Sale with the Winning Bidder (or Back-Up Bidder, if applicable), the Deposit of the Winning Bidder or Back-Up Bidder shall be credited to the Purchase Price.  The Deposit of the Winning Bidder or Back-Up Bidder will be forfeited to the Debtor if the Winning Bidder or Back-Up Bidder fails to enter into the required definitive documentation or to consummate the applicable sale transaction in accordance with these Bidding Procedures and the terms of the applicable transaction documents with respect to the Winning Bid and Back-up Bid as shall be set forth in the Winning Bid APA and Back-Up Bid APA or as otherwise ordered by the Bankruptcy Court.

(c)    The Deposits of any Qualified Bidders other than the Winning Bidder and the Back-Up Bidder will be returned within two (2) business days after the conclusion of the Sale Hearing; provided, that, the Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder at the earlier of (i) the closing of the Sale to the Winning Bidder, and (ii) thirty (30) days after entry of the Sale Order.

9

    (d)    The Deposit of any Potential Bidder who is determined not to be a Qualified Bidder shall be returned to such Potential Bidder within two (2) business days of such determination, pursuant to the terms of the applicable escrow agreement.

16.    **Payment of the Break-Up Fee.**  If any Stalking Horse Bidder is not the Winning Bidder, the Debtor shall pay the Break-Up Fee to such Stalking Horse Bidder as set forth in the agreement between the Debtor and the Stalking Horse Bidder providing for such Break-Up Fee, but in no event shall payment be any earlier than the time of the consummation of the sale of the Purchased Assets or transfer thereof in the context of an Alternative Transaction, and shall only be paid from the proceeds of such sale or upon the transfer of such Purchased Assets. Notwithstanding the foregoing, a Break-Up Fee will only be payable if the Debtor has previously determined pursuant to Paragraph 10 of these Bidding Procedures that a bid merits stalking horse status and protections.

17.    **Reservation of Rights**¶  **THE DEBTOR RESERVES ITS RIGHTS TO MODIFY THESE BIDDING PROCEDURES IN ANY MANNER IN CONSULTATION WITH THE COMMITTEE THAT WILL BEST PROMOTE THE GOALS OF THE BIDDING PROCESS.  THE DEBTOR FURTHER RESERVES ITS RIGHTS, UNLESS OTHERWISE ORDERED BY THE COURT, TO IMPOSE, IN CONSULTATION WITH THE COMMITTEE, AT OR PRIOR TO THE AUCTION, ADDITIONAL TERMS AND CONDITIONS ON THE SALE OF THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, EXTENDING THE DEADLINES SET FORTH IN THESE BIDDING PROCEDURES, ADJOURNING THE AUCTION AT OR PRIOR TO THE AUCTION AND/OR ADJOURNING THE SALE HEARING PRIOR TO SUCH HEARING OR IN OPEN COURT WITHOUT FURTHER NOTICE, AND REJECTING ANY OR ALL QUALIFIED BIDS IF, IN THE DEBTOR'S REASONABLE, GOOD-FAITH BUSINESS JUDGMENT, FOLLOWING CONSULTATION WITH THE COMMITTEE, THE DEBTOR DETERMINES THAT SUCH QUALIFIED BID IS (I) INADEQUATE OR INSUFFICIENT, (II) NOT IN CONFORMITY WITH THE REQUIREMENTS OF THE BANKRUPTCY CODE OR ANY RELATED RULES OR THE TERMS SET FORTH HEREIN, OR (III) CONTRARY TO THE BEST INTERESTS OF THE DEBTOR.   THE DEBTOR RESERVES THE RIGHT, AT ANY TIME, AND IN CONSULTATION WITH THE COMMITTEE, FOR ANY REASON AND IN ITS REASONABLE, BUSINESS JUDGMENT, TO DECLINE TO PURSUE THE SALE AND TO WITHDRAW ANY MOTION FILED IN THE COURT SEEKING TO APPROVE THE SALE. <span style="color:red">NOTWITHSTANDING THIS RESERVATION OF RIGHTS, THE COURT IS NOT BOUND BY THE LANGUAGE IN THIS PARAGRAPH. AT THE SALE HEARING OR ANY OTHER TIME, THE COURT MAY CONSIDER OTHER PARTIES' OBJECTIONS TO THE DEBTOR'S MODIFICATIONS OF THE BIDDING PROCEDURES OR MAY RAISE ISSUES SUA SPONTE.</span>**

US_ACTIVE\122726807\V-2
US_ACTIVE\122726807\V-6

Signed by Judge Laura Stuart Taylor December 19, 2022

# **Exhibit 2**

Assumption and Assignment Procedures

## ASSUMPTION AND ASSIGNMENT PROCEDURES

1.       As part of the Sale, the Debtor also seeks to assume and assign certain of their executory contracts and unexpired leases (collectively, the "Assumed Executory Contracts") pursuant to § 365.

2.       The Assumed Executory Contracts will be those contracts and leases that the Debtor believes may be assumed and assigned as part of the orderly transfer of the Purchased Assets; provided, that, the Winning Bidder may choose to exclude (or to add) contracts or leases to the list of Assumed Executory Contracts, subject to notice to the counter-parties to any Assumed Executory Contracts which are added.

3.       The Debtor will file with the Court and serve a cure notice, substantially in the form to be filed with the Court prior to the hearing on this Motion (the "Cure Notice"), (along with a copy of this Motion) upon each counterparty to the Assumed Executory Contracts.  The Cure Notice will be filed on or before **January 17, 2023**, and shall state the date, time and place of the Sale Hearing as well as the date by which any objection to the assumption and assignment of Assumed Executory Contracts (including the Cure Amount (defined below)) must be filed and served.  The Cure Notice also will identify the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").  To the extent there is a contract subsequently added to the list of Assumed Executory Contracts to be assumed by the Winning Bidder pursuant to the Winning Bid APA selected at the Auction that are not listed on the Cure Notice (or any subsequent Cure Notice filed by the Debtor), this Motion constitutes a separate motion to assume and assign that contract to the Winning Bidder pursuant to § 365; each such contract will be listed in the Winning Bid APA, and will be given a separate Cure Notice filed and served by overnight delivery

within five (5) business days of the conclusion of the Auction and announcement of the Winning Bidder.

4.      The inclusion of a contract, lease, or other agreement on the Cure Notice shall not constitute or be deemed a determination or admission by the Debtor and its estate or any other party in interest that such contract, lease, or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

5.      If any counterparty objects for any reason to the assumption and assignment of an Assumed Executory Contract (including to a Cure Amount) (an "Assumption Objection"), the Debtor proposes that the counterparty must file the objection and serve it so as to be actually received on or before (i) **February 13, 2023**, (ii) such date otherwise specified in the Cure Notice, or (iii) solely with respect to those counterparties to Assumed Executory Contracts who are not initially served with a Cure Notice, seven (7) days after service by overnight mail of such Cure Notice (the "Assumption Objection Deadline"); ***provided further, however* that any counterparty may request information related to a Winning Bidder's adequate assurance of future performance by e-mailing the Debtor's counsel at tania.moyron@dentons.com**.  Any Assumption Objection must set forth a specific default in the executory contract or unexpired lease, claim a specific monetary amount that differs from the amount, if any, specified by the Debtor in the Cure Notice, and set forth any reason why the counterparty believes the executory contract or unexpired lease cannot be assumed and assigned to the Winning Bidder.  After receipt of an Assumption Objection, the Debtor will attempt to reconcile any differences in the Cure Amount or otherwise resolve the objection with the counterparty.  In the event that the Debtor and the counterparty cannot resolve an Assumption Objection, and the Court does not otherwise make a

determination at the Sale Hearing regarding an Assumption Objection related to a Cure Amount, the Debtor shall segregate from the sale proceeds a portion of the disputed Cure Amount, in an amount set by the Court or otherwise agreed by the parties, pending the resolution of any such Cure Amount disputes by the Bankruptcy Court or mutual agreement of the parties.

6.      Except to the extent that the counterparty to an Assumed Executory Contract properly files and serves an Assumption Objection, (a) such Assumed Executory Contract shall be assumed by the Debtor and assigned to the Winning Bidder pursuant to section 365 of the Bankruptcy Code upon and effective as of the Closing of the Sale; and (b) the Assumed Executory Contract counterparty will receive the Cure Amount as set forth in the Cure Notice, if any, at the time of the Closing of the Sale (or as soon as reasonably practicable thereafter).   To the extent a counterparty timely files and serves an Assumption Objection, any Assumed Executory Contract subject to such Assumption Objection shall not be assumed by the Debtor and/or assigned to the Winning Bidder until such time as either (a) the parties consensually resolve the Assumption Objection or (b) the Court, after notice and a hearing, overrules such Assumption Objection.

7.      The Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under §365(b) in connection with the proposed assignment of any Assumed Executory Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Assumed Executory Contract shall not excuse the Winning Bidder from performance of any and all of its obligations pursuant to the Winning Bid APA.  The Debtor proposes that the Bankruptcy Court make its determinations concerning adequate assurance of future performance under the Assumed Executory Contacts pursuant to § 365(b) at the Sale Hearing.  Cure Amounts disputed by any counterparty will be

resolved by the Bankruptcy Court at the Sale Hearing or such later date as may be agreed to or ordered by the Bankruptcy Court.

8.    Except to the extent otherwise provided in the Winning Bid APA, upon the Closing of the Sale, the Debtor and the Debtor's estate shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to § 365(k).

## **Exhibit 3**

Procedures Notice

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   213 623-9300
Facsimile:   213 623-9924

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 22-02384-11 |
| BORREGO COMMUNITY HEALTH FOUNDATION, | Chapter 11 Case |
| Debtor and Debtor In Possession. | Judge: Honorable Laura S. Taylor |
| | **NOTICE OF SALE PROCEDURES, AUCTION DATE AND SALE HEARING** |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 1 -

122728738\V-8

## NOTICE OF SALE PROCEDURES,
## AUCTION DATE, AND SALE HEARING

**PLEASE TAKE NOTICE** that, on November 10, 2022, the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Debtor's Notice Of Motion And Motion For The Entry of (I) An Order (1) Approving Form Of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures, (3) Approving Process For Discretionary Selection Of Stalking Horse Bidder And Bid Protections; (4) Approving Form Of Notice To Be Provided To Interested Parties; (5) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest And Best Bidder; And (6) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances* [Docket No. 161] (the "Motion").[1] The Debtor seeks, among other things, to sell substantially all of the Debtor's assets (collectively, the "Purchased Assets") to the winning bidder(s) (the "Winning Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to §§ 363 and 365 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, subject to the objections of the California Department of Health Care Services and United States Department of Health and Human Services to be heard at or before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court approved the bidding procedures at a hearing on December 7, 2022 and will enter an order (the "Bidding Procedures Order") approving the Motion and the bidding procedures (the "Bidding Procedures"), which will set the key dates and times related to the Sale of the Purchased Assets. **All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures**. To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that to participate in the Auction, any party (a "Potential Bidder") wishing to submit a Bid to purchase the Purchased Assets must execute, or have executed, a nondisclosure agreement ("NDA") in the form provided by Debtor's advisors and in form and substance satisfactory to the Debtor before such Potential Bidder may receive due diligence information from the Debtor, including access to the Debtor's on-line data room or other non-public information relating to the Purchased Assets. In addition, any Potential Bidder must submit financial information to the Debtor, who shall provide such financial information to the Committee's professionals upon request, to evidence such

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Signed by Judge Laura Stuart Taylor December 19, 2022

Potential Bidder's ability to consummate the Sale, which information must be satisfactory to the Debtor after consultation with the Committee.

**PLEASE TAKE FURTHER NOTICE** that **on or before January 5, 2023**, any Potential Bidder must submit an Indication of Interest to purchase the Purchased Assets to the Debtor and the Committee, which includes (1) the proposed structure of the transaction, purchase price and any material terms; (2) a description of the acquiring entity and relevant experience; (3) proposed plans for the assets following consummation of the sale transaction; (4) evidence of financial capacity to complete the transaction; (5) authority and approval to complete the transaction; (6) a detailed description of the due diligence information and / or investigation you may require to submit a Bid; (7) a proposed timetable for consummating the transaction; and (8) contact information for the Potential Bidder.

**PLEASE TAKE FURTHER NOTICE** that only those parties that submit Qualified Bids may participate in the Auction. If you are interested in submitting a Qualified Bid, you must comply with the Bidding Procedures. Any party in interest wishing to receive relevant documents and available marketing materials may do so by contacting Ankura, 2021 McKinney Avenue, Suite 340, Dallas, Texas 75201 (Attn: CJ Pease (charles.pease@ankura.com).

**PLEASE TAKE FURTHER NOTICE** that any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion or the Bidding Procedures Order, including all exhibits thereto, may make such a request in writing to Dentons US LLP, Attn: Tania M. Moyron, Suite 2500, 601 South Figueroa Street, Los Angeles, CA 90017 or by emailing tania.moyron@ dentons.com or calling (213) 623-9300.

**PLEASE TAKE FURTHER NOTICE** that any party that wishes to take part in the bidding process and submit a Qualified Bid for the Purchased Assets must submit its competing bid **by no later than 5:00 p.m. (prevailing Pacific Time) January 23, 2023** (the "Bid Deadline") so that such Bids are actually received by the Bid Deadline by all of the following parties: (i) counsel to the Debtor: Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com)); (ii) financial advisor to the Debtor: Ankura, 2021 McKinney Avenue, Suite 340, Dallas, Texas 75201 (Attn: CJ Pease (charles.pease@ ankura.com)); (iii) the Office of the United States Trustee (the "U.S. Trustee"): 880 Front Street, Room 3230, San Diego, California 92101 (Attn: David Ortiz (david.a. ortiz@usdoj.gov)); (iv) counsel to the Committee: Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com) and Steven W. Golden (sgolden@

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

pszjlaw.com)); and (v) financial advisor to the Committee: FTI, 350 South Grand Avenue, Suite 3000, Los Angeles, California 90071 (Attn: Cynthia Nelson (cynthia. nelson@fticonsulting.com) and Marc Bilbao (marc.bilbao@fticonsulting.com)) (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that Potential Bidders may either e-mail their Bids to the e-mail addresses listed above or may deliver hard-copies of their Bids to the physical addresses listed above so that they are actually received by the Bid Deadline. The Debtor shall have no obligation to consider any other delivery format, such as fax, as being acceptable.

**PLEASE TAKE FURTHER NOTICE** that the Debtor may, after consultation with the Committee, extend the Bid Deadline until the commencement of the Auction for one or more Potential Bidders without prior notice, but shall have no obligation to do so under any circumstances.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, an auction (the "Auction") to sell the Purchased Assets will be conducted on **February 6, 2023 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017. In advance of the Sale Hearing and within two business days of the conclusion of the Auction (if such Auction is conducted), the Debtor shall file a notice with the Bankruptcy Court identifying the Winning Bidder.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Purchased Assets to the Winning Bidder (the "Sale Hearing") before the Honorable Laura S. Taylor, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of California, Dept. 3 – Courtroom 129, 325 West F Street, San Diego, California, on **February 22, 2023, at 1:00 p.m. (prevailing Pacific Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Objections to the Sale shall be filed with the Bankruptcy Court and served **so as to be received no later than February 13, 2023, at 5:00 p.m. (prevailing Pacific Time)** on the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that this Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

Motion, the Bidding Procedures Order (including all exhibits thereto) may make such a request in writing to Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)) or calling (213) 623-9300.

**PLEASE TAKE FURTHER NOTICE** THAT THE DEBTOR RESERVES ITS RIGHTS TO MODIFY THESE BIDDING PROCEDURES IN ANY MANNER IN CONSULTATION WITH THE COMMITTEE THAT WILL BEST PROMOTE THE GOALS OF THE BIDDING PROCESS. THE DEBTOR FURTHER RESERVES ITS RIGHTS, UNLESS OTHERWISE ORDERED BY THE COURT, TO IMPOSE, IN CONSULTATION WITH THE COMMITTEE, AT OR PRIOR TO THE AUCTION, ADDITIONAL TERMS AND CONDITIONS ON THE SALE OF THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, EXTENDING THE DEADLINES SET FORTH IN THESE BIDDING PROCEDURES, ADJOURNING THE AUCTION AT OR PRIOR TO THE AUCTION AND/OR ADJOURNING THE SALE HEARING PRIOR TO SUCH HEARING OR IN OPEN COURT WITHOUT FURTHER NOTICE, AND REJECTING ANY OR ALL QUALIFIED BIDS IF, IN THE DEBTOR'S REASONABLE, GOOD-FAITH BUSINESS JUDGMENT, FOLLOWING CONSULTATION WITH THE COMMITTEE, THE DEBTOR DETERMINES THAT SUCH QUALIFIED BID IS (I) INADEQUATE OR INSUFFICIENT, (II) NOT IN CONFORMITY WITH THE REQUIREMENTS OF THE BANKRUPTCY CODE OR ANY RELATED RULES OR THE TERMS SET FORTH HEREIN, OR (III) CONTRARY TO THE BEST INTERESTS OF THE DEBTOR. THE DEBTOR RESERVES THE RIGHT, AT ANY TIME, AND IN CONSULTATION WITH THE COMMITTEE, FOR ANY REASON AND IN ITS REASONABLE, BUSINESS JUDGMENT, TO DECLINE TO PURSUE THE SALE AND TO WITHDRAW ANY MOTION FILED IN THE COURT SEEKING TO APPROVE THE SALE. **NOTWITHSTANDING THIS RESERVATION OF RIGHTS, THE COURT IS NOT BOUND BY THE LANGUAGE IN THIS PARAGRAPH. AT THE SALE HEARING OR ANY OTHER TIME, THE COURT MAY CONSIDER OTHER PARTIES' OBJECTIONS TO THE DEBTOR'S MODIFICATIONS OF THE BIDDING PROCEDURES OR MAY RAISE ISSUES SUA SPONTE.**

Dated: December 12, 2022

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By   */s/ Tania M. Moyron*
      Tania M. Moyron

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

- 4 -

122728738\V-8

Signed by Judge Laura Stuart Taylor December 19, 2022

## **Exhibit 4**

Cure Notice

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   213 623-9300
Facsimile:    213 623-9924

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 22-02384-11 |
| BORREGO COMMUNITY HEALTH FOUNDATION, | Chapter 11 Case |
| | Judge: Honorable Laura S. Taylor |
| Debtor and Debtor In Possession. | **NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTOR THAT MAY BE ASSUMED AND ASSIGNED** |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 1 -

122728762\V-4

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE DEBTOR
THAT MAY BE ASSUMED AND ASSIGNED**

    **PLEASE TAKE NOTICE** that, on November 10, 2022, the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Debtor's Notice Of Motion And Motion For The Entry of (I) An Order (1) Approving Form Of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures, (3) Approving Process For Discretionary Selection Of Stalking Horse Bidder And Bid Protections; (4) Approving Form Of Notice To Be Provided To Interested Parties; (5) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest And Best Bidder; And (6) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances* [Docket No. 161] (the "Motion").[1]

    **PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Court entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of substantially all of the Debtor's assets (the "Purchased Assets") of the Debtor, and (ii) procedures for the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases, as detailed in the Bidding Procedures Order (the "Assumption and Assignment Procedures").

    **PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Purchased Assets to the Winning Bidder(s), free and clear of all liens, claims, interests and encumbrances pursuant to § 363 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* including the assumption by the Debtor and assignment to the buyer(s) of certain executory contracts and unexpired leases pursuant to § 365 of the Bankruptcy Code (the "Assumed Executory Contracts"), with such liens, claims, interests and encumbrances to attach to the proceeds of the Sale with the same priority, validity and enforceability as they had prior to such Sale. In accordance with the Court-approved Assumption and Assignment Procedures, in advance of the Sale Hearing and within two business days of the conclusion of the Auction (if such Auction is conducted), the Debtor shall file a notice with the Bankruptcy Court identifying the Winning Bidder and the Assumed Executory Contracts which shall be assumed and assigned to the Winning Bidder and serve such notice by fax, email or overnight mail to all counterparties to the initial list of

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

Assumed Executory Contracts. Any counterparty to an Assumed Executory Contract that wishes to receive such notice by email or fax, must provide their email address or fax number to Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)) or calling (213) 623-9300 before the Auction.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on **February 22, 2023, at 1:00 p.m. (prevailing Pacific Time)**, before the United States Bankruptcy Court for the Southern District of California, 325 West F Street, San Diego, California, Dept. 3 – Courtroom 129. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtor may seek to assume an executory contract or unexpired lease to which you may be a party. The Assumed Executory Contract(s) are described on Exhibit A attached to this Notice. The amount shown on Exhibit A hereto as the "Cure Amount" is the amount, if any, which the Debtor asserts is owed to cure any defaults existing under the respective Assumed Executory Contract.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Assumption and Assignment Procedures, if you disagree with the Cure Amount shown for the Assumed Executory Contract(s) on Exhibit A to which you are a party or if you have any other objection to the Debtor's assumption and assignment of the Assumed Executory Contract to which you may be a party, you must file in writing with the United States Bankruptcy Court for the Southern District of California, 325 West F Street, San Diego, California, an objection on or before **5:00 p.m. (prevailing Pacific Time) February 13, 2023** (or such later date otherwise specified in the Cure Notice, or, solely with respect to those counterparties to Assumed Executory Contracts who are not initially served with a Cure Notice, seven (7) days after service by overnight mail of such Cure Notice). Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any. Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached Exhibit A.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

122728762\V-4

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time: (i) counsel to the Debtor: Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons .com)); (ii) financial advisor to the Debtor: Ankura, 2021 McKinney Avenue, Suite 340, Dallas, Texas 75201 (Attn: CJ Pease (charles.pease@ankura.com)); (iii) the Office of the United States Trustee (the "U.S. Trustee"): 880 Front Street, Room 3230, San Diego, California 92101 (Attn: David Ortiz (david.a.ortiz@usdoj.gov)); (iv) counsel to the Committee: Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz (jpomerantz @pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw .com)); and (v) financial advisor to the Committee: FTI, 350 South Grand Avenue, Suite 3000, Los Angeles, California 90071 (Attn: Cynthia Nelson (cynthia.nelson@ fticonsulting.com) and Marc Bilbao (marc.bilbao@fticonsulting.com)).

**PLEASE TAKE FURTHER NOTICE** that the Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under 11 U.S.C. §§ 365(b) and (f) in connection with the proposed assignment of any Assumed Executory Contract. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that except to the extent otherwise provided in the Winning Bid APA, the Debtor and the Debtor's estate shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to 11 U.S.C. § 365(k).

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtor and the counterparty cannot resolve the Cure Amount, the Debtor shall segregate from the proceeds of sale a portion of the disputed Cure Amount, in an amount set by the Court or otherwise agreed by the parties, pending the resolution of any such Cure Amount disputes by the Bankruptcy Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

Signed by Judge Laura Stuart Taylor December 19, 2022

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtor to assume any Assumed Executory Contracts or to pay any Cure Amount.[2]

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

**PLEASE TAKE FURTHER NOTICE** THAT ANY COUNTERPARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.

Dated: December [  ], 2022

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By    */s/ Tania M. Moyron*
    Tania M. Moyron

Attorneys for the Chapter 11 Debtor and Debtor In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[2] "Assumed Executory Contracts" are those contracts and leases that the Debtor believes may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Winning Bidder may choose to exclude certain of the Debtor's contracts or leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such contracts and leases not to be assumed by the Debtor.

- 5 -

## **Exhibit A**

### **(Assumed Executory Contracts)**

Signed by Judge Laura Stuart Taylor December 19, 2022