DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Tel: (310) 229-1234
Fax: (310) 229-1244
Email: DBG@LNBYG.com; KJM@LNBYG.com

Attorneys for Jacob Nathan Rubin, MD, FACC,
Patient Care Ombudsman

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 3:22-02384-LT11 |
| BORREGO COMMUNITY HEALTH FOUNDATION, | Chapter 11 Case |
| Debtor and Debtor In Possession. | **SECOND REPORT OF PATIENT CARE OMBUDSMAN, JACOB NATHAN RUBIN, MD, FACC, PURSUANT TO 11 U.S.C. § 333(b)(2)**<br><br>[No hearing set] |

- 1 -

|   |   |
|---|---|
| 1 | Jacob Nathan Rubin, MD, FAAC, the Patient Care Ombudsman ("PCO") appointed under |
| 2 | 11 U.S.C. § 333 in the above-referenced chapter 11 bankruptcy case of Borrego Community Health |
| 3 | Foundation ("Debtor"), hereby submits his second report ("Report") to the Court pursuant to 11 |
| 4 | U.S.C. § 333(b) regarding the quality of patient care provided to patients of the Debtor. The Report |
| 5 | is attached hereto as **Exhibit A**. |

Dated:  January 12, 2023                    LEVENE, NEALE, BENDER, YOO
                                                                  & GOLUBCHIK L.L.P.


                                                        By:   /s/ David B. Golubchik
                                                                  DAVID B. GOLUBCHIK
                                                        Attorneys for Patient Care Ombudsman

**EXHIBIT A**

# EXHIBIT A

## IN RE BORREGO HEALTH SYSTEMS, INC.

## FIRST REPORT OF PATIENT CARE OMBUDSMAN

## PURSUANT TO 11 U.S.C. § 333

### I.

### PCO's APPOINTMENT AND SCOPE OF REVIEW

Borrego Community Health Foundation ("<u>Debtor</u>") is a health care business as defined under § 101(27)(A) of the Bankruptcy Code, 11 U.S.C. § 101, et. seq (the "Bankruptcy Code")[2]. The Court ordered the appointment of a PCO pursuant to § 333 (a)(1) to monitor, and report to the Court, the quality of patient care provided by the Debtors. The PCO, whose appointment by the U.S. Trustee was approved by the Court, performed the duties described in § 333(b) and (c). The PCO performed these duties with the assistance of a Court approved, qualified employed expert, Dr. Timothy Stacy. Additionally, the Court approved counsel to provide legal guidance to the PCO regarding the performance of his duties under the Bankruptcy Code.

The First Report ("<u>First Report</u>") submitted by the PCO consisted of the PCO's in-depth evaluation of each of the Debtor's health care facilities' ability to adhere to, and comply with, the applicable medical standard of patient care. The PCO concluded in the First Report that the Debtor was meeting the standard of care and that the closure of the debtor's facilities, if allowed to occur, would devastate the health care of the Debtor's patients, and adversely impact the communities that the facilities serve.

From the filing of the First Report, the PCO has continued to evaluate the Debtor's facilities and quality measures. Sites were visited on multiple occasions and staff interviews were conducted. Leadership was interviewed and questions were answered. As discussed in more detail below, pursuant to this Report, the PCO concludes that the Debtor continues to maintain the standard of care and continues to improve its quality measures.

---

[2] All references to "Section" or "§" are to sections of the Bankruptcy Code, unless otherwise noted.

- 3 -

## II.
## SALE PROCESS

The Debtor filed a motion for authority to engage in a process to market and sell its operations, although an initial stalking horse bidder was not announced. The Court approved the motion and, the PCO understands, the process of identifying a winning (and backup) bidder is underway. Per Judge Taylor's Order (December 19, 2022, pg 4, No. 13. Lines 7-9):

> In evaluating Qualified Bids, the Debtor may consider whether the Qualified Bidder demonstrates a commitment to operating Debtor's clinics as a FQHC providing continuity of culturally competent care to its patients.

Dr Sarah Rogers, on behalf of Borrego Cares Foundation, the donor of the Borrego Medical Clinic (4343 Yaqui Pass, Borrego Springs), filed an objection to the sale of the donated clinic, which was subsequently overruled by the Court on procedural grounds. However, the objection highlights an issue to be considered as part of the sale process. The clinic, subject to the objection, was built in 1982. In 1991, the Borrego Cares Committee, in recognition of this underserved community's ongoing needs, donated the clinic to the Debtor's operations. The health care needs of Borrego Springs and the environs remains unaltered, however. It appears that the concern is that the clinic maintains its status as a FQHC. The PCO agrees with this concern and will be monitoring the sale process and interested parties' approach to the clinics to ensure proper patient care.

## III.
## PCO SITE EVALUATION

A.  <u>Stonewall</u>

The specialty clinic continues to see and maintain continuity of care of the vulnerable population that it serves.

B.  <u>Urgent Care</u>

The Urgent Care center remains busy for walk-ins as well as same day referrals from the call center when it is concluded that the patients should be seen sooner rather than wait until next

available appointment with their primary provider. Recently, with the departure of many providers, the average number of patients per provider has increased. Despite the increased workload, the remaining providers remain committed.

Improved recruitment and retention will help alleviate the burden.

C. <u>Pharmacy</u>

The 340 (b) pharmacy, onsite at the Stonewall facility, continues to provide medications to the Debtor's patients. The 340 (b) pharmacy allows patients, regardless of ability to pay, to obtain medication that would not otherwise be possible at non-340 (b) pharmacies. There are no shortages and all vendors continue to supply the pharmacy.

D. <u>Coachella Medical Clinic</u>

This new facility remains open and active. This facility was the most recently build and opened a little more than a year ago. The facility has a free-standing Lab, Radiology, Pharmacy, and medical offices both for adult and pediatrics. It is fully functional.

E. Borrego Springs Clinic and all other Debtor's facilities remain open and are functioning normally, albeit, short staffed at times.

## IV.
## PREVIOUSLY IDENTIFIED PROBLEMS

A. <u>Referral Center</u>

The data collection and analysis of referrals' statistics have improved. Administration has delegated appropriate resources to make sure the data reported is analyzed for accuracy before being reported.

The referral center has dramatically improved the timeliness of the 24-hour and 48-hour referrals to specialists. Currently, with enhanced data retrieval processes, there is near 95% compliance with articulated goals.

B. <u>Recruitment And Retention</u>

Recruitment and retention, not unforeseen during a bankruptcy, remain difficult. However, the remaining professionals that provide care to Debtor's vulnerable population do so out of a sense

- 5 -

of compassion and duty. The Debtor's administrative team continues to reassure the providers and staff that the clinics will remain open, albeit with another operating owner. As a team, administration makes rounds at each facility to maintain quality of care. The team updates the staff by answering questions concerning the stability of the organization and by highlighting the efforts of the Bankruptcy Court to maintain the care of the Debtor's patients.

C.    Patient Retention

Debtor's Chief Medical Officer and Chief Operating Officer informed the PCO that the patients are remaining with Borrego and that the patients are no longer receiving unsolicited changes in their providers. Reportedly, the Debtor continues to care for over 90,000 patients.

D.    New Hires

The Debtor reports that they have hired a new Director of Nursing to assist in patient safety and provide and maintain policies and procedures. There is also a new Quality manager.

E.    Quality Of Care

The Debtor's Quality Measures are closely monitored. The metrics are improving. There are enhanced systems in place to address and correct issues as they arise.

F.    Customer Service Concerns

Dropped calls, wait times, and grievance investigations are improving and are being monitored.

V.

**AUDIT AND COMPLIANCE COMMITTEE FINDINGS: OUTSIDE REVIEWS**

A. FTCA (Federal Tort Claim Act) Deeming Audit: this is the Debtor's malpractice carrier. This was accepted without corrections. Thus, the malpractice carrier is satisfied.

B. URAC (Utilization Review Accreditation Commission): Pharmacy Review. Completed October 2022. No corrective action required.

C. CLOUDMED: monitors claims for 340B compliance. Near 100% compliance.

D. There were no reported governmental agency investigations initiated during this reporting period.

- 6 -

F. Audits related to coding, billing, and financial matters were not considered.

## VI.

## CONCLUSION

A.    All sources of information, including direct personal observation by the PCO, confirm that the Debtor is continuing to meet the necessary standard of care;

B.    The Debtor continues to enhance Quality of Care management, oversight, and processes;

C.    The Debtor's staff remains committed to culturally competent care; and

D.    A sale or transfer to a FQHC with a commitment to keeping all facilities open, along with the continued availability of a 340b pharmacy, is needed to maintain the health and safety of the Debtor's patients and their communities.

Dated: January 12, 2023

JACOB NATHAN RUBIN, MD, FAAC,
Patient Care Ombudsman

By: _____
JACOB NATHAN RUBIN, MD, FAAC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **SECOND REPORT OF PATIENT CARE OMBUDSMAN, JACOB NATHAN RUBIN, MD, FACC, PURSUANT TO 11 U.S.C. § 333(b)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 12, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Christine E. Baur    christine@baurbklaw.com, admin@baurbklaw.com
- Tanya Behnam    tbehnam@polsinelli.com
- Daren Brinkman    dbrinkman@brinkmanlaw.com, office@brinkmanlaw.com;7764052420@filings.docketbird.com
- Shawn Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- Anthony Dutra    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- Christine M. Fitzgerald    christine.fitzgerald@usdoj.gov, brenda.seyler@usdoj.gov;Efile.dkt.civ@usdoj.gov
- Leslie Gardner    leslie.gardner2@usdoj.gov, brenda.seyler@usdoj.gov;Efile.dkt.civ@usdoj.gov
- Jeffrey Garfinkle    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- David B. Golubchik    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- Michael I. Gottfried    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,myuen@elkinskalt.com,1648609420@filings.docketbird.com
- Bernard M. Hansen    bernardmhansen@sbcglobal.net
- Teddy Kapur    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- Dean T. Kirby    dkirby@kirbymac.com, jwilson@kirbymac.com;rrobinson@kirbymac.com;Jacquelyn@ecf.inforuptcy.com
- H. Mark Mersel    mark.mersel@bryancave.com, ginny.hamel@bryancave.com
- Tania M. Moyron    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- David Ortiz    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- Jeffrey N. Pomerantz    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- Michael B. Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Olivia Scott    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- Randye B. Soref    rsoref@polsinelli.com
- Andrew B. Still    astill@swlaw.com, kcollins@swlaw.com
- Kelly Ann Mai Khanh Tran    kelly@smalllawcorp.com, stefanny@smalllawcorp.com
- United States Trustee    ustp.region15@usdoj.gov
- Kenneth K. Wang    kenneth.wang@doj.ca.gov
- Helen Yang    helen.yang@squirepb.com, helen-h-yang-8259@ecf.pacerpro.com;PHX_DCKT@squirepb.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **January 12, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 12, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 12, 2023 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |