| | |
|---|---|
| 1 | RANDY S. GROSSMAN |
| | United States Attorney |
| 2 | LESLIE M. GARDNER, Cal. Bar No. 228693 |
| | CHRISTINE M. FITZGERALD, Cal. Bar No. 259014 |
| 3 | Assistant U.S. Attorneys |
| | Office of the U.S. Attorney |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, CA 92101-8893 |
| 5 | Telephone: (619) 546-7603 |
| | Email: leslie.gardner2@usdoj.gov |
| 6 | Email: christine.fitzgerald@usdoj.gov |
| | Attorneys for Creditor |
| 7 | U.S. Department of Health and Human Services |

## U.S. BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | In Re: BORREGO COMMUNITY HEALTH FOUNDATION, | Case No. 3:22-bk-02384-LT11 |
| 11 | | Chapter 11 |
| 12 | Debtor and Debtor-in-Possession. | **DEPARTMENT OF HEALTH AND HUMAN SERVICES (LIMITED) OBJECTION TO SALE AND SUPPLEMENTAL OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF (I) AN ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (2) APPROVING AUCTION SALE FORMAT AND BIDDING PROCEDURES; (3) APPROVING PROCESS FOR DISCRETIONARY SELECTION OF STALKING HORSE BIDDER AND BID PROTECTIONS; (4) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES; (5) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST AND BEST BIDDER; AND (6) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II) AN ORDER AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES** |
| | | Date: March 1, 2023 |
| | | Time: 10:00 a.m. |
| | | Place: Dept 3, Room 129 |

-1-

U.S. Department of Health and Human Services'
Objection to Debtor's Motion to Approve Sale                              Case No. 22-02384-LT11

The U.S. Department of Health and Human Services ("HHS") hereby submits its Supplemental Opposition to Debtor's Sale Motion. HHS hereby incorporates by reference and supplements its Opposition to Debtor's Sale Motion filed on November 18, 2022 [Dkt. No. 206] ("HHS Opposition").

HHS reiterates and incorporates by reference its objections set forth in its Opposition to Debtor's Sale Motion filed on November 18, 2022 [Dkt. No. 206, pages 8-13] and Objection to Debtor's Cure Notice filed on February 13, 2023 [Dkt. No. 458]. The Asset Purchase Agreements attached to Debtor's Notice of Winning Bidder and Back-Up Bidder filed on February 15, 2023 [Dkt. No. 465], purport to sell the Medicare Provider Agreements as part of the sale. [Dkt. No. 465, Exhibits 1 and 2, on p. 6, Section 1.7(b) or page 13 and 56 of 111]. HHS objects as the Medicare Provider Agreements are executory contracts, which need to be assumed and assigned or rejected under 11 U.S.C. § 365.[1]

HHS has requested, but Debtor has failed to provide, a complete list of assets purchased with HRSA grants.[2] Pursuant to the terms and conditions of the HRSA grants, Debtor is required to keep an inventory of all property purchased with HRSA funds. Specifically, Debtor must maintain property records "that include a description of the property, a serial number or other identification number, the source of funding for the property (including the [Federal Award Identification Number]), who holds title, the acquisition date, and cost of the property, percentage of Federal participation in the project costs for the Federal award under which the property was acquired, the location,

---

[1] HHS and Debtor are attempting to meet and confer to see if the parties can resolve this issue.

[2] On February 16, 2023, Debtor submitted a purported list of assets purchased with HRSA grant funds. This list is deficient for multiple reasons, including because it is not a final comprehensive list (i.e., a work-in-progress); it lists numerous items in broad categories (e.g., "Misc. Quality Department Equipment," "Office Equipment," "Dental Equipment"); and it does not identify the specific HRSA grants used to purchase each of the items on the list.

use and condition of the property, and any ultimate disposition data including the date of disposal and sale price of the property." 45 C.F.R. § 75.320(d)(1). Additionally, a "physical inventory of the property must be taken and the results reconciled with the property records at least once every two years." 45 C.F.R. § 75.320(d)(2). Debtor has failed to provide HHS with this list of equipment. Thus, neither HHS nor any potential buyer of Debtor's business is currently able to ascertain what assets may not transfer if the potential buyer is not approved as a Successor In Interest by HRSA.

Therefore, in addition to the reasons set forth in the HHS Opposition, HHS objects to the sale because Debtor has failed to provide a complete list of property purchased with HRSA grant funding.

Dated:   February 21, 2023

Respectfully Submitted,

RANDY S. GROSSMAN
United States Attorney

*s/Christine M. Fitzgerald*
LESLIE M. GARDNER
CHRISTINE M. FITZGERALD
Attorneys for Creditor
U.S. Department
of Health and Human Services