SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
REBECCA M. WICKS (Bar No. 313608)
rebecca.wicks@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623-9300
Facsimile: 213 623-9924

Attorneys for the Chapter 11 Debtor and
Debtor In Possession

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor In Possession. | Case No. 22-02384-11<br><br>Chapter 11 Case<br><br>Judge: Honorable Laura S. Taylor<br><br>**DEBTOR'S NOTICE AND MOTION TO APPROVE COMPROMISE AMONG DEBTOR, GEORGE JARED, D.D.S., AND GEORGE JARED, D.D.S., INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; DECLARATION OF ISAAC LEE IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: July 27, 2023<br>Time: 9:30 a.m. PST<br>Place: Department 3 |

DENTONS US LLP<br>601 SOUTH FIGUEROA STREET, SUITE 2500<br>LOS ANGELES, CALIFORNIA 90017-5704<br>(213) 623-9300

US_ACTIVE\123688297\V-5

**PLEASE TAKE NOTICE** that, at the above referenced date, time, and location, before the Honorable Laura S. Taylor, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of California (the "Court"), in Department 3, Room 129, located at 325 West F Street, San Diego, California 92101-6991, or as soon thereafter as the Court may hear the matter, the Court shall hold a hearing on the motion (the "Motion") filed by Borrego Community Health Foundation, the above-referenced debtor and debtor in possession (the "Debtor") in the above captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), for the approval of the proposed settlement (the "Settlement") among the Debtor, George Jared, D.D.S., and George Jared, D.D.S., Inc. (collectively, "Jared," and together with the Debtor, the "Parties"), as set forth in the Settlement Agreement and Mutual Release (the "Settlement Agreement") attached to the Motion as **Exhibit "A"**.

The Settlement resolves the Debtor's claims against Jared, as set forth more fully in the Complaint attached to the Motion as **Exhibit "B,"** which the Debtor filed in the United States District Court for the Southern District of California, entitled *Borrego Community Health Foundation v. Karen Hebets, et al.*, Case No. 3:22-cv-01056 (the "Action"),[1] as well as the disputed claim that the Debtor scheduled in this Chapter 11 Case for Jared, which is denominated as Schedule ID 3273287 (the "Scheduled Disputed Claim"), and any and all disputes arising out of or relating to that certain written dental services contract, with an effective date of April 19, 2016 (the "Contract") attached to the Motion as **Exhibit "C."**

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum") and in the Settlement Agreement, the principal terms of the Settlement provide that (a) Jared shall pay the Debtor $125,000, in

---

[1] For the avoidance of doubt, this Settlement does not address any claims by or against any other named defendant in the Action besides Jared, and the Debtor hereby reserves its rights with respect to all other named defendants in the Action.

- 2 -

US_ACTIVE\123688297\V-5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

installments over 12 months, in full and final satisfaction of any and all alleged damages arising out of or relating to the Contract and/or the Action (the "Settlement Amount"); (b) Jared shall execute a Stipulation for Entry of Judgment in the event he defaults on this settlement; (c) Jared shall cooperate with the Debtor in the Action; (d) the Debtor will dismiss Jared from the Action; and (e) Jared's claims, if any, against the Debtor will be disallowed.  The Debtor submits that the Settlement is in the best interest of the estate and creditors and should be approved pursuant to Federal Rule of Bankruptcy Procedure 9019.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion, the Memorandum, the Declaration of Isaac Lee, supporting statements, arguments and representations of counsel who will appear at the hearing on the Motion, the record in this case, any other evidence properly brought before the Court, and all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-7(b)(2) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California, the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested herein.

Dated:  June 21, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON
REBECCA M. WICKS

By___*/s/ Tania M. Moyron*_____
        *Tania M. Moyron*

Attorneys for the Chapter 11 Debtor and Debtor In Possession

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   JURISDICTION AND VENUE ............................................................................2

III.  BACKGROUND ....................................................................................................2

    A.    GENERAL BACKGROUND .....................................................................2

    B.    FACTS RELEVANT TO MOTION .........................................................3

IV.   ARGUMENT ..........................................................................................................5

    A.    PROBABILITY OF SUCCESS IN THE LITIGATION........................7

    B.    DIFFICULTIES, IF ANY, TO BE ENCOUNTERED IN THE
        MATTER OF COLLECTION ....................................................................8

    C.    COMPLEXITY OF THE LITIGATION INVOLVED, AND
        THE EXPENSE, INCONVENIENCE, AND DELAY
        NECESSARILY ATTENDING IT .............................................................8

    D.    PARAMOUNT INTEREST OF THE CREDITORS ............................9

V.    CONCLUSION .......................................................................................................9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- i -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Blair*,
538 F.2d 849 (9th Cir. 1976) ................................................................. 7

*Borrego Community Health Foundation v. Karen Hebets, et al.*,
Case No. 3:22-cv-01056-AJB-AGS (S.D. Cal.) ................................ 1, 2

*Matter of Carla Leather, Inc.*,
44 B.R. 457 (Bankr. S.D.N.Y. 1984) ..................................................... 7

*Consumer Advocacy Group, Inc. v. Kintetsu Enters. of Amer.*,
141 Cal. App. 4th 46 (Cal. 2006) .......................................................... 6

*Martin v. Kane* (*In re A & C Props.*),
784 F.2d 1377 (9th Cir. 1986),
*cert. denied sub nom*, *Martin v. Robinson*, 479 U.S. 854 (1986) ...................... 6

*In re Mickey Thompson Entm't Grp., Inc.*,
292 B.R. 415 (B.A.P. 9th Cir. 2003) ..................................................... 6

*Newman v. Stein*,
464 F.2d 689 (2d Cir. 1972) .................................................................. 7

*United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*),
669 F.2d 1325 (9th Cir. 1982) .............................................................. 6

*United States v. McInnes*,
556 F.2d 436 (9th Cir. 1977) ................................................................ 6

*In re W.T. Grant & Co.*,
699 F.2d 599 (2nd Cir. 1983) ............................................................... 7

*Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*),
839 F.2d 610 (9th Cir. 1988) ................................................................ 6

*In re Zarate*,
2015 WL 8482887 (B.A.P. 9th Cir. Dec. 9, 2015) ............................... 7

**Statutes**

11 U.S.C. § 105(a) ......................................................................... 5, 6

28 U.S.C. § 157 .................................................................................. 2

28 U.S.C. § 1334 ................................................................................ 2

28 U.S.C. §§ 1408 and 1409 .............................................................. 2

- ii -

**Other Authorities**

Federal Rule of Bankruptcy Procedure 9019 ........................................................ 2, 5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_ACTIVE\123688297\V-5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Borrego Community Health Foundation (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Case"), and George Jared, D.D.S. and George Jared, D.D.S., Inc. (collectively, "Jared," and together with the Debtor, the "Parties") have entered into a proposed settlement (the "Settlement"), as memorialized in the Settlement Agreement and Mutual Release (the "Settlement Agreement") attached hereto as **Exhibit "A."**

The Settlement resolves the Debtor's claims against Jared, as set forth more fully in the Complaint attached hereto as **Exhibit "B,"** which the Debtor filed in the United States District Court for the Southern District of California, entitled *Borrego Community Health Foundation v. Karen Hebets, et al.*, Case No. 3:22-cv-01056 (the "Action"),[2] as well as the disputed claim of Jared that the Debtor scheduled in this Chapter 11 Case, which is denominated as Schedule ID 3273287 (the "Scheduled Disputed Claim"), and any and all disputes arising out of or relating to that certain written dental services contract, with an effective date of April 19, 2016 (the "Contract") attached hereto as **Exhibit "C."**

As set forth more fully below and in the Settlement Agreement, the principal terms of the Settlement provide that (a) Jared shall pay the Debtor $125,000, in installments over 12 months, in full and final satisfaction of any and all alleged damages arising out of or relating to the Contract and/or the Action (the "Settlement Amount"); (b) Jared shall execute a Stipulation for Entry of Judgment in the event he defaults on this settlement; (c) Jared shall cooperate with the Debtor in the Action; (d) the Debtor will dismiss Jared from the Action; and (e) Jared's claims, if any,

---

[2] For the avoidance of doubt, this Settlement does not address any claims by or against any other named defendant in the Action besides Jared, and the Debtor hereby reserves its rights with respect to all other named defendants in the Action.

- 1 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

against the Debtor will be disallowed.  The Debtor submits that the Settlement is in the best interest of the estate and creditors and should be approved pursuant to Federal Rule of Bankruptcy Procedure 9019.

Based on the foregoing and for the reasons fully set forth below, the Debtor submits that the Settlement is in the best interest of the estate and should be approved.

## II.    JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for this Motion is Bankruptcy Rule 9019.[3]

## III.    BACKGROUND

### A.    GENERAL BACKGROUND

1.    On September 12, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the commencement of this Chapter 11 Case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108.

2.    The Debtor is a nonprofit Federally Qualified Health Center ("FQHC") that provides health care services to low income and rural patients in San Diego and Riverside Counties through a system of eighteen (18) clinics, two (2) pharmacies, and six (6) mobile units.  In 2021, the Debtor provided approximately 386,000 patient care visits to over 94,000 patients.  The Debtor's services include comprehensive primary care, urgent care, behavioral health, dental services, specialty care,

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

---

[3] All references to section or chapter herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), unless otherwise noted; all references to "Bankruptcy Rules" are to the provisions of the Federal Rules of Bankruptcy Procedure.

- 2 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1 transgender health, women's health, prenatal care, veteran's health, chiropractic

2 services, tele-health, and pharmacy.

3    3.    FQHCs are federally designated entities that receive higher state

4 payments to provide health care services to low-income and rural families and

5 families in underserved communities with incomes below 200% of the poverty level.

6 As an FQHC, the Debtor strives to deliver high quality, comprehensive,

7 compassionate primary health care to people in the surrounding area, regardless of

8 ability to pay.

9    4.    Additional background regarding the Debtor, including an overview of

10 the Debtor's business and additional events leading up to this Chapter 11 Case, is set

11 forth in the *Declaration of Isaac Lee, Chief Restructuring Officer, in Support of*

12 *Debtor's Emergency First Day Motions* [Dkt. No. 7].

13    5.    On September 26, 2022, the Office of the United States Trustee

14 appointed the Official Committee of Unsecured Creditors in this Chapter 11 Case.

15 [Dkt. No. 49].

16 **B.    FACTS RELEVANT TO MOTION**

17    6.    The Debtor and Jared were parties to the Contract attached hereto as

18 **Exhibit "C."**    Under the Contract, among other things, Jared agreed to provide

19 primary dental services to participating Debtor patients, and the Debtor agreed to pay

20 Jared for those services as set forth therein.

21    7.    On July 19, 2022, the Debtor filed the Complaint attached hereto as

22 **Exhibit "B"** in the Action, naming Jared as a defendant.  As further detailed in the

23 Complaint, the Debtor alleges that Jared (a) Jared submitted false and fraudulent bills

24 and made other statements which Jared knew to be false or had no reasonable grounds

25 for believing their representations were true, which also constitute a breach of the

26 Contract and are demonstrative of a larger pattern and practice of fraudulent and/or

27 unlawful conduct; (b) hired Maura Tuso to work as a dentist at his dental practice,

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

even though he knew Dr. Tuso was suspended from providing dental services to Medi-Cal patients but, nonetheless, allowed Dr. Tuso to see patients of the Debtor and bill the Debtor for the services Dr. Tuso provided to Medi-Cal patients; and (c) also hired other dental providers who lacked California dental licenses to provide dental services to patients of the Debtor, and that Jared billed the Debtor for the services that unlicensed dental providers provided to Medi-Cal patients.  Complaint, at ¶¶ 196-98.  The Complaint states that the Debtor was damaged in an amount to be proven at trial.  *Id.* at ¶¶ 501 and 576.

8.     The Debtor scheduled a disputed claim for Jared in this Chapter 11 Case denominated as Schedule ID 3273287 (the "Scheduled Disputed Claim"); however, Jared failed to file a proof of claim or otherwise assert a right to payment under the Contract, and the deadline [Docket No. 16] to file any such proof of claim has now passed.

9.     The Parties desire to fully and finally resolve any and all disputes arising from or relating to the Contract attached hereto as **Exhibit "C,"** the Action, and the Scheduled Disputed Claim, and have now reached the Settlement, as memorialized in the Settlement Agreement attached hereto as **Exhibit "A**."

## C.     SETTLEMENT AGREEMENT

10.     The principal terms of the Settlement provide as follows:[4]

(a)  Settlement Payment.  Jared shall pay the Debtor the sum of $125,000 in full and final satisfaction of any and all alleged damages arising out of or relating to the Contract and/or the Action (the "Settlement Amount").  The Settlement Amount shall be paid in installments as follows:  (i) within two (2) business days of the Effective Date, Jared shall pay the Debtor the first installment of $15,000 (the "Initial

---

[4] To the extent the summary conflicts with any terms of the Settlement Agreement, the terms of the Settlement Agreement shall explicitly supersede and control.  Capitalized terms in Motion that are not defined in this Motion shall have the meaning provided in the Settlement Agreement.

Payment"); and (ii) thereafter, commencing one (1) month after the Initial Payment, Jared shall pay the Debtor eleven (11) monthly installments of $10,000 each (the "Installment Payments");

(b)  Stipulated Judgment.  As set forth more fully in the Settlement Agreement, the monthly installment payments described in "(a)" above shall be secured by a Stipulation for Entry of Judgment, which shall be held by the Debtor and shall not be filed or in any way acted upon until and unless Jared defaults on the payments described above, and fails to timely cure his default, in which case, the Debtor shall have the right, at its sole and absolute discretion, to file the Stipulation for Entry of Judgment; provided that, upon completion of the payments described in "(a)," the Stipulation for Entry of Judgment shall be forever and finally discharged;

(c)  Cooperation.  Jared agrees to reasonably cooperate in all respects in connection with the Action, including without limitation by engaging in answering written questions, producing documents, and/or participating in depositions and/or informal interviews;

(d)  Dismissal.  The parties agree that, within five (5) business days of the Debtor's receipt of the Initial Payment, the Debtor shall dismiss Jared from the Action, with prejudice; and

(e)  Disallowance.  On the Effective Date of the Settlement Agreement, the Scheduled Disputed Claim will be deemed disallowed.

## IV.  ARGUMENT

The authority granted a trustee or debtor in possession to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors . . . , the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Section 105(a) further provides the Court with the discretion to issue any order that is necessary or appropriate to carry out the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

purposes of the Bankruptcy Code.  11 U.S.C. § 105(a).  Compromises are strongly encouraged.  *Consumer Advocacy Group, Inc. v. Kintetsu Enters. of Amer.*, 141 Cal. App. 4th 46, 62 (Cal. 2006); *United States v. McInnes*, 556 F.2d 436, 440 (9th Cir. 1977) ("We are committed to the rule that the law favors and encourages compromise settlements.").  Additionally, compromises are favored in bankruptcy so as to minimize litigation and expedite a bankruptcy estate's administration.  *See Martin v. Kane* (*In re A & C Props.*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom*, *Martin v. Robinson*, 479 U.S. 854 (1986).

This Court has great latitude in approving compromise agreements as long as it finds that the compromise is fair and equitable.  *In re A & C Props.*, 784 F.2d at 1382; *see also Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988); *In re Mickey Thompson Entm't Grp., Inc.*, 292 B.R. 415 (B.A.P. 9th Cir. 2003).

"The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims."  *In re A & C Props.*, 784 F.2d at 1380-81. Accordingly, in approving a settlement agreement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised.  *See United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable.  *See In re A & C Props.*, 784 F.2d at 1381.

The Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

1. the probability of success in the litigation;

2. the difficulties, if any, to be encountered in the matter of collection;

3. the complexity of the litigation involved, and the expense, inconvenience,

US_ACTIVE\123688297\V-5

1   and delay necessarily attending it; and

2   4.  the paramount interest of the creditors and a proper deference to their

3        reasonable views in the premises.

4   *In re A & C Props.*, 784 F.2d at 1381 (the "*A & C* Factors").

5       A court should not substitute its own judgment for the judgment of the debtor

6   in possession.  *Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y.

7   1984); *see also In re Zarate*, 2015 WL 8482887, at *8 (B.A.P. 9th Cir. Dec. 9, 2015)

8   ("[T]he [debtor] must be permitted to use his business acumen and judgment in the

9   best interest of the estate.").  A court, in reviewing a proposed settlement, is not to

10  decide the numerous questions of law and fact but rather to canvass the issues to

11  determine whether the settlement falls below the lowest point in the range of

12  reasonableness.  *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983); *accord*

13  *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  The court should not conduct a

14  "mini-trial" on the merits of the underlying cause of action.  *In re Walsh Const.*, 669

15  F.2d at 1328; *In re Blair*, 538 F.2d 849 (9th Cir. 1976).

16      The Settlement meets each of the relevant *A & C* Factors, is reasonable, fair,

17  and equitable, and is in the best interests of the estates.

18  **A.   PROBABILITY OF SUCCESS IN THE LITIGATION**

19      The Debtor has been successful in the Action to date and is confident it would

20  prevail in any future proceedings.  Nonetheless, there is no guarantee that the Debtor

21  will ultimately be successful in the Action, and any loss will mean the Debtor has

22  expended additional time and estate assets for nothing.  The Litigation is surely to be

23  vigorously contested by the Dr. Jared and is factually intensive, both as to the merits

24  of the alleged fraud and the damages resulting from that alleged fraud.  Additionally,

25  many relevant witnesses are also co-defendants, and are unlikely to be available to

26  testify against Dr. Jared.  There is a significant risk of a judgment being less than the

27  anticipated amount or even zero.  The Settlement avoids the uncertainty with

28

- 7 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

litigation and resolves all disputes between the Parties arising out of the Contract, the Action, and the Scheduled Disputed Claim.  Finally, and perhaps most importantly, litigation counsel for the Debtor in the Action have estimated that the amount being paid by Dr. Jared is a fair estimate of the amount they could prove as to damages if they were to prevail at trial.  In other words, the Settlement Amount is, other than reduction for the time value of money, basically equal to the best estimate of the damages suffered by the Debtor.

## B.    DIFFICULTIES, IF ANY, TO BE ENCOUNTERED IN THE MATTER OF COLLECTION

As with any judgement, the Debtor may have difficulty in collection, and failure to approve this Settlement jeopardizes spending additional time and estate assets in any such collection process in the future.  Dr. Jared's assets are unknown and the ability to collect on any judgement from his personal assets could prove problematic.  And, if the Debtor was able to achieve a large judgment, the Debtor's litigation counsel was advised by Dr. Jared's counsel that he would have insufficient assets to pay such a judgment.  On the other hand, Settlement offers a cooperative collection process, which weighs in favor of approving the Settlement.

## C.    COMPLEXITY OF THE LITIGATION INVOLVED, AND THE EXPENSE, INCONVENIENCE, AND DELAY NECESSARILY ATTENDING IT

The Settlement resolves disputes with Jared that could otherwise create substantial expense and delay.  The claims against Dr. Jared were focused, in part, on hundreds of individual dental bills submitted to Medi-Cal, which would have been extremely time consuming, difficult, and expensive to analyze, especially in light of relatively small amount at issue with respect to Dr. Jared.  The Debtor's litigation counsel has also been informed that Dr. Jared's recordkeeping is largely in paper, adding further time and expense of reviewing paper records rather than electronic records.  Litigation counsel estimates that resolving the Action through trial will take

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 8 -

years, and could be even further delayed by any appeals. Additionally, trying the case against Dr. Jared alone would likely cost more than the amount being paid in the Settlement. By entering into the Settlement, the Parties avoid costly and lengthy litigation concerning the Contract, the Action, and the Scheduled Disputed Claim.

Further, pursuant to the Settlement, the Parties agree to (i) the Settlement Amount, as secured by Stipulation for Entry of Judgment, (ii) dismissal of the Action, (iii) disallowance of the Scheduled Disputed Claim, and (iv) reasonable cooperation of Jared in connection with the Action against other named defendants.

## D. PARAMOUNT INTEREST OF THE CREDITORS

Approval of the Settlement is in the best interests of the Debtor's creditors and estate. As discussed, Settlement provides additional funds from which the Debtors' creditors may be paid. Further, the Debtor was able to reach a settlement with Dr. Jared which—based on the Debtor's analysis—was reasonably close to the damages it would have been able to prove with respect to Dr. Jared. Accordingly, achieving these funds without the need to invest tens of thousands of dollars in attorneys' fees and months or years of additional delay, was in the best interest of the creditors.

## V.    CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) granting the Motion; and (ii) granting such other and further relief as the Court may deem proper.

Dated:  June 21, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON
REBECCA M. WICKS

By  */s/ Tania M. Moyron*
      Tania M. Moyron

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 9 -

## DECLARATION OF ISAAC LEE

I, Isaac Lee, submit this Declaration in support of the *Debtor's Motion To Approve Compromise Among Debtor, George Jared, D.D.S., and George Jared, D.D.S., Inc. Pursuant To Federal Rule Of Bankruptcy Procedure 9019* (the "9019 Motion")[5] filed by Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), and hereby state as follows:

1.      I am the Chief Restructuring Officer of the Debtor.  I received my MBA from the Tuck School at Dartmouth College and my BS in Business Administration from the University of Southern California.  I am a Managing Director at Ankura Consulting Group with more than twenty (20) years of operational and financial restructuring experience.  I have advised numerous companies on turnaround plan development and evaluation, liquidity improvement initiatives, asset dispositions, liability management, and bankruptcy filing preparation.  I have also assisted in managing and administering companies during chapter 11 cases.  Additionally, I have prior experience with health care providers, including a nine surgical center system and had senior level responsibilities on two prior engagements where Ankura has been involved as Chief Restructuring Officer.  I am over the age of 18 and competent to testify as to the facts set forth herein and will do so if called upon.

2.      I have personal knowledge of the facts stated in this declaration, except as to those stated on information and belief, and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

3.      The Debtor and George Jared, D.D.S. and George Jared, D.D.S., Inc. (collectively, "Jared," and together with the Debtor, the "Parties") were parties to that

---

[5] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the 9019 Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

certain written dental services contract, with an effective date of April 19, 2016 (the "Contract") attached as **Exhibit "C"** to the 9019 Motion. Under the Contract, among other things, Jared agreed to provide primary dental services to participating Debtor patients, and the Debtor agreed to pay Jared for those services as set forth therein.

4.   On July 19, 2022, the Debtor filed the Complaint attached as **Exhibit "B"** to the 9019 Motion in the United States District Court for the Southern District of California, entitled *Borrego Community Health Foundation v. Karen Hebets, et al.*, Case No. 3:22-cv-01056 (the "Action"), naming Jared as a defendant. The Complaint speaks for itself, but the 9019 Motion accurately summarizes the Debtor's allegations in the Complaint. *See* Compl. at ¶¶ 195-98, 501, and 576.

5.   The Debtor scheduled a disputed claim for Jared in this Chapter 11 Case denominated as Schedule ID 3273287 (the "Scheduled Disputed Claim"); however, Jared failed to file a proof of claim or otherwise assert a right to payment under the Contract, and the deadline [Docket No. 16] to file any such proof of claim has now passed.

6.   After negotiations among the Parties, the Parties desire to fully and finally resolve any and all disputes arising from or relating to the Contract, the Action, and the Scheduled Disputed Claim, and have now reached proposed settlement (the "Settlement"), as memorialized in the Settlement Agreement and Mutual Release (the "Settlement Agreement") attached as **Exhibit "A"** to the 9019 Motion.

7.   The Settlement resolves the Debtor's claims against Jared in the Action,[6] as well as the Scheduled Disputed Claim, and any and all disputes arising out of or relating to the Contract attached as **Exhibit "C"** to the 9019 Motion.

---

[6] For the avoidance of doubt, this Settlement does not address any claims by or against any other named defendant in the Action besides Jared, and the Debtor hereby reserves its rights with respect to all other named defendants in the Action.

- 2 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

8.　　As set forth more fully in the Settlement Agreement, the principal terms of the Settlement provide as follows:[7]

(a) Settlement Payment.　Jared shall pay the Debtor the sum of $125,000 in full and final satisfaction of any and all alleged damages arising out of or relating to the Contract and/or the Action (the "Settlement Amount").　The Settlement Amount shall be paid in installments as follows:　(i) within two (2) business days of the Effective Date, Jared shall pay the Debtor the first installment of $15,000 (the "Initial Payment"); and (ii) thereafter, commencing one (1) month after the Initial Payment, Jared shall pay the Debtor eleven (11) monthly installments of $10,000 each (the "Installment Payments");

(b) Stipulated Judgment.　As set forth more fully in the Settlement Agreement, the monthly installment payments described in "(a)" above shall be secured by a Stipulation for Entry of Judgment, which shall be held by the Debtor and shall not be filed or in any way acted upon until and unless Jared defaults on the payments described above, and fails to timely cure his default, in which case, the Debtor shall have the right, at its sole and absolute discretion, to file the Stipulation for Entry of Judgment; provided that, upon completion of the payments described in "(a)," the Stipulation for Entry of Judgment shall be forever and finally discharged;

(c) Cooperation.　Jared agrees to reasonably cooperate in all respects in connection with the Action, including without limitation by engaging in answering written questions, producing documents, and/or participating in depositions and/or informal interviews;

(d) Dismissal.　The parties agree that, within five (5) business days of the Debtor's receipt of the Initial Payment, the Debtor shall dismiss Jared from the Action, with prejudice; and

---

[7] To the extent the summary conflicts with any terms of the Settlement Agreement, the terms of the Settlement Agreement shall explicitly supersede and control.

- 3 -

(e)  Disallowance.  On the Effective Date of the Settlement Agreement, the Scheduled Disputed Claim will be deemed disallowed.

9.      The Settlement meets each of the relevant *A & C* Factors discussed in the 9019 Motion, is reasonable, fair, and equitable, and is in the best interests of the estates.

10.     The Debtor has been successful in the Action to date and is confident it would prevail in any future proceedings.  Nonetheless, there is no guarantee that the Debtor will ultimately be successful in the Action, and any loss will mean the Debtor has expended additional time and estate assets for nothing.  The Litigation is surely to be vigorously contested by the Dr. Jared and is factually intensive, both as to the merits of the alleged fraud and the damages resulting from that alleged fraud. Additionally, many relevant witnesses are also co-defendants, and are unlikely to be available to testify against Dr. Jared.  There is a significant risk of a judgment being less than the anticipated amount or even zero.  The Settlement avoids the uncertainty with litigating and resolves all disputes between the Parties arising out of the Contract, the Action, and the Scheduled Disputed Claim.  Finally, and perhaps most importantly, litigation counsel for the Debtor in the Action have estimated that the amount being paid by Dr. Jared is a fair estimate of the amount they could prove as to damages if they were to prevail at trial.  In other words, the Settlement Amount is, other than reduction for the time value of money, basically equal to the best estimate of the damages suffered by the Debtor.

11.     As with any judgement, the Debtor may have difficulty in collection, and failure to approve this Settlement jeopardizes spending additional time and estate assets in any such collection process in the future.  Dr. Jared's assets are unknown and the ability to collect on any judgement from his personal assets could prove problematic.  And, if the Debtor was able to achieve a large judgment, the Debtor's litigation counsel was advised by Dr. Jared's counsel that he would have insufficient

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

assets to pay such a judgment.  On the other hand, Settlement offers a cooperative collection process, which weighs in favor of approving the Settlement.

12.     The Settlement resolves disputes with Jared that could otherwise create substantial expense and delay.  The claims against Dr. Jared were focused, in part, on hundreds of individual dental bills submitted to Medi-Cal, which would have been extremely time consuming, difficult and expensive to analyze, especially in light of relatively small amount at issue with respect to Dr. Jared.  Litigation counsel estimates that resolving the Action through trial will take years, and could be even further delayed by any appeals.  Additionally, trying the case against Dr. Jared alone would likely cost more than the amount being paid in the Settlement.  By entering into the Settlement, the Parties avoid costly and lengthy litigation concerning the Contract, the Action, and the Scheduled Disputed Claim.  Further, pursuant to the Settlement, the Parties agree to (i) the Settlement Amount, as secured by Stipulation for Entry of Judgment, (ii) dismissal of the Action, (iii) disallowance of the Scheduled Disputed Claim, and (iv) reasonable cooperation of Jared in connection with the Action against other named defendants.

13.     The Settlement provides additional funds from which the Debtors' creditors may be paid.  Further, the Debtor was able to reach a settlement with Dr. Jared which—based on the Debtor's analysis—was reasonably close to the damages it would have been able to prove with respect to Dr. Jared.  Accordingly, achieving these funds without the need to invest tens of thousands of dollars in attorneys' fees and months or years of additional delay, was in the best interest of the creditors.

14.     Consequently, the Debtor submits that the approval of the Settlement is in the best interests of the Debtor's estate and its creditors.

[*Remainder of page intentionally left blank.*]

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 21th day of June, 2023.

*Isaac Lee*

_____

Isaac Lee

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -

US_ACTIVE\123688297\V-5