CSD 2015 [05/01/23]

Name, Address, Telephone No. & I.D. No.
Samuel R. Maizel (Bar No. 189301); Tania M. Moyron (Bar No. 235736);
Rebecca M. Wicks (Bar No. 313608)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  213/623-9300

Attorneys for Chapter 11 Debtor and Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717); Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310-227-6910

Attorneys for the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Borrego Community Health Foundation,

Debtor(s)

BANKRUPTCY NO. 22-02384-LT11

## OBJECTION TO CLAIM AND NOTICE THEREOF

TO:  American Internet Services, LLC d/b/a NFINIT, The United States Trustee, and All Other Parties In Interest

The ☐ Trustee ☒ Debtor ☐ Chapter 13 Trustee, except to the extent already paid by the Chapter 13 trustee, objects to the allowance of Court

Claim No . __125__ , (or if no Court number assigned, Trustee Claim No. _____ ) of American Internet Services, LLC d/b/a NFINIT
(Name of Creditor)

filed for $ _835,509.35_____ , on the grounds it:

☐ Duplicates Claim No. _____ filed
by _____

☐ The claim was filed after the expiration of the last date to file claims.

☐ Does not include an itemized statement of the account.

☐ Does not include a copy of the underlying judgment.

☐ Does not include a copy of the security agreement and evidence of perfection.

☐ Does not include a copy of the writing upon which it is based.

☐ Fails to assert grounds for priority.

For the following objections, attach and serve affidavits or declarations in accordance with LBR 9013-7(a)(1):

☐ Appears to include interest or charges accrued after the filing of this case on _____

☒ Other [State grounds and cite applicable Code section or case authority.]:

The agreement underlying the claim was assumed by the buyer of the Debtor's assets and any cure amount owed was paid. The claim should be disallowed pursuant to section 502(b)(1).

If you object to the proposed action:

1.  **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number is followed by the letters:

| | | | | | | |
|---|---|---|---|---|---|---|
| - | MM | - | call | (619) 557-7407 | - | DEPARTMENT ONE (Room 218) |
| - | LT | - | call | (619) 557-6018 | - | DEPARTMENT THREE (Room 129) |
| - | CL | - | call | (619) 557-6019 | - | DEPARTMENT FIVE (Room 318) |

CSD 2015 [05/01/23]

2    **Within 30[1] days from the date of service of this motion**, you are further required to serve a copy of your **Declaration in Opposition to Motion** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must :

      a.    identify the interest of the opposing party; and

      b.    state, with particularity, the grounds for the opposition.

3.    **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

      **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 30-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.

I hereby declare under penalty of perjury that the objection set forth above is true and correct to the best of my information and belief.

DATED: _____  September 28, 2023

                                      */s/ Tania M. Moyron*

                                                                 Trustee [Debtor]

                                              Tania M. Moyron

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
REBECCA M. WICKS (Bar No. 313608)
rebecca.wicks@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  213 623-9300
Facsimile:   213 623-9924

Attorneys for the Chapter 11 Debtor and
Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717)
Steven W. Golden (Admitted Pro Hac Vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jpomerantz@pszjlaw.com
sgolden@pszjlaw.com

Attorneys to the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor in Possession. | Case No.  22-02384-11<br><br>Chapter 11 Case<br><br>Judge: Honorable Laura S. Taylor<br><br>**JOINT MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISALLOW CLAIM NO. 125 FILED BY AMERICAN INTERNET SERVICES, LLC D/B/A NFINIT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ISAAC LEE** |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DOCS_LA:351263.3 10283/002

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee") jointly move (the "Motion") the Court for entry of an order disallowing Proof of Claim No. 125 (the "Claim")[1] filed by American Internet Services, LLC d/b/a NFINIT (the "Claimant") in its entirety.  The Claimant asserts a general unsecured claim in the amount of $835,509.35 and lists the following basis for the Claim: "IT Services; See Master Agreement."

The Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. upon the closing of the sale of substantially all of the Debtor's assets.  To the extent any cure amount was owed to the Claimant, the Claimant was paid.

A true and correct copy of the Claim is attached as **Exhibit "A"** to the annexed Declaration of Isaac Lee.

The objection made by way of this Motion seeks to alter the Claimant's rights by disallowing the Claim based on the grounds set forth in the annexed memorandum of points and authorities (the "Memorandum").  The Memorandum and the specific comments about the Claim should be reviewed in order to fully understand the basis for the objection to the Claim.

**WHEREFORE**, the Debtor and the Committee respectfully request that the Court enter an order: (a) granting this Motion in its entirety, (b) disallowing the Claim as set forth herein, and (c) granting such other and further relief that may be appropriate.

---

[1] The Claim is denominated on the Kurtzman Carson Consultant LLC ("KCC") claim registry as Claim No. 125.  On September 27, 2022, the Court entered its *Order on Debtor's Ex Parte Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* [Docket No. 55], which, among other things, authorized KCC to maintain the official claim register for this Case.  Accordingly, the Motion references the Claim as denominated on the KCC claim registry.

2

Dated:  September 28, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON


By  /s/ Tania M. Moyron
         Tania M. Moyron

Attorneys for the Chapter 11 Debtor and
Debtor in Possession

Dated: September 28, 2023

PACHULSKI STANG ZIEHL &
JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden

By  /s/ Steven W. Golden
         STEVEN W. GOLDEN

Attorneys for the Official Committee of
Unsecured Creditors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee"), by and through their undersigned counsel, hereby jointly file this Memorandum of Points and Authorities in support of their joint motion (the "Motion") for the entry of an order disallowing Proof of Claim No. 125 (the "Claim")[2] filed by American Internet Services, LLC d/b/a NFINIT (the "Claimant") in its entirety.  The Claimant asserts a general unsecured claim in the amount of $835,509.35 and lists the following basis for the Claim: "IT Services; See Master Agreement."

The Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. ("DAP Health") upon the closing of the sale of substantially all of the Debtor's assets (the "Sale").  To the extent, any cure amount was owed to the Claimant, the Claimant was paid upon the closing of the Sale.  For these reasons, the Debtor and the Committee request that the Court enter an order sustaining the objection to the Claim and disallowing the Claim in its entirety.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The Claim is denominated on the Kurtzman Carson Consultant LLC ("KCC") claim registry as Claim No. 125.  On September 27, 2022, the Court entered its *Order on Debtor's Ex Parte Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* [Docket No. 55], which, among other things, authorized KCC to maintain the official claim register for this Case.  Accordingly, the Motion references the Claim as denominated on the KCC claim registry.

4

### III.  STATEMENT OF FACTS

#### A.  GENERAL BACKGROUND

1.      On September 12, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[3]  Since the commencement of its Case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108.

2.      As of the Petition Date, the Debtor was a nonprofit Federally Qualified Health Center that provided health care services to low income and rural patients in San Diego and Riverside Counties through a system of eighteen clinics, two pharmacies, and six mobile units.  In 2021, the Debtor provided approximately 386,000 patient care visits to over 94,000 patients.  The Debtor's services include comprehensive primary care, urgent care, behavioral health, dental services, specialty care, transgender health, women's health, prenatal care, veteran's health, chiropractic services, tele-health, and pharmacy.

3.      Additional background regarding the Debtor, including an overview of the Debtor's business and additional events leading up to this Case, is set forth in the *Declaration of Isaac Lee, Chief Restructuring Officer, in Support of Debtor's Emergency First Day Motions* [Docket No. 7] (the "First-Day Declaration").

4.      On September 26, 2022, the Office of the United States Trustee appointed the Committee.  [Docket No. 49].

5.      On September 13, 2022, the Court entered an order [Docket No. 16] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim, including claims by governmental units.  The Bar Date order set a deadline of November 21, 2022, for proofs of claim and a deadline of March 13, 2023, for claims by governmental units.

---

[3] All references to section or chapter herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Rules" are to the Federal Rules of Bankruptcy Procedure.

5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**B.    FACTS RELEVANT TO MOTION**

6.    On or about August 7, 2012, the Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

7.    On November 17, 2022, Claimant filed the Claim for $835,509.35 against the Debtor, which is a general unsecured claim.  The basis for the Claim is "IT Services; See Master Agreement."   A copy of the Claim is attached to the Declaration of Isaac Lee (the "Lee Decl.") in support of this Motion as **Exhibit "A."**

8.    On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $56,074.46 and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9.    On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10.    Claimant did not file a cure objection prior to the Cure Objection Deadline.  Lee Decl., at ¶ 1.

11.    On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12.    On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 559], which approved the Sale to DAP Health.

6

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    13.    On July 31, 2023, the Sale closed, and the Agreement was assigned to

2  DAP Health.  To the extent any cure payment was owed, the Claimant was paid.  Lee

3  Decl., at ¶ 13.

4                              **IV.    ARGUMENT**

5    Bankruptcy Rule 3001(a) provides that a proof of claim is a written statement

6  setting forth a creditor's claim.  Fed. R. Bankr. P. 3001(a).  Under Section 502(a) and

7  Bankruptcy Rule 3001(f), a proof of claim constitutes *prima facie* evidence of the

8  validity and amount of the claim and is deemed allowed unless a party in interest

9  objects.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f); *see Lundell v. Anchor Const.*

10  *Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); *In re So. Cal.*

11  *Plastics, Inc.*, 165 F.3d 1243, 1247-48 (9th Cir. 1999); *In re Garner*, 246 B.R. 617,

12  620-21 (B.A.P. 9th Cir. 2000).  However, Bankruptcy Rule 3001(f) "operates merely

13  as an evidentiary presumption that is rebuttable."  *In re Garvida*, 347 B.R. 697, 706

14  (B.A.P. 9th Cir. 2006).

15    Section 502(b) provides:

16    [I]f such objection to claim is made, the court, after notice and a hearing,
      shall determine the amount of such claim . . . as of the date of the filing
17    of the petition, and shall allow such claim in such amount, except to the
      extent that –
18    (1) such claim is unenforceable against the debtor and property of the
      debtor, under any agreement or applicable law for reason other than
19    because such claim is contingent or unmatured, . . . .

20    11 U.S.C. § 502(b).  The effect of section 502(b)(1) "is to make available . . .

21  any defense to a claim that might have been available to the debtor."  4 *Collier on*

22  *Bankruptcy*, ¶ 502.03[2][b] (16th ed.).

23    *Prima facie* validity is not accorded to any and all proofs of claim filed against

24  a debtor.  A claimant must establish by a preponderance of the evidence that its claim

25  should be allowed.  *Lundell*, 223 F.3d at 1039.  The objecting party is not required to

26  disprove the claim.  *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990).  The

27  Bankruptcy Court has the power to "sift" the circumstances around any claim to see

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

that injustice or unfairness is not done in the administration of the bankruptcy estate. *Pepper v. Litton*, 308 U.S. 295, 304 (1939).

As stated in *In First Nat'l Bank of Fayetteville v. Circle J. Dairy Inc. (In re Circle J. Dairy, Inc.)*, 112 B.R. 297 (W.D. Ark. 1989):

> A claim, to be legally sufficient and, therefore, to be *prima facie* valid, under the Bankruptcy Rules, must:
> 1)    be in writing;
> 2)    make a demand on the debtor's estate;
> 3)    express the intent to hold the debtor liable for the debt;
> 4)    be properly filed;[4] and
> 5)    be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.
>
> Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory.  The *prima facie* validity of the claim does not attach unless the claim is in compliance with the [Bankruptcy Rules], including Rule 3001, and set[s] forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

*Id.* at 299-300 (internal quotes and citations omitted) (emphasis added).

"Once a claim has been properly filed, the debtor or trustee has the burden of presenting sufficient evidence to rebut this *prima facie* validity."  *Mulvania v. United States of America Internal Revenue Service (In re Mulvania)*, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997) (internal citations omitted).  Once an objector raises "facts tending to defeat the claim by probative force equal to that of the allegations in the proofs of claims themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden revests in the claimant to prove the validity of the claim by a preponderance of the evidence."  *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996) (citation omitted); *see In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000).

---

[4] A proof of claim will only be considered properly filed if it: (1) "conform[s] substantially to the appropriate Official Form," (2) is accompanied by any supporting documents, and (3) is timely filed.  Fed R. Bankr. P. Rules 3001(a), (c), and 3003(c)(3); Official Form 10.

8

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931

2   F.2d at 623; *see Lundell*, 223 F.3d at 1039 (holding the same); *So. Cal. Plastics*, 165

3   F.3d at 1248; *Ankeny v. Meyer (In re Ankeny)*, 184 B.R. 64, 69 (B.A.P. 9th Cir. 1995).

4   While the "burden of going forward is primarily a procedural matter pertaining to the

5   order of presenting evidence," the substantive burden of proof remains at all times

6   upon the claimant. *Garvida*, 347 B.R. at 706; *Lundell*, 223 F.3d at 1039; *So. Cal.*

7   *Plastics*, 165 F.3d at 1248. A claimant must establish by a preponderance of the

8   evidence that its claim should be allowed. *Lundell*, 223 F.3d at 1039. The objecting

9   party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y.

10  1990).

11          Here, the Claim should be disallowed because the Agreement was assumed by

12  DAP Health upon the closing of the Sale. To the extent a cure payment was owed,

13  the Debtor paid the Claimant upon the closing of the Sale. All future obligations are

14  now owed by DAP Health and the Debtor does not have any obligations under the

15  Agreement. Accordingly, the Claim should be disallowed in its entirety.

16                      **V.    RESERVATION OF RIGHTS**

17          The Debtor and Committee expressly reserve their right to amend, modify, or

18  supplement this Motion or file a new motion to assert additional objections to the

19  Claim or any other proofs of claim (filed or not) that may be asserted by the Claimant.

20  Should the grounds for disallowance of the Claim as stated in this Motion be deemed

21  insufficient, the Debtor and the Committee reserve their right to object to the Claim

22  on any other grounds.

23                          **VI.    CONCLUSION**

24          For the foregoing reasons and such additional reasons as may be advanced at

25  or prior to the hearing on this Motion, the Debtor and the Committee respectfully

26  request that the Court enter an order (i) granting the Motion in its entirety, (ii)

27  sustaining the Debtor's and Committee's objection to the Claim and disallowing the

28

9

1  Claim in its entirety, and (iii) granting such other and further relief as is just and
2  proper under the circumstances.

3

4

5   Dated:  September 28, 2023

6

7

8

9

10

11

12   Dated: September 28, 2023

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON


By    /s/ Tania M. Moyron
        Tania M. Moyron

Attorneys for the Chapter 11 Debtor
and Debtor in Possession


PACHULSKI STANG ZIEHL &
JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden

By    /s/ Steven W. Golden
        STEVEN W. GOLDEN

Attorneys for the Official Committee of
Unsecured Creditors

10

DOCS_LA:351263.3 10283/002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **DECLARATION OF ISAAC LEE**

I, Isaac Lee, hereby state and declare as follows:

1.      I am the Chief Restructuring Officer of Borrego Community Health Foundation ("Debtor").

2.      I am a Managing Director at Ankura with more than 20 years of operational and financial restructuring experience. I have advised numerous companies on turnaround plan development and evaluation, liquidity improvement initiatives, asset dispositions, liability management and bankruptcy filing preparation.  I have also assisted in managing and administering companies during this chapter 11 case.  Additionally, I have prior experience with health care providers, including a nine surgical center system and had senior level responsibilities on two prior engagements where Ankura has been involved as Chief Restructuring Officer.

3.      I received my MBA from the Tuck School at Dartmouth College and my BS in Business Administration from the University of Southern California.

4.      I am knowledgeable and familiar with the Debtor's day-to-day operations, business, and financial affairs, restructuring efforts and the circumstances leading to the commencement of this chapter 11 case.  Except as otherwise indicated herein, this declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtor or the Debtor's legal and financial advisors, or my opinion based upon my experience, knowledge, and information concerning the Debtor and the medical industry.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.      I make this declaration (the "Declaration") in support of the *Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Disallow Claim No. 125 Filed by American Internet Services, LLC d/b/a NFINIT* (the "Motion") (unless otherwise defined herein, capitalized terms shall have the

11

DOCS_LA:351263.3 10283/002

same meaning as in the Motion).  I incorporate by reference into this Declaration my *Declaration in Support of Emergency First Day Motions* [Docket No. 7].

6.      On or about August 7, 2012, the Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

7.      On November 17, 2022, Claimant filed the Claim for $835,509.35 against the Debtor, which is a general unsecured claim.  The basis for the Claim is "IT Services; See Master Agreement."  A copy of the Claim is attached hereto as **Exhibit "A."**

8.      On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $56,074.46, and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9.      On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10.     Claimant did not file a cure objection prior to the Cure Objection Deadline.

11.     On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12.     On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related*

12

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Relief* [Docket No. 559], which approved the Sale to DAP Health.

13.    On July 31, 2023, the Sale closed, and the Agreement was assigned to DAP Health.  To the extent any cure payment was owed, the Claimant was paid.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.


Executed this 28th  day of September 2023, at Los Angeles, California.


                                        */s/ Isaac Lee*
                                        Isaac Lee

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

13

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor ___Borrego Community Health Foundation___

United States Bankruptcy Court for the: ___Southern___ District of ___California___
(State)

Case number ___22-02384___

Official Form 410

# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| 1. | **Who is the current creditor?** | American Internet Services, LLC d/b/a NFINIT |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor ___NFINIT___ |

| 2. | **Has this claim been acquired from someone else?** | ☑ No |
| --- | --- | --- |
| | | ☐ Yes.  From whom? _____ |

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>See summary page | **Where should payments to the creditor be sent?** (if different)<br><br>See summary page |
| --- | --- | --- | --- |
| | | Contact phone  5152834640 | Contact phone  913-728-0548 |
| | | Contact email  mtcronin@belinmccormick.com | Contact email  jcampbell@lightedge.com |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | | ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | |

| 4. | **Does this claim amend one already filed?** | ☑ No |
| --- | --- | --- |
| | | ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____<br>MM / DD / YYYY |

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No |
| --- | --- | --- |
| | | ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7.** **How much is the claim?**    $ 835,509.35 _____ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

IT Services; See Master Agreement _____

**9.** **Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10.** **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11.** **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

2202384221117000000000006

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ | No | |
| | ☐ | Yes. *Check all that apply:* | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | | |
|---|---|---|
| **13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ | No |
| | ☐ | Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | | $_____ |

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☑ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date   <u>11/17/2022</u>
              MM / DD / YYYY

    <u>/s/Matthew T Cronin</u>
    Signature

Print the name of the person who is completing and signing this claim:

| Name | <u>Matthew T Cronin</u> | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | <u>Attorney</u> | | |
| Company | <u>Belin McCormick, P.C.</u> | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| Contact phone | _____ | Email | _____ |

## KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (866) 967-0670 | International (310) 751-2670

| | |
|---|---|
| **Debtor:**<br>22-02384 - Borrego Community Health Foundation<br>**District:**<br>Southern District of California, San Diego Division | |
| **Creditor:**<br>American Internet Services, LLC d/b/a NFINIT<br>Matthew T. Cronin<br>666 Walnut St., Suite 2000<br>Des Moines, IA<br>50309<br>Des Moines, IA, 50309<br>US<br>**Phone:**<br>5152834640<br>**Phone 2:**<br><br>**Fax:**<br><br>**Email:**<br>mtcronin@belinmccormick.com | **Has Supporting Documentation:**<br>    Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>    No<br>**Related Claim Filed By:**<br><br>**Filing Party:**<br>    Authorized agent |
| **Disbursement/Notice Parties:**<br>American Internet Services, LLC d/b/a NFINIT<br>Jason Campbell, CFO<br>909 Locust St., Suite 301<br><br>Des Moines, IA, 50309<br>US<br>**Phone:**<br>913-728-0548<br>**Phone 2:**<br><br>**Fax:**<br><br>**E-mail:**<br>jcampbell@lightedge.com<br>**DISBURSEMENT ADDRESS** | |
| **Other Names Used with Debtor:**<br>    NFINIT | **Amends Claim:**<br>    No<br>**Acquired Claim:**<br>    No |
| **Basis of Claim:**<br>    IT Services; See Master Agreement | **Last 4 Digits:**<br>    No  **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>    835,509.35 | **Includes Interest or Charges:**<br>    No |
| **Has Priority Claim:**<br>    No | **Priority Under:** |
| **Has Secured Claim:**<br>    No | **Nature of Secured Amount:**<br>**Value of Property:** |
| **Amount of 503(b)(9):**<br>    No | **Annual Interest Rate:** |
| **Based on Lease:**<br>    No | **Arrearage Amount:** |
| **Subject to Right of Setoff:**<br>    No | **Basis for Perfection:**<br><br>**Amount Unsecured:** |
| **Submitted By:**<br>    Matthew T Cronin on 17-Nov-2022 6:44:17 p.m. Eastern Time<br>**Title:**<br>    Attorney<br>**Company:**<br>    Belin McCormick, P.C. | |

VN: F2E884F3ABB9D3AF83F86BB71C8864F8

Your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/BorregoHealth.

| Fill in this information to identify the case: |
|---|

Debtor        Borrego Community Health Foundation

United States Bankruptcy Court for the Southern District of California

Case number        22-02384

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | American Internet Services, LLC d/b/a NFINIT |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor        NFINIT; Lightedge Solutions |

| 2. | Has this claim been acquired from someone else? | ☒ No |
|---|---|---|
| | | ☐ Yes.    From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Matthew T. Cronin<br>Name<br>666 Walnut St., Suite 2000<br>Number        Street<br>Des Moines        IA        50309<br>City        State        ZIP Code<br>US<br>Country<br>Contact phone   515-283-4640<br>Contact email   mtcronin@belinmccormick.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>Attn: James Campbell, CFO<br>Name<br>909 Locust St., Suite 301<br>Number        Street<br>Des Moines   IA        50309<br>City        State        ZIP Code<br>US<br>Country<br>Contact phone   913-728-0548<br>Contact email   jcampbell@lightedge.com |
|---|---|---|---|

| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes.    Claim number on court claims registry (if known) _____        Filed on ___/___/_____<br>                                                                                                       MM  /  DD  /  YYYY |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 835,509.35

Note: $67,289.30 is pre-petition claim ($28,037.23/mo x 2 mos.
plus 12 days pre-petition in Sept).
$768,220.05 is projected damages from any contract rejection --this amount is
subject to later amendment.

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

IT Services   See Master Services Agreement, Ex. A

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

Official Form 410

**Proof of Claim**

page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | [X] No<br><br>[ ] Yes. *Check all that apply:* | | **Amount entitled to priority** |
|---|---|---|---|
| | [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | [ ] Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | [ ] Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | [X] No<br><br>[ ] Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |
|---|---|

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

[ ] I am the creditor.

[X] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/17/2022
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Matthew | T. | Cronin |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Belin McCormick, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 666 Walnut St., Suite 2000 | | |
| | Number        Street | | |
| | Des Moines | IA | 50309 | US |
| | City | State | ZIP Code | Country |
| Contact phone | 515-283-4640 | Email | mtcronin@belinmccormick.com |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

### PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

Borrego Health Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/BorregoHealth.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/BorregoHealth.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

# EXHIBIT A



## MASTER SERVICES AGREEMENT

This Master Services Agreement ("Agreement") is entered into to be effective as of the **August 7, 2012**, ("Effective Date"), by and between **American Internet Services, LLC**, a Delaware limited liability company with its principal place of business at **9305 Lightwave Avenue, #100, San Diego, California 92123** ("AIS"), and **Borrego Community Health Foundation** with its principal place of business at **396 North Magnolia Ave. El Cajon, CA 92020** ("Client").

NOW THEREFORE, in consideration of the mutual covenants contained in this Agreement, the parties, intending to be legally bound, agree as follows:

1. **SERVICES.**

    a. Services Generally. AIS shall perform those services more particularly described in one or more attached Service Orders (collectively, "Service Orders" and individually, a "Service Order"), each to be attached to this Agreement as Exhibit "A-1," "A-2," and so on. The initial Service Order is attached hereto as Exhibit "A-1" and shall be incorporated herein by reference. AIS hereby agrees to perform such services described in the Service Order(s) ("Services") upon the terms and conditions set forth in this Agreement and the applicable Service Schedules contain the service level agreements ("SLA's") and the terms and conditions relating to those SLA's, which are attached hereto as Exhibits "B-1" and "B-2."

    b. Changes. Client may request changes to the Services agreed upon in a previously executed Service Order by submitting a new proposed Service Order replacing the prior Service Order. AIS and Client shall thereafter work together to draft a mutually agreeable Service Order. Only Service Orders that are duly executed by both AIS and Client shall be effective and binding on the parties. The Service Orders attached to this Agreement are intended to define the scope and nature of the particular Services to be provided. If any provision of the Service Order conflicts with any provision set forth in this Agreement, the provisions of the Service Order shall control.

2. **PAYMENT TERMS.**

    a. Generally. All monthly recurring charges ("MRC's") shall be payable in advance on a monthly basis and all charges based on usage shall be billed monthly in arrears. All payments shall be due within thirty (30) days from the date of each invoice ("Due Date"). Billing for each Service shall commence on the "Service Commencement Date" as set forth on the applicable Service Order. All installation or other non-MRC charges shall be due in accordance with the terms of the applicable Service Order. Interest shall accrue at a rate of 1.5% per month on all fees and charges not paid by the Due Date. Notwithstanding any other provision to contrary and not more than once per calendar year, AIS may increase the charges applicable to the Services provided hereunder in an amount not to exceed the latest annual increase in the Consumer Price Index, specifically, the U.S. Department of Labor, Bureau of Labor Statistics "All Items Consumer Price Index for All Urban Consumers (CPI-U) for the U.S. City Average." Such increases shall be effective upon the date set forth in AIS' written notice thereof to Client. The foregoing shall not limit AIS' ability to increase charges otherwise set forth in a duly-executed Service Order.

---



b    Cost Increases.  Upon reasonable advance notice, AIS shall have the right to increase fees charged for power and connectivity in direct proportion to the increases imposed on AIS by its providers of power and connectivity.  Upon request, AIS shall provide Client with written evidence of such power or connectivity cost increases directly from the provider and or vendor

c.    Billing Disputes.  To dispute a charge on an invoice, Client shall identify the specific charge in dispute and provide written explanation of the basis of the dispute by the Due Date (a "Formal Dispute").  The parties shall work in good faith to resolve the disputed charge.  If AIS determines that the disputed charge was properly billed to Client, Client shall have ten (10) days following such determination to pay said charge.

d.    Interruption of Service.  Unless there is a Formal Dispute pending, AIS reserves the right to interrupt the provision of Services in the event that Client fails to pay its invoice within fifteen (15) days of its Due Date.  Prior to any interruption of Services, AIS shall provide Client with no less than twenty-four (24) hours notice.  AIS may interrupt the provision of Services to Client upon twenty four (24) hours notices in the event that Client violates the AIS Accepted Use Policy ("AIS AUP") (as found at www.americanis.net).

e.    Optional Security Deposit.  AIS may, upon thirty (30) days' prior notice, require a deposit from Client in the amount of one (1) month's MRC (as set forth in the applicable Service Order) if Client has failed to pay its invoice by the Due Date three (3) times in any twelve (12) month period or if there has been a material, adverse change in its financial condition.

f.    Taxes.  Client shall be responsible for paying all taxes, fees, assessments and other charges imposed on Client by any federal, state or local government agency that may result from this Agreement, or any of the activities contemplated hereunder (other than taxes relating to the income of AIS).

3.    **TERM AND TERMINATION.**

a.    Term.  The "Term" of this Agreement shall commence on the Effective Date and continue until terminated as set forth below.  Each Service Order shall identify a "Service Term" that is applicable solely to the Services provided under that Service Order.

b.    Termination by Either Party.  Either party may terminate this Agreement and/or one or more Service Orders upon thirty (30) days' prior written notice to the other party in the event of a material, uncured breach of this Agreement or the applicable Service Orders, or in the event of a non-mitigated Force Majeure Event (as defined below).  Upon receipt of said termination notice, the breaching party shall have thirty (30) days to cure said breach.

c.    Termination by Client.  Client shall have the right to terminate this Agreement and/or one or more Service Orders for convenience upon the payment of a cancellation fee equal to the total sum of all fees due under the applicable Service Orders for the remainder of the applicable Service Term(s).  Notwithstanding the above, if Client wishes to terminate an ordered Service prior to its delivery, Client shall pay to AIS a cancellation fee equal to one (1) month's projected MRC, plus all out of pocket costs incurred by AIS.



d. <u>Termination by AIS</u>.  AIS shall have the right to immediately terminate this Agreement without liability upon written notice to Client in the event that (i) AIS is forced to interrupt Services to Client on more than one (1) occasion in any six (6) month period due to Client's failure to timely fulfill its payment obligations; or (ii) AIS is unable to relocate Client following an event of damage or destruction rendering the Premises or Colocation Space (as those terms are defined in the Service Order) or Eminent Domain; or (iii) violation of the AIS AUP.

## 4.  REPRESENTATIONS AND WARRANTIES

a.  <u>Representations and Warranties of AIS</u>.  AIS represents and warrants that (i) it is in good standing with all applicable local, state and federal agencies, (ii) the person executing this Agreement on behalf of AIS is authorized to bind AIS to the terms and conditions contained herein, (iii) all Services performed under this Agreement and the Service Orders attached hereto shall be performed in good workmanlike manner consistent with the best practices within the industry, (iv) the Services provided hereunder shall comply with all applicable laws and regulations, and (v) it has and will maintain insurance in satisfaction with the requirements set forth in Section 6.

b.  <u>Representations and Warranties of Client</u>.  Client represents and warrants that (i) it is in good standing with all applicable local, state and federal agencies, (ii) the person executing this Agreement of behalf of Client is authorized to bind Client to the terms and conditions contained herein, (iii) Client's business and its use of the Services provided hereunder do not and will not operate in any manner that would violate any applicable law or regulation or the AIS AUP, and (iv) it has and will maintain insurance in satisfaction with the requirements set forth in Section 6.

## 5.  DISCLAIMER OF WARRANTIES.

EXCEPT AS SET FORTH IN ONE OR MORE SERVICE ORDERS ATTACHED HERETO, THE SERVICES, ANY EQUIPMENT, ANY SOFTWARE AND ANY AND ALL OTHER MATERIALS PROVIDED BY AIS IN CONNECTION WITH THIS AGREEMENT AS WELL AS ANY ATTACHED SERVICE ORDER ARE PROVIDED WITHOUT ANY WARRANTIES OR REPRESENTATIONS OF ANY KIND, WHETHER STATUTORY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO, WARRANTIES OF TITLE, NONINFRINGEMENT, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, ACCURACY, COMPLETENESS OR ANY RESULTS TO BE ACHIEVED HEREFROM.  AIS MAKES NO REPRESENTATIONS CONCERNING THE COMPATIBILITY OF SOFTWARE OR EQUIPMENT OR ANY RESULTS TO BE ACHIEVE THEREFROM OR THAT ANY SERVICE WILL BE FREE FROM LOSS OR LIABILITY ARISING OUT OF ANY THIRD PARTY TECHNOLOGY, HACKING OR SIMILAR ACTIVITY, OR ANY ACT OR OMISSION OF THE CLIENT INCLUDING FAILURE TO ENCRYPT OR BACKUP.

## 6.  INSURANCE.

Each party shall carry and maintain during the Term of this Agreement and any and all applicable Service Terms, at its own cost and expense, commercial general liability insurance with limits as follows:  $1,000,000 per occurrence and $2,000,000 aggregate.  Client shall name AIS as an additional insured and provide evidence of same upon request.



7. **LIMITATION ON LIABILITY.** Neither party, nor any of its affiliates, employees, contractors, suppliers or agents, shall be liable for any indirect, incidental, special, reliance, punitive or consequential damages, including, without limitation, any lost of imputed profits or revenues, lost data, damages to software or firmware, or cost of procuring or transitioning to substitute services, regardless of the legal theory under which such liability is asserted, and regardless of whether a party had been advised of the possibility of such liability. Except for Client's payment obligations hereunder, the total aggregate liability of each party arising under this Agreement shall be limited to twelve (12) times the MRC paid or payable in the month preceding the date in which the claim arises.

8. **CONFIDENTIALITY.** Each party acknowledges that, in the course of the performance of this Agreement, it (the "Receiving Party") may have access to information and communications, including proprietary information claimed to be unique, secret, confidential, and which constitutes the exclusive property and trade secrets of the other party ("Confidential Information"). Except as provided in the AIS AUP, each party agrees to maintain the confidentiality of the Confidential Information and to use the Confidential Information only to the extent necessary for legitimate business uses in connection with this Agreement. Upon request of either party or on termination or expiration of this Agreement, each party shall return the Confidential Information of the other party then in its possession. Nothing in this Agreement shall prohibit or limit either party's use of information which (a) is now, or hereafter becomes, publicly known or available through lawful means; (b) is rightfully in Receiving Party's possession, as evidenced by Receiving Party's records; (c) is disclosed to the Receiving Party without confidential or proprietary restriction by a third party who rightfully possesses and rightfully discloses the information; (d) is independently developed by the Receiving Party without any breach of this Agreement; or (e) is the subject of a written permission to disclose provided by the Disclosing Party. Client further agrees and acknowledges that AIS may disclose Client account information in accordance with the AIS AUP.

Client agrees not to disclose to any third party the terms and conditions contained in this Agreement or any Service Order.

9. **INDEMNIFICATION.** Each party agrees to defend, indemnify and hold the other party harmless from third party claims, losses, damages, liabilities, costs and expenses, including, without limitation, reasonable attorneys' fees and costs arising from the breach of an express obligation under this Agreement and/or any attached Service Order. The indemnifying party's obligation to provide indemnification hereunder shall be subject to the other party (i) providing the indemnifying party with prompt written notice of the claim; provided, however, that the failure to provide timely notice shall not render this provision enforceable to the extent that such delay has not caused prejudice to either party; (ii) giving the indemnifying party sole control over the defense or settlement of the claim so long as the indemnifying party has reviewed the claim and provides written confirmation within ten (10) days of receipt of notice that indemnifying party is 100% responsible for the claim and will not seek contribution from the other party; and (iii) providing the indemnifying party with reasonable assistance, at indemnifying party's expense, in the defense or settlement of the claim. If the other party elects to retain separate counsel, because the indemnifying party elects not to provide written confirmation that it is 100% responsible for the claim and will not seek contribution from the other party or for any other reason, it shall be at its own expense. If it is later determined by a court of competent jurisdiction, that the other party is not responsible for any portion of the claim, the indemnifying



party shall reimburse the other party for all of its costs and expenses, including attorney's fees, related thereto, including the defense of any contribution claim.

10. **DATA SECURITY.** Notwithstanding any of the Services provided under any Service Order attached hereto, Client is responsible for its data and, except as otherwise expressly agreed in one or more Service Orders, for the backup thereof. AIS shall not be liable to Client for hacking or similar malicious activity by any third party.

11. **NON-SOLICITATION.** Each party agrees that during the Term of this Agreement, and for a period of one (1) year after the date of expiration or termination of this Agreement, it will not hire any employee of the other party who was involved with the provision of the Services under this Agreement or any Service Order. In the event that a party elects to hire an employee of the other party within such timeframe, that party agrees to pay the other party a pecuniary amount equal to one (1) year of the employee's annual salary earned during the preceding year. The restrictions contained in this paragraph regarding non-solicitation of employees will not apply in the case of an employee who responds (without specific solicitation) to a general solicitation through newspapers or other publications of general circulation, placement agencies or similar means.

12. **GENERAL TERMS AND CONDITIONS**

    a.  Force Majeure. A "Force Majeure Event" means any act or event, whether foreseen or unforeseen that prevents a party (the "Nonperforming Party"), in whole or in part, from performing its obligations or satisfying any conditions to the Nonperforming Party's obligations under this Agreement or any Service Order, and is beyond the reasonable control or and not the fault of the Nonperforming Party, and the Nonperforming Party has been unable to avoid or overcome by exercise of due diligence. In furtherance of the definition of a Force Majeure Event and not in limitation of that definition, each of the following acts or events is deemed to meet the requirements of this subsection and to be a Force Majeure Event: war, flood, lightning, drought, earthquake, fire, volcanic eruption, landslide, hurricane, cyclone, typhoon, tornado, explosion, civil disturbance, act of God or the public enemy, terrorist act, military action, epidemic, famine or plague, shipwreck, action of a court or public authority, or strike, work-to-rule action, go-slow, or similar labor difficulty, each on a industry-wide, region-wide or nationwide basis. The Nonperforming Party shall not be liable for any loss or delay resulting from any Force Majeure Event and any payment or delivery date shall be extended to the extent of any such delay resulting from the Force Majeure Event.

    b.  Binding on Successors and Assigns. The provisions of this Agreement and each Service Order shall be binding upon and inure to the benefit of each of the parties and their respective successors and assigns. Nothing expressed or implied in this Agreement is intended, or shall be construed, to confer upon or give any person, partnership, or corporation, other than the parties, their successors and assigns, any benefits, or rights under or by reason of this Agreement or any Service Order, except to the extent of any contrary provision herein contained.

    c.  Relationship of Parties. This Agreement shall not create an employer-employee relationship, a partnership, joint venture or other agency relationship between the parties. AIS and Client are independent entities contracting for the Services specified under this Agreement and the



attached Service Orders. All personnel used by AIS to perform the Services required under this Agreement shall be deemed the employees, agents or independent contractors of AIS only. AIS shall be solely responsible for compliance with all tax, insurance and labor laws applicable to the fees paid to AIS under this Agreement. Neither party shall have the right, power or authority to create any contract or obligation, or make any commitments, express or implied, on behalf of, in the name of or binding upon the other party.

d.  <u>Assignment</u>. This Agreement and the rights and obligations hereunder shall not be assigned or otherwise transferred by either party without the prior written consent of the other party. Notwithstanding the foregoing, either party may transfer or assign this Agreement in connection with a bona fide sale of all or substantially all of its assets to an independent third party.

e.  <u>Notices</u>. All notices, requests, instructions, consents and other communications to be given under this Agreement shall be in writing and shall be deemed received the earlier of: (i) on the day of hand delivery; (ii) on the day of facsimile with confirmation; or (iii) on the day of the actual delivery by United Parcel Service, Federal Express, DHL Couriers or other delivery service of equal or superior reputation and which provides for proof of delivery from a disinterested party. Notice shall be sent to the parties at the following locations:

If to AIS:

> American Internet Services, LLC
> Attn:  Tim Caulfield, CEO
> 9305 Lightwave Drive, #100
> San Diego, CA 92123
> Phone: (858) 576-4272 ext 145
> Fax: (858) 427-2401

> With a courtesy copy, which shall not constitute notice, to:

>> Grant G. Teeple, Esq.
>> Teeple Hall, LLP
>> 9255 Towne Centre Drive, Suite 500
>> San Diego, CA 92121
>> Phone: (858) 622-7878
>> Fax: (858) 622-0411

If to Client:

> Ronald K. Anderson
> 4343 Yaqui Pass Road
> Borrego Springs, CA 92004
> Phone: (760) 767-5051
> ronanderson@borregomedical.org

f.  <u>Waiver</u>. The parties may not amend or waive any provision of this Agreement or any Service Order, except pursuant to a writing executed by the party or parties against whom any

*Master Services Agreement*
*Client: Borrego Community Health Foundation*
*Effective Date: August 13, 2012*
*Page 6 of 8*



amendment or waiver is sought to be enforced. No failure or delay in exercising any right or remedy or requiring the satisfaction of any condition, and no course of dealing between the parties, shall operate as a waiver or estoppel of any right, remedy or condition. A waiver made in writing on one occasion is effective only in that instance and only for that purpose that it is given and is not to be construed as a waiver on any future occasion or against any other person. To the extent any course of dealing, act, omission, failure, or delay in exercising any right or remedy under this Agreement or any Service Order constitutes an election of an inconsistent right or remedy, that election does not constitute a waiver of any right or remedy, or limit or prevent the subsequent enforcement of any contract provision. No single or partial exercise of any right or remedy under this Agreement or any Service Order precludes the simultaneous or subsequent exercise of any other right or remedy. The rights and remedies of the parties set forth in this Agreement or any Service Order are not exclusive of, but are cumulative to, any rights or remedies now or subsequently existing at law, in equity, or by statute.

g.  Severability. If any provision of this Agreement or any Service Order is determined to be invalid, illegal or unenforceable, the remaining provisions shall remain in full force and effect, if the essential terms and conditions of this Agreement for both parties remain valid, legal and enforceable. If any essential provision is held invalid, illegal or unenforceable, the parties shall negotiate in good faith to modify this Agreement or the applicable Service Order to fulfill, as closely as possible, the original intents and purposes of this Agreement or the applicable Service Order.

h.  Governing Law/Venue. This Agreement, any Service Orders, including, but not limited to, their validity, interpretation, construction, performance and enforcement, shall be construed in accordance with and governed by the laws of the State of California (without giving effect to its conflicts of law principles). Any party bringing a legal action or proceeding against the other arising out of or relating to this Agreement, any Service Order, or the transactions they contemplate, shall bring the legal action or proceeding in federal or state courts located in San Diego County, California. Each party consents to the exclusive jurisdiction of said courts for the purpose of all legal actions and proceedings arising out of or relating to this Agreement, the Service Orders, or the transactions they contemplate. Each party agrees that the exclusive choice of forum set forth in this Section does not prohibit the enforcement of any judgment obtain in that forum or any other appropriate forum. Each party waives, to the fullest extent permitted by law, any objection which it may now or later have to the venue agreed upon herein, and any claim that any action or proceeding brought in any such court has been brought in an inconvenient forum.

i.  Merger/Integration. This Agreement and any Service Orders entered into in connection with this Agreement contain the entire agreement between the parties and represent the complete and exclusive expression of the parties' agreement on the matters between the parties. All prior and contemporaneous negotiations and agreement between the parties on matters contained in this Agreement are expressly merged into and superseded by this Agreement. The provisions of this Agreement and/or any Service Order may not be explained, supplemented, or qualified through evidence of trade usage or prior course of dealings. In entering into this Agreement, neither party has relied upon any statement, representation, warranty, or agreement of the other party except for those expressly contained in this



Agreement or a Service Order. There are no conditions precedent to the effectiveness of this Agreement other than those expressly stated herein.

j.   Execution/Counterparts. This Agreement as well as any Service Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same document. The parties additionally acknowledge and agree that this Agreement and any Service Order may be executed and delivered by facsimile or email. At such times as each of the parties has a facsimile copy of this Agreement and/or any Service Order, and/or counterparts thereof, containing the signatures of all of the parties, this Agreement and/or the applicable Service Order shall be treated as having been fully executed and delivered for all purposes.

k.   No Publicity. Neither party shall use, publicize, or issue any press release which includes the name, trademarks, or other proprietary identifying symbol of the other party or its affiliates, without the prior written consent of such other party.

l.   No Photographs. Client may not photograph, or electronically or otherwise reproduce any part of the interior of the Premises, without AIS' prior written permission.

m.   Attorneys Fees. Should it be necessary to institute any action to enforce the terms of this Agreement or any Service Order, the parties hereby agree that the prevailing party in any such action shall be entitled to recover its reasonable attorneys' fees, as well as all costs of the action, including, but not limited to court or arbitration tribunal costs, filing fees, exhibit fees, forensic consultant fees, litigation support costs and expert witness fees. Further, recoverable attorney fees and costs shall include the costs for such items for any appeals. This paragraph shall remain independent from any judgment entered to enforce its terms, shall not merge therewith, and shall entitle the prevailing party to attorneys fees and costs incurred in connection with post judgment collection and enforcement efforts.

IN WITNESS WHEREOF, the parties enter into this Agreement as of the Effective Date.

**AIS:**                                          **CLIENT:**

**American Internet Services, LLC**               **Borrego Community Health Foundation**

By: _Craig Fletcher_                              By: _____

Name: _CRAIG FLETCHER_                            Name: _Don Andexer_

Title: _CONTROLLER_                               Title: _Director of IT_

Date: _8/14/2012_                                 Date: _8/13/12_

---

*Master Services Agreement*
*Client. Borrego Community Health Foundation*
*Effective Date. August 13, 2012*
*Page 8 of 8*

CSD 2015 [05/01/23]

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on ___28th___ day of ___September___, 20 23, I served a true copy of this OBJECTION TO CLAIM AND NOTICE THEREOF, together with the following pleadings on the following persons listed below by the mode of service shown below:

Pleadings: **Objection to Claim and Notice Thereof; Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Disallow Claim No. 125 Filed by American Internet Services, LLC d/b/a Nfinit; Memorandum of Points and Authorities in Support Thereof; Declaration of Isaac Lee**

1.    **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the documents) listed above will be served by the court via NEF and hyperlink to the document. On ___September 28, 2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

See atttached service list

☐    Chapter 7 Trustee:

☒    For Chpt. 7, 11, & 12 cases:    ☐    For Chapter 13 cases assigned to:    ☐    For Chapter 13 cases assigned to:

UNITED STATES TRUSTEE    THOMAS H. BILLINGSLEA, JR., TRUSTEE    MICHAEL KOCH, TRUSTEE
ustp.region15@usdoj.gov    Billingslea@thb.coxatwork.com    mkoch@ch13.sdcoxmail.com

---

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

CSD 2015 [05/01/23]

2.      **Served by United States Mail**:

On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

3.      **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under FRCP 5 and controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on      September 28, 2023
                 _____
                         (Date)

                                      /s/ Nancy H. Brown
                                      _____
                                      (Typed Name and Signature)  Nancy H . Brown

                                      10100 Santa Monica Blvd., Suite 1300
                                      _____
                                      (Address)

                                      Los Angeles, CA  90067
                                      _____
                                      (City, State, ZIP Code)

Case No:  **22-02384**

1.    **To be Served by the Court via Notice of Electronic Filing ("NEF"):**

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, admin@bienertkatzman.com;4579179420@filings.docketbird.com
- **Daren Brinkman**    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Shawn Christianson**    schristianson@buchalter.com, cmcintire@buchalter.com
- **Van C. Durrer**    van.durrer@skadden.com, rebecca.ritchie@skadden.com;andrea.bates@skadden.com;brigitte.travaglini@skadden.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **William P. Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;samantha.larimer@fennelllaw.com;naomi.cwalinski@fennelllaw.com;Hala.Hammi@fennelllaw.com
- **Christine M. Fitzgerald**    christine@thersfirm.com, maria@thersfirm.com;amy@thersfirm.com
- **Leslie Gardner**    leslie.gardner2@usdoj.gov, brenda.seyler@usdoj.gov;Efile.dkt.civ@usdoj.gov
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Haeji Hong**    Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@fsl.law, jwilson@fsl.law
- **Kirsten Martinez**    kirsten.martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steve S Mattia**    steve@mattialaw.com
- **H. Mark Mersel**    mark.mersel@bclplaw.com, ginny.hamel@bryancave.com
- **Ali Mojdehi**    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com;melissa.turpin@btlaw.com;docketinglitin@btlaw.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com, scho@pszjlaw.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Keith H. Rutman**    krutman@krutmanlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Gerald N. Sims**    jerrys@psdslaw.com, bonniec@psdslaw.com
- **Cheryl Skigin**    caskigin@earthlink.net, ca.ecf@aislegaltrac.com
- **Randye B. Soref**    rsoref@polsinelli.com
- **Susan C. Stevenson**    sstevenson@psdslaw.com, bonniec@psdslaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, emma@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov
- **Darin L. Wessel**    darin.wessel@doj.ca.gov
- **Helen Yang**    helen.yang@squirepb.com, helen-h-yang-8259@ecf.pacerpro.com;PHX_DCKT@squirepb.com