CSD 2015 [05/01/23]

Name, Address, Telephone No. & I.D. No.
Samuel R. Maizel (Bar No. 189301); Tania M. Moyron (Bar No. 235736);
Rebecca M. Wicks (Bar No. 313608)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213/623-9300

Attorneys for Chapter 11 Debtor and Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717); Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910

Attorneys for the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### 325 West F Street, San Diego, California 92101-6991

In Re

Borrego Community Health Foundation,

Debtor(s)

BANKRUPTCY NO. 22-02384-LT11

## OBJECTION TO CLAIM AND NOTICE THEREOF

TO: PyanGo, LLC, The United States Trustee, and All Other Parties In Interest

The ☐ Trustee ☒ Debtor ☐ Chapter 13 Trustee, except to the extent already paid by the Chapter 13 trustee, objects to the allowance of
Court

Claim No. 72 , (or if no Court number assigned, Trustee Claim No. _____ ) of      PyanGo, LLC
                                                                                    (Name of Creditor)

filed for $ 18,602.00 , on the grounds it:

☐        Duplicates Claim No. _____ filed by

☐        The claim was filed after the expiration of the last date to file claims.

☐        Does not include an itemized statement of the account.

☐        Does not include a copy of the underlying judgment.

☐        Does not include a copy of the security agreement and evidence of perfection.

☐        Does not include a copy of the writing upon which it is based.

☐        Fails to assert grounds for priority.

For the following objections, attach and serve affidavits or declarations in accordance with LBR 9013-7(a)(1):

☐        Appears to include interest or charges accrued after the filing of this case on _____

☒        Other [State grounds and cite applicable Code section or case authority.]:

         The agreement underlying the claim was assumed by the buyer of the Debtor's assets and any cure
         amount owed was paid. The claim should be disallowed pursuant to section 502(b)(1).

If you object to the proposed action:

1.  **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case.
    Determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number is followed by the
    letters:

|   |     |   |      |                  |   |                              |
|---|-----|---|------|------------------|---|------------------------------|
| - | MM  | - | call | (619) 557-7407   | - | DEPARTMENT ONE (Room 218)    |
| - | LT  | - | call | (619) 557-6018   | - | DEPARTMENT THREE (Room 129)  |
| - | CL  | - | call | (619) 557-6019   | - | DEPARTMENT FIVE (Room 318)   |

2    **Within 30[1] days from the date of service of this motion**, you are further required to serve a copy of your **Declaration in Opposition to Motion** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must :

        a.    identify the interest of the opposing party; and

        b.    state, with particularity, the grounds for the opposition.

3.    **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 30-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.

I hereby declare under penalty of perjury that the objection set forth above is true and correct to the best of my information and belief.

DATED:   September 28, 2023                  */s/ Tania M. Moyron*

                                            Trustee [Debtor]

                                    Tania M. Moyron

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
REBECCA M. WICKS (Bar No. 313608)
rebecca.wicks@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623-9300
Facsimile:  213 623-9924

Attorneys for the Chapter 11 Debtor and
Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717)
Steven W. Golden (Admitted Pro Hac Vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jpomerantz@pszjlaw.com
sgolden@pszjlaw.com

Attorneys to the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor in Possession. | Case No.  22-02384-11<br><br>Chapter 11 Case<br><br>Judge: Honorable Laura S. Taylor<br><br>**JOINT MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISALLOW CLAIM NO. 72 FILED BY PYANGO, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ISAAC LEE** |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee") jointly move (the "Motion") the Court for entry of an order disallowing Proof of Claim No. 72 (the "Claim")[1] filed by PyanGo, LLC (the "Claimant") in its entirety. The Claimant asserts a general unsecured claim in the amount of $18,602.00 and lists the following basis for the Claim: "Goods sold."

The Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. upon the closing of the sale of substantially all of the Debtor's assets. To the extent any cure amount was owed to the Claimant, the Claimant was paid.

A true and correct copy of the Claim is attached as **Exhibit "A"** to the annexed Declaration of Isaac Lee.

The objection made by way of this Motion seeks to alter the Claimant's rights by disallowing the Claim based on the grounds set forth in the annexed memorandum of points and authorities (the "Memorandum"). The Memorandum and the specific comments about the Claim should be reviewed in order to fully understand the basis for the objection to the Claim.

**WHEREFORE**, the Debtor and the Committee respectfully request that the Court enter an order: (a) granting this Motion in its entirety, (b) disallowing the Claim as set forth herein, and (c) granting such other and further relief that may be appropriate.

---

[1] The Claim is denominated on the Kurtzman Carson Consultant LLC ("KCC") claim registry as Claim No. 72. On September 27, 2022, the Court entered its *Order on Debtor's Ex Parte Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* [Docket No. 55], which, among other things, authorized KCC to maintain the official claim register for this Case. Accordingly, the Motion references the Claim as denominated on the KCC claim registry.

DOCS_LA:351371.2 10283/002

Dated:  September 28, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON


By __/s/ Tania M. Moyron_____
       *Tania M. Moyron*

Attorneys for the Chapter 11 Debtor and
Debtor in Possession

Dated: September 28, 2023

PACHULSKI STANG ZIEHL &
JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden


By __/s/ Steven W. Golden_____
      STEVEN W. GOLDEN

Attorneys for the Official Committee of
Unsecured Creditors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee"), by and through their undersigned counsel, hereby jointly file this Memorandum of Points and Authorities in support of their joint motion (the "Motion") for the entry of an order disallowing Proof of Claim No. 72 (the "Claim")[2] filed by PyanGo, LLC (the "Claimant") in its entirety.  The Claimant asserts a general unsecured claim in the amount of $18,602.00 and lists the following basis for the Claim: "Goods sold."

The Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. ("DAP Health") upon the closing of the sale of substantially all of the Debtor's assets (the "Sale").  To the extent any cure amount was owed to the Claimant, the Claimant was paid.  For these reasons, the Debtor and the Committee request that the Court enter an order sustaining the objection to the Claim and disallowing the Claim in its entirety.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    STATEMENT OF FACTS

### A.    GENERAL BACKGROUND

1.    On September 12, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

---

[2] The Claim is denominated on the Kurtzman Carson Consultant LLC ("KCC") claim registry as Claim No. 72.  On September 27, 2022, the Court entered its *Order on Debtor's Ex Parte Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* [Docket No. 55], which, among other things, authorized KCC to maintain the official claim register for this Case.  Accordingly, the Motion references the Claim as denominated on the KCC claim registry.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

"Bankruptcy Code").[3] Since the commencement of its Case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108.

2. As of the Petition Date, the Debtor was a nonprofit Federally Qualified Health Center that provided health care services to low income and rural patients in San Diego and Riverside Counties through a system of eighteen clinics, two pharmacies, and six mobile units. In 2021, the Debtor provided approximately 386,000 patient care visits to over 94,000 patients. The Debtor's services include comprehensive primary care, urgent care, behavioral health, dental services, specialty care, transgender health, women's health, prenatal care, veteran's health, chiropractic services, tele-health, and pharmacy.

3. Additional background regarding the Debtor, including an overview of the Debtor's business and additional events leading up to this Case, is set forth in the *Declaration of Isaac Lee, Chief Restructuring Officer, in Support of Debtor's Emergency First Day Motions* [Docket No. 7] (the "First-Day Declaration").

4. On September 26, 2022, the Office of the United States Trustee appointed the Committee. [Docket No. 49].

5. On September 13, 2022, the Court entered an order [Docket No. 16] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim, including claims by governmental units. The Bar Date order set a deadline of November 21, 2022, for proofs of claim and a deadline of March 13, 2023, for claims by governmental units.

**B.     FACTS RELEVANT TO MOTION**

6. The Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

7. On November 8, 2022, Claimant filed the Claim for $18,602.00 against the Debtor, which is a general unsecured claim. The basis for the Claim is "Goods

---

[3] All references to section or chapter herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Rules" are to the Federal Rules of Bankruptcy Procedure.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

sold." A copy of the Claim is attached to the Declaration of Isaac Lee (the "Lee Decl.") in support of this Motion as **Exhibit "A."**

8. On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $0.00 and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9. On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10. Claimant did not file a cure objection prior to the Cure Objection Deadline. Lee Decl., at ¶ 1.

11. On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12. On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 559], which approved the Sale to DAP Health.

13. On July 31, 2023, the Sale closed, and the Agreement was assigned to DAP Health. To the extent any cure payment was owed, the Claimant was paid. Lee Decl., at ¶ 13.

## IV.   **ARGUMENT**

Bankruptcy Rule 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim. Fed. R. Bankr. P. 3001(a). Under Section 502(a) and

6

Bankruptcy Rule 3001(f), a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim and is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f); *see Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); *In re So. Cal. Plastics, Inc.*, 165 F.3d 1243, 1247-48 (9th Cir. 1999); *In re Garner*, 246 B.R. 617, 620-21 (B.A.P. 9th Cir. 2000). However, Bankruptcy Rule 3001(f) "operates merely as an evidentiary presumption that is rebuttable." *In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006).

Section 502(b) provides:

> [I]f such objection to claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured, . . . .

11 U.S.C. § 502(b). The effect of section 502(b)(1) "is to make available . . . any defense to a claim that might have been available to the debtor." 4 *Collier on Bankruptcy*, ¶ 502.03[2][b] (16th ed.).

*Prima facie* validity is not accorded to any and all proofs of claim filed against a debtor. A claimant must establish by a preponderance of the evidence that its claim should be allowed. *Lundell*, 223 F.3d at 1039. The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). The Bankruptcy Court has the power to "sift" the circumstances around any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. *Pepper v. Litton*, 308 U.S. 295, 304 (1939).

As stated in *In First Nat'l Bank of Fayetteville v. Circle J. Dairy Inc. (In re Circle J. Dairy, Inc.)*, 112 B.R. 297 (W.D. Ark. 1989):

> A claim, to be legally sufficient and, therefore, to be *prima facie* valid, under the Bankruptcy Rules, must:
> 1)    be in writing;
> 2)    make a demand on the debtor's estate;
> 3)    express the intent to hold the debtor liable for the debt;

7

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4)    be properly filed;[4] and
5)    be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory.  The *prima facie* validity of the claim does not attach unless the claim is in compliance with the [Bankruptcy Rules], including Rule 3001, and set[s] forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

*Id.* at 299-300 (internal quotes and citations omitted) (emphasis added).

"Once a claim has been properly filed, the debtor or trustee has the burden of presenting sufficient evidence to rebut this *prima facie* validity." *Mulvania v. United States of America Internal Revenue Service (In re Mulvania)*, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997) (internal citations omitted).  Once an objector raises "facts tending to defeat the claim by probative force equal to that of the allegations in the proofs of claims themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden revests in the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996) (citation omitted); *see In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000).

"[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623; *see Lundell*, 223 F.3d at 1039 (holding the same); *So. Cal. Plastics*, 165 F.3d at 1248; *Ankeny v. Meyer (In re Ankeny)*, 184 B.R. 64, 69 (B.A.P. 9th Cir. 1995). While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence," the substantive burden of proof remains at all times upon the claimant. *Garvida*, 347 B.R. at 706; *Lundell*, 223 F.3d at 1039; *So. Cal.*

---

[4] A proof of claim will only be considered properly filed if it: (1) "conform[s] substantially to the appropriate Official Form," (2) is accompanied by any supporting documents, and (3) is timely filed.  Fed R. Bankr. P. Rules 3001(a), (c), and 3003(c)(3); Official Form 10.

DOCS_LA:351371.2 10283/002

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Plastics*, 165 F.3d at 1248. A claimant must establish by a preponderance of the evidence that its claim should be allowed. *Lundell*, 223 F.3d at 1039. The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990).

Here, the Claim should be disallowed because the Agreement was assumed by DAP Health upon the closing of the Sale. To the extent a cure payment was owed, the Debtor paid. All future obligations are now owed by DAP Health and the Debtor does not have any obligations under the Agreement. Accordingly, the Claim should be disallowed in its entirety.

## V. RESERVATION OF RIGHTS

The Debtor and Committee expressly reserve their right to amend, modify, or supplement this Motion or file a new motion to assert additional objections to the Claim or any other proofs of claim (filed or not) that may be asserted by the Claimant. Should the grounds for disallowance of the Claim as stated in this Motion be deemed insufficient, the Debtor and the Committee reserve their right to object to the Claim on any other grounds.

## VI. CONCLUSION

For the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtor and the Committee respectfully request that the Court enter an order (i) granting the Motion in its entirety, (ii) sustaining the Debtor's and Committee's objection to the Claim and disallowing the Claim in its entirety, and (iii) granting such other and further relief as is just and proper under the circumstances.

9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Dated:  September 28, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By   */s/ Tania M. Moyron*
       Tania M. Moyron

Attorneys for the Chapter 11 Debtor
and Debtor in Possession

Dated: September 28, 2023

PACHULSKI STANG ZIEHL &
JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden

By   */s/ Steven W. Golden*
       STEVEN W. GOLDEN

Attorneys for the Official Committee of
Unsecured Creditors

10

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## DECLARATION OF ISAAC LEE

2      I, Isaac Lee, hereby state and declare as follows:

3      1.      I am the Chief Restructuring Officer of Borrego Community Health

4   Foundation ("Debtor").

5      2.      I am a Managing Director at Ankura with more than 20 years of

6   operational and financial restructuring experience. I have advised numerous

7   companies on turnaround plan development and evaluation, liquidity improvement

8   initiatives, asset dispositions, liability management and bankruptcy filing

9   preparation.  I have also assisted in managing and administering companies during

10  this chapter 11 case.  Additionally, I have prior experience with health care

11  providers, including a nine surgical center system and had senior level

12  responsibilities on two prior engagements where Ankura has been involved as

13  Chief Restructuring Officer.

14     3.      I received my MBA from the Tuck School at Dartmouth College and

15  my BS in Business Administration from the University of Southern California.

16     4.      I am knowledgeable and familiar with the Debtor's day-to-day

17  operations, business, and financial affairs, restructuring efforts and the

18  circumstances leading to the commencement of this chapter 11 case.  Except as

19  otherwise indicated herein, this declaration is based upon my personal knowledge,

20  my review of relevant documents, information provided to me by employees of the

21  Debtor or the Debtor's legal and financial advisors, or my opinion based upon my

22  experience, knowledge, and information concerning the Debtor and the medical

23  industry.  If called upon to testify, I would testify competently to the facts set forth

24  in this Declaration.

25     5.      I make this declaration (the "Declaration") in support of the *Joint*

26  *Motion of the Debtor and the Official Committee of Unsecured Creditors to*

27  *Disallow Claim No. 72 Filed by PyanGo, LLC* (the "Motion") (unless otherwise

28  defined herein, capitalized terms shall have the same meaning as in the Motion).  I

DOCS_LA:351371.2 10283/002

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

incorporate by reference into this Declaration my *Declaration in Support of Emergency First Day Motions* [Docket No. 7].

6.     The Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

7.     On November 8, 2022, Claimant filed the Claim for $18,602.00 against the Debtor, which is a general unsecured claim.  The basis for the Claim is "Goods sold."  A copy of the Claim is attached hereto as **Exhibit "A."**

8.     On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $0.00, and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9.     On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10.     Claimant did not file a cure objection prior to the Cure Objection Deadline.

11.     On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12.     On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 559], which approved the Sale to DAP Health.

13. On July 31, 2023, the Sale closed, and the Agreement was assigned to DAP Health. To the extent any cure payment was owed, the Claimant was paid.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 28th day of September 2023, at Los Angeles, California.

_/s/ Isaac Lee_
Isaac Lee

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT A

| Fill in this information to identify the case: |
|---|

Debtor  <u>Borrego Community Health Foundation</u>

United States Bankruptcy Court for the: <u>Southern</u>  District of <u>California</u>
(State)

Case number  <u>22-02384</u>

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | PYANGO, LLC |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☑ No |
|---|---|---|
| | | ☐ Yes.  From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | PYANGO, LLC<br>269 Montgomery Dr<br>Mokelumne Hill, CA 95245 | |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email  _mike@pyango.com_ | Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): |
| | | __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ |

| 4. | Does this claim amend one already filed? | ☑ No |
|---|---|---|
| | | ☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |

6.  **Do you have any number you use to identify the debtor?**

    ☑ No

    ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7.  **How much is the claim?**   $ _18602_____.  **Does this amount include interest or other charges?**

    ☑ No

    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8.  **What is the basis of the claim?**

    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

    Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

    Limit disclosing information that is entitled to privacy, such as health care information.

    _Goods sold_____

9.  **Is all or part of the claim secured?**

    ☑ No

    ☐ Yes.  The claim is secured by a lien on property.

    **Nature or property:**

    ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**                               $_____

    **Amount of the claim that is secured:**        $_____

    **Amount of the claim that is unsecured:**     $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**   $_____

    **Annual Interest Rate** (when case was filed)_____%

    ☐ Fixed

    ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No

    ☐ Yes. Identify the property: _____

2202384221019011920004556

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. **Check all that apply:** | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).　$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).　$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).　$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).　$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).　$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.　$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |

$_____

---

**Part 3:**　**Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 　11/08/2022
　　　　　　　　　 MM / DD / YYYY

/s/Mike Canniff
Signature

Print the name of the person who is completing and signing this claim:

Name　Mike Canniff
　　　　First name　　　　　　Middle name　　　　　　Last name

Title　CEO

Company　PyanGo LLC
　　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone 　_____　　　Email 　_____

---



2202384221019011920004556

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (866) 967-0670 | International (310) 751-2670

| | |
|---|---|
| **Debtor:** | |
| 22-02384 - Borrego Community Health Foundation | |
| **District:** | |
| Southern District of California, San Diego Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| PYANGO, LLC | Yes, supporting documentation successfully uploaded |
| 269 Montgomery Dr | **Related Document Statement:** |
| Mokelumne Hill, CA, 95245 | **Has Related Claim:** |
| **Phone:** | No |
| **Phone 2:** | **Related Claim Filed By:** |
| **Fax:** | |
| **Email:** | **Filing Party:** |
| mike@pyango.com | Creditor |
| **Other Names Used with Debtor:** | **Amends Claim:** |
| | No |
| | **Acquired Claim:** |
| | No |
| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
| Goods sold | No | |
| **Total Amount of Claim:** | **Includes Interest or Charges:** | |
| 18602 | No | |
| **Has Priority Claim:** | **Priority Under:** | |
| No | | |
| **Has Secured Claim:** | **Nature of Secured Amount:** | |
| No | **Value of Property:** | |
| **Amount of 503(b)(9):** | **Annual Interest Rate:** | |
| No | **Arrearage Amount:** | |
| **Based on Lease:** | | |
| No | **Basis for Perfection:** | |
| **Subject to Right of Setoff:** | **Amount Unsecured:** | |
| No | | |
| **Submitted By:** | |
| Mike Canniff on 08-Nov-2022 8:22:36 p.m. Eastern Time | |
| **Title:** | |
| CEO | |
| **Company:** | |
| PyanGo LLC | |

VN: A1F95E55BE68FB33636B07F1F2C6261B



Pyango LLC .
269 Montgomery Dr
Mokelumne
Hill CA 95245
United States

# Invoice

## #395

10/9/2022

## Customer Number: PyanGo-047 Borrego Community Health Foundation

**Bill To**
Borrego Community Health Foundation
58581 US Hwy 371
Anza CA 92539
United States

**Ship To**
Borrego Community Health Foundation
58581 US Hwy 371
Anza CA 92539
United States

**TOTAL**

# $18,602.00

**Due Date: 11/8/2022**

| Terms | Due Date | PO # | Partner | Currency |
|-------|----------|------|---------|----------|
| Net 30 | 11/8/2022 | | 19 Compuexcel | USD |

| Quantity | Item | Options | Rate | Amount |
|---------:|------|---------|-----:|-------:|
| 1 | **PyanGo Budgetary Control** | | $6,922.00 | $6,922.00 |
| 1 | **PyanGo Grants Management** | | $8,580.00 | $8,580.00 |
| 1 | **PyanGo Annual Support Services**<br>Licensing for December 2022 through November 2023 | | $3,100.00 | $3,100.00 |

| | |
|---|---:|
| **Subtotal** | $18,602.00 |
| **Tax Total (0%)** | $0.00 |
| **Total** | $18,602.00 |

**Payment Details**
Make all checks payable to PyanGo LLC
Mail To : 269 Montgomery Dr
             Mokelumne Hill CA 95245
Bank Name: Wells Fargo
Bank Address: 420 Montgomery St, San Francisco, CA 94104
Routing Number:121042882
Swift Code: WFBIUS6S
Checking Account Number:3089150266


395

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on __28th__ day of __September__, 20__23__, I served a true copy of this OBJECTION TO CLAIM AND NOTICE THEREOF, together with the following pleadings on the following persons listed below by the mode of service shown below:

Pleadings: Objection to Claim and Notice thereof; Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Disallow Claim No. 72 Filed by Pyango, LLC; Memorandum of Points and Authorities in Support Thereof; Declaration of Isaac Lee

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the documents) listed above will be served by the court via NEF and hyperlink to the document. On __September 28, 2023__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

See atttached service list

☐  Chapter 7 Trustee:

☒  For Chpt. 7, 11, & 12 cases:      ☐  For Chapter 13 cases assigned to:      ☐  For Chapter 13 cases assigned to:

UNITED STATES TRUSTEE          THOMAS H. BILLINGSLEA, JR., TRUSTEE      MICHAEL KOCH, TRUSTEE
ustp.region15@usdoj.gov          Billingslea@thb.coxatwork.com          mkoch@ch13.sdcoxmail.com

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

2.      **Served by United States Mail**:

On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

3.      **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under FRCP 5 and controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on ____September 28, 2023____
                        (Date)

_/s/ Nancy H. Brown_____
(Typed Name and Signature)  Nancy H . Brown

____10100 Santa Monica Blvd., Suite 1300____
(Address)

____Los Angeles, CA  90067____
(City, State, ZIP Code)

1.      **To be Served by the Court via Notice of Electronic Filing ("NEF"):**

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, admin@bienertkatzman.com;4579179420@filings.docketbird.com
- **Daren Brinkman**    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Shawn Christianson**    schristianson@buchalter.com, cmcintire@buchalter.com
- **Van C. Durrer**    van.durrer@skadden.com, rebecca.ritchie@skadden.com;andrea.bates@skadden.com;brigitte.travaglini@skadden.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **William P. Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;samantha.larimer@fennelllaw.com;naomi.cwalinski@fennelllaw.com;Hala.Hammi@fennelllaw.com
- **Christine M. Fitzgerald**    christine@thersfirm.com, maria@thersfirm.com;amy@thersfirm.com
- **Leslie Gardner**    leslie.gardner2@usdoj.gov, brenda.seyler@usdoj.gov;Efile.dkt.civ@usdoj.gov
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Haeji Hong**    Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@fsl.law, jwilson@fsl.law
- **Kirsten Martinez**    kirsten.martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steve S Mattia**    steve@mattialaw.com
- **H. Mark Mersel**    mark.mersel@bclplaw.com, ginny.hamel@bryancave.com
- **Ali Mojdehi**    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com;melissa.turpin@btlaw.com;docketinglitin@btlaw.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com, scho@pszjlaw.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Keith H. Rutman**    krutman@krutmanlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Gerald N. Sims**    jerrys@psdslaw.com, bonniec@psdslaw.com
- **Cheryl Skigin**    caskigin@earthlink.net, ca.ecf@aislegaltrac.com
- **Randye B. Soref**    rsoref@polsinelli.com
- **Susan C. Stevenson**    sstevenson@psdslaw.com, bonniec@psdslaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, emma@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov
- **Darin L. Wessel**    darin.wessel@doj.ca.gov
- **Helen Yang**    helen.yang@squirepb.com, helen-h-yang-8259@ecf.pacerpro.com;PHX_DCKT@squirepb.com