CSD 2015 [05/01/23]

Name, Address, Telephone No. & I.D. No.
Samuel R. Maizel (Bar No. 189301); Tania M. Moyron (Bar No. 235736);
Rebecca M. Wicks (Bar No. 313608)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  213/623-9300

Attorneys for Chapter 11 Debtor and Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717); Steven W. Golden (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Borrego Community Health Foundation,
                                                                 Debtor(s)

BANKRUPTCY NO. 22-02384-LT11

**OBJECTION TO CLAIM AND NOTICE THEREOF**

TO:  TPX Communications, The United States Trustee, and All Other Parties In Interest

The ☐ Trustee ☒ Debtor ☐ Chapter 13 Trustee, except to the extent already paid by the Chapter 13 trustee, objects to the allowance of Court

Claim No. __Scheduled Claim__ , (or if no Court number assigned, Trustee Claim No. _____ ) of __TPX Communications__
                                                                                                              (Name of Creditor)

filed for $ __1,064.34_____ , on the grounds it:

☐ Duplicates Claim No. _____ filed by _____

☐ The claim was filed after the expiration of the last date to file claims.

☐ Does not include an itemized statement of the account.

☐ Does not include a copy of the underlying judgment.

☐ Does not include a copy of the security agreement and evidence of perfection.

☐ Does not include a copy of the writing upon which it is based.

☐ Fails to assert grounds for priority.

For the following objections, attach and serve affidavits or declarations in accordance with LBR 9013-7(a)(1):

☐ Appears to include interest or charges accrued after the filing of this case on _____

☒ Other [State grounds and cite applicable Code section or case authority.]:

> The agreement underlying the claim was assumed by the buyer of the Debtor's assets and any cure amount owed was paid. The claim should be disallowed pursuant to section 502(b)(1).

If you object to the proposed action:

1. **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number is followed by the letters:

   - MM  -  call  (619) 557-7407  -  DEPARTMENT ONE (Room 218)
   - LT  -  call  (619) 557-6018  -  DEPARTMENT THREE (Room 129)
   - CL  -  call  (619) 557-6019  -  DEPARTMENT FIVE (Room 318)

CSD 2015 [05/01/23]

2. **Within 30[1] days from the date of service of this motion**, you are further required to serve a copy of your **Declaration in Opposition to Motion** and separate **Request and Notice of Hearing** [Local Form CSD 1184] upon the undersigned moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must :

    a. identify the interest of the opposing party; and

    b. state, with particularity, the grounds for the opposition.

3. **You must** file the original of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 30-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.

I hereby declare under penalty of perjury that the objection set forth above is true and correct to the best of my information and belief.

DATED: September 29, 2023                                    /s/ *Tania M. Moyron*
                                                              Trustee [Debtor]
                                                              Tania M. Moyron

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
REBECCA M. WICKS (Bar No. 313608)
rebecca.wicks@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623-9300
Facsimile: 213 623-9924

Attorneys for the Chapter 11 Debtor and Debtor in Possession

Jeffrey N. Pomerantz (Bar No. 143717)
Steven W. Golden (Admitted Pro Hac Vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jpomerantz@pszjlaw.com
sgolden@pszjlaw.com

Attorneys to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>    Debtor and Debtor in Possession. | Case No. 22-02384-11<br>Chapter 11 Case<br>Judge: Honorable Laura S. Taylor<br><br>**JOINT MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISALLOW THE SCHEDULED CLAIM OF TPX COMMUNICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ISAAC LEE** |

DOCS_LA:351406.2 10283/002

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee") jointly move (the "Motion") the Court for entry of an order disallowing the claim of TPX Communications (the "Claimant") scheduled by the Debtor in its Schedules of Assets and Liabilities as a general unsecured claim in the amount of $1,064.34 (the "Scheduled Claim").  The basis for the Scheduled Claim is: "Trade".

The Scheduled Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. upon the closing of the sale of substantially all of the Debtor's assets.  To the extent any cure amount was owed to the Claimant, the Claimant was paid.

The objection made by way of this Motion seeks to alter the Claimant's rights by disallowing the Scheduled Claim based on the grounds set forth in the annexed memorandum of points and authorities (the "Memorandum").  The Memorandum and the specific comments about the Scheduled Claim should be reviewed in order to fully understand the basis for the objection to the Claim.

**WHEREFORE**, the Debtor and the Committee respectfully request that the Court enter an order: (a) granting this Motion in its entirety, (b) disallowing the Scheduled Claim as set forth herein, and (c) granting such other and further relief that may be appropriate.

DOCS_LA:351406.2 10283/002

| | |
|---|---|
| Dated: September 29, 2023 | DENTONS US LLP<br>SAMUEL R. MAIZEL<br>TANIA M. MOYRON<br><br>By *  /s/ Tania M. Moyron*<br>    *Tania M. Moyron*<br><br>Attorneys for the Chapter 11 Debtor and Debtor in Possession |
| Dated: September 29, 2023 | PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz<br>Steven W. Golden<br><br>By  */s/ Steven W. Golden*<br>    STEVEN W. GOLDEN<br><br>Attorneys for the Official Committee of Unsecured Creditors |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3

DOCS_LA:351406.2 10283/002

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee"), by and through their undersigned counsel, hereby jointly file this Memorandum of Points and Authorities in support of their joint motion (the "Motion") for the entry of an order disallowing the claim of TPX Communications (the "Claimant"), scheduled by the Debtor in its Schedules of Assets and Liabilities as a general unsecured claim in the amount of $1,064.34 (the "Scheduled Claim"). The basis for the Scheduled Claim is "Trade".

The Scheduled Claim should be disallowed because the agreement underlying the Claim was assumed by DAP Health, Inc. ("DAP Health") upon the closing of the sale of substantially all of the Debtor's assets (the "Sale"). To the extent any cure amount was owed to the Claimant, the Claimant was paid upon the closing of the Sale. For these reasons, the Debtor and the Committee request that the Court enter an order sustaining the objection to the Scheduled Claim and disallowing the Scheduled Claim in its entirety.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. STATEMENT OF FACTS

**A. GENERAL BACKGROUND**

1. On September 12, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

4

DOCS_LA:351406.2 10283/002

"Bankruptcy Code").[1] Since the commencement of its Case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108.

2. As of the Petition Date, the Debtor was a nonprofit Federally Qualified Health Center that provided health care services to low income and rural patients in San Diego and Riverside Counties through a system of eighteen clinics, two pharmacies, and six mobile units. In 2021, the Debtor provided approximately 386,000 patient care visits to over 94,000 patients. The Debtor's services include comprehensive primary care, urgent care, behavioral health, dental services, specialty care, transgender health, women's health, prenatal care, veteran's health, chiropractic services, tele-health, and pharmacy.

3. Additional background regarding the Debtor, including an overview of the Debtor's business and additional events leading up to this Case, is set forth in the *Declaration of Isaac Lee, Chief Restructuring Officer, in Support of Debtor's Emergency First Day Motions* [Docket No. 7] (the "First-Day Declaration").

4. On September 26, 2022, the Office of the United States Trustee appointed the Committee. [Docket No. 49].

5. On September 13, 2022, the Court entered an order [Docket No. 16] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim, including claims by governmental units. The Bar Date order set a deadline of November 21, 2022, for proofs of claim and a deadline of March 13, 2023, for claims by governmental units.

**B. FACTS RELEVANT TO MOTION**

6. The Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

---

[1] All references to section or chapter herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Rules" are to the Federal Rules of Bankruptcy Procedure.

5

7. The Debtor listed in its Schedules of Assets and Liabilities Claimant's Scheduled Claim in the amount of $1,064.34 [See Docket No. 97, p. 58, Line 3.362]. The basis for the Scheduled Claim is: "Trade".

8. On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $1,064.34 and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9. On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10. Claimant did not file a cure objection prior to the Cure Objection Deadline. Lee Decl., at ¶ 1.

11. On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12. On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 559], which approved the Sale to DAP Health.

13. On July 31, 2023, the Sale closed, and the Agreement was assigned to DAP Health. To the extent any cure payment was owed, the Claimant was paid. Lee Decl., at ¶ 13.

6

DOCS_LA:351406.2 10283/002

## IV.    ARGUMENT

Bankruptcy Rule 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim.  Fed. R. Bankr. P. 3001(a).  Under Section 502(a) and Bankruptcy Rule 3001(f), a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim and is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f); *see Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); *In re So. Cal. Plastics, Inc.*, 165 F.3d 1243, 1247-48 (9th Cir. 1999); *In re Garner*, 246 B.R. 617, 620-21 (B.A.P. 9th Cir. 2000).  However, Bankruptcy Rule 3001(f) "operates merely as an evidentiary presumption that is rebuttable."  *In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006).

Section 502(b) provides:

> [I]f such objection to claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured, . . . .

11 U.S.C. § 502(b).  The effect of section 502(b)(1) "is to make available . . . any defense to a claim that might have been available to the debtor."  4 *Collier on Bankruptcy*, ¶ 502.03[2][b] (16th ed.).

*Prima facie* validity is not accorded to any and all proofs of claim filed against a debtor.  A claimant must establish by a preponderance of the evidence that its claim should be allowed.  *Lundell*, 223 F.3d at 1039.  The objecting party is not required to disprove the claim.  *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990).  The Bankruptcy Court has the power to "sift" the circumstances around any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate.  *Pepper v. Litton*, 308 U.S. 295, 304 (1939).

As stated in *In First Nat'l Bank of Fayetteville v. Circle J. Dairy Inc. (In re Circle J. Dairy, Inc.)*, 112 B.R. 297 (W.D. Ark. 1989):

DOCS_LA:351406.2 10283/002

> A claim, to be legally sufficient and, therefore, to be *prima facie* valid, under the Bankruptcy Rules, must:
> 1)    be in writing;
> 2)    make a demand on the debtor's estate;
> 3)    express the intent to hold the debtor liable for the debt;
> 4)    be properly filed;[2] and
> 5)    be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.
>
> Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The *prima facie* validity of the claim does not attach unless the claim is in compliance with the [Bankruptcy Rules], including Rule 3001, and set[s] forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

*Id.* at 299-300 (internal quotes and citations omitted) (emphasis added).

"Once a claim has been properly filed, the debtor or trustee has the burden of presenting sufficient evidence to rebut this *prima facie* validity." *Mulvania v. United States of America Internal Revenue Service (In re Mulvania)*, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997) (internal citations omitted). Once an objector raises "facts tending to defeat the claim by probative force equal to that of the allegations in the proofs of claims themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden revests in the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996) (citation omitted); *see In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000).

"[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623; *see Lundell*, 223 F.3d at 1039 (holding the same); *So. Cal. Plastics*, 165 F.3d at 1248; *Ankeny v. Meyer (In re Ankeny)*, 184 B.R. 64, 69 (B.A.P. 9th Cir. 1995). While the "burden of going forward is primarily a procedural matter pertaining to the

---

[2] A proof of claim will only be considered properly filed if it: (1) "conform[s] substantially to the appropriate Official Form," (2) is accompanied by any supporting documents, and (3) is timely filed. Fed R. Bankr. P. Rules 3001(a), (c), and 3003(c)(3); Official Form 10.

8

order of presenting evidence," the substantive burden of proof remains at all times upon the claimant. *Garvida*, 347 B.R. at 706; *Lundell*, 223 F.3d at 1039; *So. Cal. Plastics*, 165 F.3d at 1248. A claimant must establish by a preponderance of the evidence that its claim should be allowed. *Lundell*, 223 F.3d at 1039. The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990).

Here, the Scheduled Claim should be disallowed because the Agreement was assumed by DAP Health upon the closing of the Sale. To the extent a cure payment was owed, the Debtor paid the Claimant upon the closing of the Sale. All future obligations are now owed by DAP Health and the Debtor does not have any obligations under the Agreement. Accordingly, the Scheduled Claim should be disallowed in its entirety.

## V. **RESERVATION OF RIGHTS**

The Debtor and Committee expressly reserve their right to amend, modify, or supplement this Motion or file a new motion to assert additional objections to the Scheduled Claim or any other proofs of claim (filed or not) that may be asserted by the Claimant. Should the grounds for disallowance of the Scheduled Claim as stated in this Motion be deemed insufficient, the Debtor and the Committee reserve their right to object to the Scheduled Claim on any other grounds.

## VI. **CONCLUSION**

For the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtor and the Committee respectfully request that the Court enter an order (i) granting the Motion in its entirety, (ii) sustaining the Debtor's and Committee's objection to the Scheduled Claim and disallowing the Scheduled Claim in its entirety, and (iii) granting such other and further relief as is just and proper under the circumstances.

9

Dated: September 29, 2023

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By  */s/ Tania M. Moyron*
    Tania M. Moyron

Attorneys for the Chapter 11 Debtor and Debtor in Possession

Dated: September 29, 2023

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden

By  */s/ Steven W. Golden*
    STEVEN W. GOLDEN

Attorneys for the Official Committee of Unsecured Creditors

10

DOCS_LA:351406.2 10283/002

# DECLARATION OF ISAAC LEE

I, Isaac Lee, hereby state and declare as follows:

1. I am the Chief Restructuring Officer of Borrego Community Health Foundation ("Debtor").

2. I am a Managing Director at Ankura with more than 20 years of operational and financial restructuring experience. I have advised numerous companies on turnaround plan development and evaluation, liquidity improvement initiatives, asset dispositions, liability management and bankruptcy filing preparation. I have also assisted in managing and administering companies during this chapter 11 case. Additionally, I have prior experience with health care providers, including a nine surgical center system and had senior level responsibilities on two prior engagements where Ankura has been involved as Chief Restructuring Officer.

3. I received my MBA from the Tuck School at Dartmouth College and my BS in Business Administration from the University of Southern California.

4. I am knowledgeable and familiar with the Debtor's day-to-day operations, business, and financial affairs, restructuring efforts and the circumstances leading to the commencement of this chapter 11 case. Except as otherwise indicated herein, this declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtor or the Debtor's legal and financial advisors, or my opinion based upon my experience, knowledge, and information concerning the Debtor and the medical industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5. I make this declaration (the "Declaration") in support of the *Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Disallow Claim the Scheduled Claim of TPX Communications* (the "Motion") (unless otherwise defined herein, capitalized terms shall have the same meaning as

11

DOCS_LA:351406.2 10283/002

in the Motion). I incorporate by reference into this Declaration my *Declaration in Support of Emergency First Day Motions* [Docket No. 7].

6. The Debtor and the Claimant entered into a master services agreement (including all addendums and amendments, the "Agreement").

7. The Debtor listed in its Schedules of Assets and Liabilities Claimant's Scheduled Claim in the amount of $1,064.34 [See Docket No. 97, p. 58, Line 3.362]. The basis for the Scheduled Claim is: "Trade".

8. On January 16, 2023, the Debtor filed its *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 389], which listed the Claimant's Agreement with a cure amount of $1,064.34, and provided a cure objection deadline of February 13, 2023, at 5:00 p.m. (the "Cure Objection Deadline").

9. On January 27, 2023, the Debtor filed its *Supplement to Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned* [Docket No. 409], which reiterated the Cure Objection Deadline.

10. Claimant did not file a cure objection prior to the Cure Objection Deadline.

11. On February 16, 2023, the Debtor filed the *Notice of Executory Contracts and Unexpired Leases Designated by Desert Aids Project D/B/A DAP Health for Assumption and Assignment Re Debtor's Bidding Procedures and Sale Motion* [Docket No. 478], which included Claimant's Agreement.

12. On March 13, 2023, the Court entered the *Order (A) Authorizing the Sale of Property to Desert AIDS Project d/b/a DAP Health Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 559], which approved the Sale to DAP Health.

12

DOCS_LA:351406.2 10283/002

13. On July 31, 2023, the Sale closed, and the Agreement was assigned to DAP Health. To the extent any cure payment was owed, the Claimant was paid.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 29th day of September 2023, at Los Angeles, California.

*/s/ Isaac Lee*
Isaac Lee

13

DOCS_LA:351406.2 10283/002

CSD 2015 [05/01/23]

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on 29th day of September, 20 23, I served a true copy of this OBJECTION TO CLAIM AND NOTICE THEREOF, together with the following pleadings on the following persons listed below by the mode of service shown below:

Pleadings:    Objection to Claim and Notice Thereof; Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Disallow the Scheduled Claim of TPX Communications; Memorandum of Points and Authorities in Support Thereof; Declaration of Isaac Lee

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the documents) listed above will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☐  Chapter 7 Trustee:

☒  For Chpt. 7, 11, & 12 cases:  ☐  For Chapter 13 cases assigned to:  ☐  For Chapter 13 cases assigned to:
UNITED STATES TRUSTEE           THOMAS H. BILLINGSLEA, JR., TRUSTEE    MICHAEL KOCH, TRUSTEE
ustp.region15@usdoj.gov         Billingslea@thb.coxatwork.com          mkoch@ch13.sdcoxmail.com

---

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

CSD 2015 [05/01/23]

2. **Served by United States Mail**:

On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

3. **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under FRCP 5 and controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on September 29, 2023      /s/ Nancy H. Brown
(Date)                               (Typed Name and Signature) Nancy H. Brown
                                     10100 Santa Monica Blvd., Suite 1300
                                     (Address)
                                     Los Angeles, CA  90067
                                     (City, State, ZIP Code)

Case No: 22-02384

**1.  To be Served by the Court via Notice of Electronic Filing ("NEF"):**

- **Christine E. Baur**    christine@baurbklaw.com, admin@baurbklaw.com
- **Anthony Bisconti**    tbisconti@bklwlaw.com, admin@bienertkatzman.com;4579179420@filings.docketbird.com
- **Daren Brinkman**    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Shawn Christianson**    schristianson@buchalter.com, cmcintire@buchalter.com
- **Van C. Durrer**    van.durrer@skadden.com, rebecca.ritchie@skadden.com;andrea.bates@skadden.com;brigitte.travaglini@skadden.com
- **Anthony Dutra**    adutra@hansonbridgett.com, SSingh@hansonbridgett.com
- **William P. Fennell**    william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com;wpf@ecf.courtdrive.com;samantha.larimer@fennelllaw.com;naomi.cwalinski@fennelllaw.com;Hala.Hammi@fennelllaw.com
- **Christine M. Fitzgerald**    christine@thersfirm.com, maria@thersfirm.com;amy@thersfirm.com
- **Leslie Gardner**    leslie.gardner2@usdoj.gov, brenda.seyler@usdoj.gov;Efile.dkt.civ@usdoj.gov
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **David B. Golubchik**    dbg@lnbyg.com, dbg@ecf.inforuptcy.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, rzur@elkinskalt.com,cavila@elkinskalt.com,1648609420@filings.docketbird.com
- **Bernard M. Hansen**    bernardmhansen@sbcglobal.net
- **Haeji Hong**    Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov
- **Teddy Kapur**    tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com
- **Dean T. Kirby**    dkirby@fsl.law, jwilson@fsl.law
- **Kirsten Martinez**    kirsten.martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steve S Mattia**    steve@mattialaw.com
- **H. Mark Mersel**    mark.mersel@bclplaw.com, ginny.hamel@bryancave.com
- **Ali Mojdehi**    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com;melissa.turpin@btlaw.com;docketinglitin@btlaw.com
- **Tania M. Moyron**    tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com, scho@pszjlaw.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com;tkapur@pszjlaw.com;sgolden@pszjlaw.com, scho@pszjlaw.com
- **Michael B. Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Keith H. Rutman**    krutman@krutmanlaw.com
- **Olivia Scott**    olivia.scott3@bclplaw.com, theresa.macaulay@bclplaw.com
- **Gerald N. Sims**    jerrys@psdslaw.com, bonniec@psdslaw.com
- **Cheryl Skigin**    caskigin@earthlink.net, ca.ecf@aislegaltrac.com
- **Randye B. Soref**    rsoref@polsinelli.com
- **Susan C. Stevenson**    sstevenson@psdslaw.com, bonniec@psdslaw.com
- **Andrew B. Still**    astill@swlaw.com, kcollins@swlaw.com
- **Kelly Ann Mai Khanh Tran**    kelly@smalllawcorp.com, emma@smalllawcorp.com
- **United States Trustee**    ustp.region15@usdoj.gov
- **Kenneth K. Wang**    kenneth.wang@doj.ca.gov
- **Darin L. Wessel**    darin.wessel@doj.ca.gov
- **Helen Yang**    helen.yang@squirepb.com, helen-h-yang-8259@ecf.pacerpro.com;PHX_DCKT@squirepb.com