SAMUEL R. MAIZEL (SBN 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (SBN 235736)
tania.moyron@dentons.com
REBECCA M. WICKS (SBN 313608)
rebecca.wicks@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

Attorneys for Chapter 11 Debtor and Debtor In Possession

Jeffrey N. Pomerantz (Bar No. 143717)
Steven W. Golden (Admitted Pro Hac Vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Tel: 310 227 6910 / Fax: 310 201 0760
Email: jpomerantz@pszjlaw.com
       sgolden@pszjlaw.com

Attorneys to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION,<br><br>Debtor and Debtor In Possession. | Case No. 22-02384-11<br><br>Chapter 11 Case<br><br>**JOINT OPPOSITION BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CREDITORS DRP HOLDINGS, LLC, INLAND VALLEY INVESTMENTS, LLC, PREMIER HEALTHCARE MANAGEMENT, INC., AND PROMENADE SQUARE, LLC'S REQUEST FOR STATUS CONFERENCE**<br><br>Judge: Honorable Laura S. Taylor<br><br>Hearing:<br>Date:     December 6, 2023<br>Time:     9:30 a.m.<br>Location: Department 3 |

1

Borrego Community Health Foundation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee," and collectively with the Debtor, the "Plan Proponents") respectfully file this opposition (the "Opposition")[1] to *Creditors DRP Holdings, LLC, Inland Valley Investments, LLC, Premier Healthcare Management, Inc., and Promenade Square, LLC's Request for Status Conference* [Docket No. 1164] (the "Request"). In support of the Opposition, the Plan Proponents submit as follows:

## I.  OPPOSITION

The Request should be denied. The objections to the Solicitation Procedures Motion filed by the Premier Creditors and the Office of the United States Trustee are resolved by the Amended Plan.[2] As conceded by the Premier Creditors, the Amended Plan resolves the Premier Creditors' concerns by revising deadlines related to the Plan Supplement and Rule 3018 Motions. Yet, at the eleventh hour, and six days after the deadline to object to the Solicitation Procedures Motion, the Premier Creditors filed their Request to utilize the hearing on the Solicitation Procedures Motion to address issues that are not relevant to the Solicitation Procedures Motion, but instead relate to the treatment of the Premier Creditors' claims.[3] The Premier Creditors have the

---

[1] Capitalized terms not defined herein are ascribed the same meaning as in the Reply (as defined herein).

[2] As set forth in the *Joint Omnibus Reply to the Objections to the Joint Motion of the Debtor and the Official Committee of Unsecured Creditors for Entry of an Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Joint Disclosure Statement and Plan; (II) Approving Solicitation Packages and Procedures; (III) Approving the Form of Ballots; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Docket No. 1167] (the "Reply") filed in support of the *Joint Motion of the Debtor and the Official Committee of Unsecured Creditors for Entry of an Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Joint Disclosure Statement and Plan; (II) Approving Solicitation Packages and Procedures; (III) Approving the Form of Ballots; (IV) Setting Related Deadlines; and (V) Granting Related Relief* [Docket No. 1092] (the "Solicitation Procedures Motion").

[3] By way of background, the Debtor filed a complaint against the Premier Creditors prior to the petition date, which litigation is pending before the United States District Court of the Southern District of California (the "District Court"). *See Borrego Community Health Foundation v. Inland Valley, LLC, et al.*, Case No. 3:21-cv-01417-L-AGS (S.D. Cal.). The litigation concerns certain leases held by the Premier Creditors that the Debtor alleges were not entered into with the informed consent of the Debtor's Board of Trustees and are

2

opportunity to object to the Amended Plan, if they choose. Of course, the Plan Proponents will attempt to resolve open issues with the Premier Creditors prior to the objection deadline.

Alternatively, if the hearing on the Solicitation Procedures Motion is taken off calendar and the Court is inclined to grant the Request, the Plan Proponents request that the Court allow appearances by Zoom.

## II. CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Plan Proponents respectfully request that the Court (i) deny the Request and (ii) grant such other and further relief as the Court may deem just.

Dated: December 4, 2023

DENTONS US LLP
Samuel R. Maizel
Tania M. Moyron

By    */s/ Tania M. Moyron*
        Tania M. Moyron

Attorneys for the Chapter 11 Debtor and Debtor in Possession

Dated: December 4, 2023

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
Steven W. Golden

By    */s/ Steven W. Golden*
        Steven W. Golden

Attorneys for the Official Committee of Unsecured Creditors

---

substantially above fair market value, wherein the Debtor requests, among other things, reformation and recission of said leases based on fraud, and the Debtor continues to pursue this litigation in the District Court. In this case, the Premier Creditors filed proofs of claim in the aggregate amount of $13,808,407.18, which are designated as Claim Nos. 228, 230, 231, 232.

3